JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edmon Yohannes, et al., | No.   CV-24-02087-PHX-ROS (CDB) |
| Plaintiffs, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

**I.      Procedural History**

On June 11, 2024, Plaintiffs Edmon Yohannes, as the personal representative of the estate of Remon Yohannes, and Tesfai Haggmana, who are represented by counsel, filed a Complaint (Doc. 1-3 at 10-51)[1] in the Superior Court of Maricopa County, Arizona, against the State of Arizona, former Maricopa County Sheriff Paul Penzone, and various other Defendants.  On August 14, 2024, Defendant Penzone filed a Notice of Removal and removed the case to this Court.  On August 16, 2024, the State of Arizona filed a Joinder to Defendant Penzone's Notice of Removal.

**II.     Removal**

A state court defendant may remove to federal court any civil action brought in the state court over which the federal district courts would have original jurisdiction. 28 U.S.C. § 1441(a). In the Complaint, Plaintiffs allege, among other things, that Defendants violated

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

TERMPSREF

Remon Yohannes's Eighth and Fourteenth Amendment rights.  This Court's jurisdiction extends to such claims.  *See* 28 U.S.C. § 1331 (a federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States").  The Notice of Removal was filed within 30 days of Defendant Penzone being served.  Penzone states that "[d]ue to the varied dates of service and the due diligence required to verify proper service and obtain clients' consent to removal, not all Defendants can provide consent at this time.  Defendant Penzone expects that all defendants who have been properly joined and served will 'join in or consent to the removal of the action" pursuant to 28 U.S.C. § 1446(b)(2)(A).'"  It therefore appears this case was timely and properly removed.

**IT IS ORDERED:**

(1)   Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 81(c)(2) of the Federal Rules of Civil Procedure or within 14 days of the filing of this Order, whichever is later.

(2)   Plaintiffs must either serve each remaining unserved Defendant or seek a waiver of service for each Defendant.

    (a)   If Plaintiffs do not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Notice of Removal or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m).

    (b)   Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.  Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response,

or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(3)     This matter is referred to Magistrate Judge Camille D. Bibles pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

(4)     This matter is **assigned to the standard track** pursuant to Rule 16.2(b)(3) of the Local Rules of Civil Procedure.

Dated this 19th day of August, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge

TERMPSREF