**GRASSO**
— LAW FIRM —

3075 West Ray Road, Suite 110
Chandler, Arizona 85226
(480) 739-1200

Robert Grasso, Jr., Bar No. 015087
Pari K. Scroggin, Bar No. 015288
rgrasso@grassolawfirm.com
pscroggin@grassolawfirm.com
minuteentries@grassolawfirm.com
   Attorneys for Defendant Building Blocks
   Counseling, LLC d/b/a Axiom Care

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edmon Yohannes, as Personal Representative of and on behalf of The Estate of Remon Yohannes; and Tesfai Haggmana,<br><br>                    Plaintiffs,<br>vs.<br><br>State of Arizona, a governmental entity; Maricopa County, a governmental entity; City of Phoenix, a governmental entity, et al.,<br><br>                    Defendants. | Case No. 2:24-cv-02087-ROS-CDB<br><br>**JOINT REPORT OF PLAINTIFFS AND AXIOM DEFENDANTS** |

Pursuant to the Court's Orders [Doc. 26 and 31], the Plaintiffs and Defendant Building

Blocks Counseling, LLC d/b/a Axiom Care ("Axiom Care") submit the following Joint

Report to the Court, as follows:

1

**A.   The nature of the case: the factual and legal basis of Plaintiffs' claims and Defendant's defenses**

This lawsuit is in its very early stages. Plaintiffs filed suit under the Civil Rights Act (42 U.S.C. § 1983, 8th and 14th Amendment violations) and wrongful death, including a survival action, alleging negligence and gross negligence for the death of thirty-year-old, Remon Yohannes ("Remon"). Plaintiffs allege that Remon died from the actions or failure to act of the Defendants in relation to the duties undertaken by Defendants to provide medical treatment and keep Remon secure to prevent him from obtaining drugs – from his time with the Arizona Department of Corrections, his time with Axiom Care and its employees, his time with the City of Phoenix Police Department and both Maricopa County Sheriff's Office and Maricopa County Correctional Healthcare Services.

**B.   The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions**

Because the lawsuit is in its very early stages, Plaintiffs and Axiom Care cannot make this determination at this time. Axiom Care denies negligence.

**C.   The jurisdictional basis of the case citing specific jurisdictional statutes**

Jurisdiction is based on the Notice of Removal [Doc. 1] filed by Defendant Maricopa County Sheriff Paul Penzone, pursuant to 28 U.S.C. § 1331, § 1441(c), § 1446(a) and (b)(3).

**D.     The parties, if any, that have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared**

Numerous parties have been served but not yet appeared. [Docs. 12, 15, 17, 24, 29, and 46.] Further, Plaintiffs and Axiom Care has discussed the necessity of whether Axiom Care's individually name Defendants need to be served in this matter and the issue is pending for approval of Plaintiffs on how to proceed.

**E.     Whether there are dispositive or partially dispositive issues to be decided by pretrial motions**

Yes, all parties (once involved in the litigation) intend to file dispositive or partially dispositive issues by motion after discovery is conducted.

**F.     The status of related cases pending before other judges of this court or before other courts**

None (other than the removal from Maricopa County Superior Court. [Doc. 1]

**G.     A statement of when initial disclosures were made or will be made, or any proposed changes in the requirements for initial disclosures set forth in Rule 26(a), Federal Rules of Civil Procedure**

Because the lawsuit is in its very early stages, Plaintiffs and Axiom Care cannot make this determination at this time. They propose this is decided after the other parties file their responsive pleadings.

**H.     Proposed deadlines for**:

(1)     filing motions to amend pleadings and motions to join additional parties;

*See* Section D above concerning additional parties that will appear.

3

(2) disclosure of expert testimony under Rule 26(a)(2), Federal Rules of Civil Procedure and for completing expert witness depositions;

Because the lawsuit is in its very early stages, Plaintiffs and Axiom Care cannot make this determination at this time. They propose this is decided after the other parties file their responsive pleadings.

(3) completing written discovery and the deposition of fact witnesses;

Because the lawsuit is in its very early stages, Plaintiffs and Axiom Care cannot make this determination at this time. They propose this is decided after the other parties file their responsive pleadings.

(4) disclosure of Electronically Stored Information ("ESI");

Because the lawsuit is in its very early stages, Plaintiffs and Axiom Care cannot make this determination at this time. They propose this is decided after the other parties file their responsive pleadings.

(5) filing dispositive motions;

Because the lawsuit is in its very early stages, Plaintiffs and Axiom Care cannot make this determination at this time. They propose this is decided after the other parties file their responsive pleadings.

(6) conducting good faith settlement negotiations.

Because the lawsuit is in its very early stages, Plaintiffs and Axiom Care cannot make this determination at this time. They propose this is decided after the other parties file their responsive pleadings.

**I.       Estimated length of trial:**

Because the lawsuit is in its very early stages, Plaintiffs and Axiom Care cannot make this determination at this time. They propose this is decided after the other parties file their responsive pleadings.

**J.       Whether a jury trial has been requested**

Yes, a jury trial has been requested.

**K.      The prospects for settlement and whether any party wishes to have a settlement conference with another Magistrate Judge**

Because the lawsuit is in its very early stages, Plaintiffs and Axiom Care cannot make this determination at this time. They propose this is decided after the other parties file their responsive pleadings. If the parties do not agree to private mediation, the parties will timely request a Settlement Conference in the future.

**L.      Any unusual, difficult, or complex problems affecting the conduct of the case**

Because the lawsuit is in its very early stages, Plaintiffs and Axiom Care are not aware of any issues, at this time.

**M.      Any other matters which will aid the Court and the parties in resolving this case in a just, speedy, and inexpensive manner as required by Rule 1, Federal Rules of Civil Procedure**

Because the lawsuit is in its very early stages, Plaintiffs and Axiom Care are unaware of any issues, at this time. They propose this is addressed further after the other parties file their responsive pleadings.

# CERTIFICATION OF PERSONAL CONSULTATION

Pursuant to LRCiv 7.2(j), counsel for Plaintiffs and Axiom Care participated in the telephonic conference and personal consultation on August 26, 2024 to address the issues related to the Joint Report.

RESPECTFULLY SUBMITTED this 16th day of October, 2024.

| MILLS + WOODS LAW, PLLC | GRASSO LAW FIRM, P.C. |
|---|---|
| By: /s/ Sean A. Woods w/permission<br>Sean A. Woods<br>Robert T. Mills<br>5055 N. 12th Street, Suite 101<br>Phoenix, Arizona 85014<br>Attorneys for Plaintiffs | By: [signature]<br>Robert Grasso, Jr.<br>Pari K. Scroggin<br>3075 West Ray Road, Suite 110<br>Chandler, Arizona 85226<br>Attorneys for Defendant Building Blocks Counseling, LLC d/b/a Axiom Care |

# CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October, 2024, I caused this document to be electronically transmitted to the Clerk's office, using the CM/ECF system for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Sean A. Woods
Robert T. Mills
**MILLS + WOODS LAW, PLLC**
5055 N. 12th Street, Suite 101
Phoenix, Arizona 85014
swoods@millsandwoods.com
docket@millsandwoods.com
    Attorneys for Plaintiffs

| | |
|---|---|
| 1 | Sean Healy |
|   | Jay Rademacher |
| 2 | **LEWIS BRISBOIS BISGAARD & SMITH, LLP** |
|   | Phoenix Plaza Tower II |
| 3 | 2929 N. Central Ave., #1700 |
|   | Phoenix, Arizona 85012 |
| 4 | sean.healy@lewisbrisbois.com |
|   | Jay.rademacher@lewisbrisbois.com |
| 5 | Attorneys for Defendants State of Arizona |

Rachel H. Mitchell
Maricopa County Attorney
Kim Chamberlain
Charles Trulllinger
Deputy County Attorneys
**MARICOPA COUNTY ATTORNEY'S OFFICE**
Civil Services Division
225 W. Madison Street
Phoenix, Arizona 85003
Ca-civilmailbox@mcao.maricopa.gov
Attorneys for Defendant Sheriff Paul Penzone

Jody C. Corbett
**OFFICE OF THE CITY ATTORNEY**
200 W. Washington, Suite 1300
Phoenix, Arizona 85003
Law.civil.minute.entries@phoenix.gov
Attorney for Defendant City of Phoenix

Christopher Berry
**BERRY LAW GROUP**
1850 N. Central Ave., #1025
Phoenix, Arizona 85004
cberry@berrylawgroup.com
Attorneys for Defendant Correctional Health Services

James M. Jellison
**JELLISON LAW OFFICES, PLLC**
18801 N. Thompson Peak Parkway, Ste. D235
Scottsdale, Arizona 85255
jim@jellisonlaw.com
Attorney for Defendant Robin Avalos

By: /s/ Donna Ross – dross@grassolawfirm.com