OFFICE OF THE CITY ATTORNEY
JULIE M. KRIEGH, City Attorney, Bar No. 021175
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
Telephone (602) 262-6761
law.civil.minute.entries@phoenix.gov

Jody C. Corbett, Bar No. 019718
Assistant City Attorney
*Attorneys for Defendants City of Phoenix,*
   *Sullivan and Villegas*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Edmon Yohannes, et al. | Case No. 2:24-cv-02087-ROS--CDB |
| Plaintiffs, | **CITY DEFENDANTS' MOTION TO DISMISS** |
| Arizona, State of, et al., | |
| Defendants. | |

Pursuant to A.R.S. § 12-820.04, A.R.S. § 12-821.01 and Fed. R. Civ. P. 12(b)(6), Defendants City of Phoenix, Chief Michael Sullivan, and Officer Michael Villegas ("City Defendants"), through undersigned counsel, move to dismiss Plaintiffs Edmon Yohannes and Tesfai Haggmana's ("Plaintiffs") Complaint against them with prejudice on the basis that (1) Plaintiffs fail to state facts to support of their only claim against the City Defendants—gross negligence under Arizona law; (2) Plaintiffs' claims against Defendant Officer Villegas are barred by the notice of claim statute, A.R.S. § 12-821.01, because they failed to properly file a notice of claim with Officer Villegas; (3) Plaintiffs cannot bring a claim for punitive damages against any of the City Defendants under state law, nor can they bring a claim for punitive damages against Defendant City of Phoenix under federal law; and (4) to the extent Plaintiffs

1

intend to assert any claims against the City Defendants under federal law, their Complaint fails to state a claim upon which relief can be granted.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs allege in their Complaint that the numerous defendants in this case caused the death of decedent Ramon Yohannes on October 14, 2023, while he was in the custody of the Maricopa County Sheriff's Office. (Doc. 1-3, pp. 10-29, ¶¶ 55-300). In the Complaint, the only allegations of any actions or inactions by the City Defendants took place on October 12, 2023—two days before the decedent's death. (Doc. 1-3, pp. 15-16, ¶¶ 110-126).

Specifically, the only allegation Plaintiffs make regarding Officer Villegas is that he "marked 'no' to the question 'Has the patient shown any sign of acute substance use effects or withdrawal while in custody, such as hallucinations, tremors, sweats, N/V/D, or excessive sedation?'" and that he marked that Remon Yohannes "does suffer from a medical condition." (Doc. 1-3, pp. 15-16, ¶¶ 121, 123). However, there are no allegations demonstrating that Officer Villegas took these actions despite having knowledge to the contrary about Remon Yohannes medical condition. Indeed, in the proposed First Amended Complaint filed by Plaintiffs on October 18, 2024, Plaintiffs have revised the specific allegations regarding Officer Villegas to state only that Officer Villegas was listed as the arresting officer in the police report and that he should have called EMTs or the Fire Department to check on Remon Yohannes (*see* Doc 49-1, ¶¶ 121-129) even though the allegations just before that in the original Complaint and proposed First Amended Complaint are that Officer Villegas should have taken actions to provide medical treatment to Remon Yohannes **while he was being assessed by a medical professional at the jail**. (Doc. 1-3, pp. 15-16, ¶¶ 119-122; Doc. 49-1, ¶¶ 121-125). The only other allegation is a vague legal conclusion that Officer Villegas'

"actions and inactions in failing to observe Remon's clear symptoms contributed to Remon's deteriorating health and [] eventual death." (Doc. 1-3, p. 30, ¶ 320).[1]

The only allegation against Chief Michael Sullivan in the Complaint is the broad legal conclusion that he is "responsible for the actions of his employees and ensuring that his employees adhere to strict methodologies when performing tasks as simple as observation of a detainee." (Doc. 1-3, p. 42, ¶ 342). The only allegations against the City of Phoenix are that it is vicariously liable for the actions and inactions of its employees, including Officer Villegas. (Doc. 1-3, pp. 17, 42, 45, ¶¶ 46, 343, 363). There are no factual allegations in the Complaint demonstrating any claims of direct liability against Chief Sullivan or the City of Phoenix.

Plaintiffs filed their original Complaint in Maricopa County Superior Court on June 11, 2024. (Doc. 1-3, pp. 10-51). Defendant City of Phoenix was served on July 15, 2024. (Doc. 1-3, p. 53). This case was removed to this Court on August 14, 2024. (Doc. 1). Defendants Michael Sullivan and Michael Villegas waived service on September 26, 2024. (Docs. 32, 33). The only claims specifically asserted against the City Defendants in the Complaint are (1) Count One – Wrongful death and survival; and (2) Count Two – Gross Negligence. (Doc 1-3, pp. 33-37, ¶¶ 344-377). Both of these claims are made under Arizona state law. As set forth below, Plaintiff fails to state a claim upon which relief can be granted as to both of these claims against all of the City Defendants.

II.  **LEGAL ARGUMENT**

    A.  **Plaintiffs Fail to State Facts to Support a Claim against the City Defendants.**

Under federal law, to state a claim upon which relief can be granted, a complaint must contain sufficient factual allegations to support the claims asserted and not just "[t]hreadbare

---

[1] There is another allegation in the Complaint that specifically mentions Officer Villegas, which is that he and others failed "to maintain custody and control and allow Remon to disappear multiple times." (Doc. 1-3, p. 43, ¶ 350). However, this allegation makes no sense as to Officer Villegas (or the City and Chief Sullivan) because Officer Villegas **did** arrest Plaintiff two days before his death and **did** keep him in custody before Remon was transported to jail.

recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor does a complaint suffice if it tenders "naked assertion[s] devoid of 'further factual enhancement.'" *Id.* (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "As a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996). Causes of action that fail to state a claim upon which relief can be granted are subject to dismissal under Fed. R. Civ. P. 12(b)(6). The two causes of action Plaintiffs specifically state they are asserting against the City Defendants in their Complaint fail to set forth sufficient facts to state a claim upon which relief can be granted and should be dismissed.[2]

To state a claim for gross negligence under Arizona law, a plaintiff must allege facts demonstrating that the defendant acted or failed to act when he or she had "reason to know facts which would lead a reasonable person to realize that his or her conduct not only creates an unreasonable risk of bodily harm to others but also involves a high probability that substantial harm will result." *Walls v. Arizona Dep't of Pub. Safety*, 170 Ariz. 591, 595, 826 P.2d 1217, 1221 (App. 1991). "Gross negligence differs from ordinary negligence in quality and not degree." *Id.* Gross negligence "is flagrant and evinces a lawless and destructive spirit." *Id.*, *quoting Scott v. Scott*, 75 Ariz. 116, 122, 252 P.2d 571, 575 (1953). Without

---

[2]Even though Plaintiffs assert two separate causes of action for wrongful death and gross negligence, a claim for wrongful death is not a separate tort claim, but is a statutory vehicle for bringing claims on behalf of a decedent that he or she could have brought before his or her death. *See Aranda v. Cardenas*, 215 Ariz. 210, 216, ¶ 19, 159 P.3d 76, 82 (App. 2007). Thus, because Plaintiffs fail to state a claim for gross negligence, they likewise fail to state a claim for wrongful death.

4

allegations of such flagrant conduct, no reasonable jury can find gross negligence and the defendant is entitled to dismissal of the claim. *See Badia v. City of Casa Grande*, 195 Ariz. 349, 358, ¶ 33, 988 P.2d 134, 143 (App. 1999) (holding that the plaintiff's claim for gross negligence was properly dismissed because there was no evidence that the defendant officers acted or failed to act knowing that their actions "created an unreasonable risk of bodily harm" to the decedent and "a reasonable trier of fact could not find that defendants' alleged acts or omissions proximately caused [the decedent's] death"). Whether a claim for gross negligence can proceed is an issue of law that can be determined by the court. *Walls*, 170 Ariz. at 595, 826 P.2d at 1221. In *Walls*, the court held that the issue of gross negligence may be withdrawn from the jury "when no evidence is introduced that would lead a reasonable person to find gross negligence." *Id.* In this case, there are no allegations in the Complaint suggesting that Officer Villegas acted flagrantly, with a lawless and destructive spirit or knowing that his conduct created an unreasonable risk of bodily harm to Remon Yohannes. The only allegation is that Officer Villegas checked a box on an intake form for the jail and indicated that Plaintiff had a medical condition.[3] The fact that Plaintiffs sprinkle the terms "reckless," "grossly negligent" and "gross and wanton negligence" throughout the Complaint is not sufficient since these legal terms are not supported by factual allegations. Therefore, Plaintiff has failed to state a claim upon which relief can be granted against the City Defendants for gross negligence and this claim should be dismissed.

To the extent Plaintiffs are attempting to assert a claim against Chief Sullivan, and/or the City for grossly negligent supervision, they fail to state any facts to support such a claim.

---

[3]Notably Plaintiffs are not bringing a claim for simple negligence against the City Defendants because they likely realized that various immunities under statute and common law would apply to preclude such claims. *See* § 9-500.02(A) (providing that cities and their employees are immune from liability for simple negligence for any act or omission in providing emergency medical treatment); A.R.S. § 12-820.05(A) and *Spooner v. City of Phoenix*, 246 Ariz. 119, 123, ¶ 9, 435 P.3d 462, 466 (App. 2018) (providing that common law qualified immunity from simple negligence provides public officials protection from liability when they perform an act that requires them to exercise judgment or discretion). However, the only acts and omissions that they are alleging by Officer Villegas would arguably only be considered as simple negligence and not gross negligence.

5

To state a claim for negligent supervision, a plaintiff must allege facts showing that an employer had reason to know that its employee would commit misconduct and failed to supervise him. *Kuehn v. Stanley*, 208 Ariz. 124, 130, ¶ 21, 91 P.3d 346, 352 (App. 2004); *Boomer v. Frank*, 196 Ariz. 55, 60, ¶ 20, 993 P.2d 456, 461 (App. 1999). There are no facts alleged in Plaintiffs' Complaint of any prior misconduct by Officer Villegas or any other City of Phoenix employee. Indeed, there are no specific allegations at all regarding what Plaintiffs claim Chief Sullivan or the City should have done to better supervise any City employees, let alone grossly negligent supervision. Therefore, Plaintiffs' Complaint fails to state a claim for gross negligence or gross negligence in the supervision of employees.

### B.  Punitive Damages Cannot Be Awarded Against the City Defendants Under Arizona Law or Against the City of Phoenix Under Federal Law.

Under A.R.S. § 12-820.04, "[n]either a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages." Therefore, Plaintiffs cannot recover punitive damages for their only claims against the City Defendants, which are made under Arizona state law. Further, to the extent Plaintiffs are attempting to assert any federal claims against the City Defendants, punitive damages are not recoverable against the City of Phoenix and Chief Sullivan and Officer Villegas in their official capacities under federal law. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that punitive damages are not recoverable under 42 U.S.C. § 1983 against municipalities or individual government officials in their official capacity"). Therefore, Plaintiffs' claim for punitive damages against the City Defendants should be dismissed.

### C.  Plaintiffs' Claims Against Officer Villegas Must be Dismissed Because Plaintiffs Did Not Properly File a Notice of Claim With Him.

The Arizona notice of claim statute specifically provides:

> Persons who have claims against a public entity **or a public employee** shall file claims with the person or persons authorized to accept service for the public entity or public employee . . . within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis on which liability is claimed. The claim

6

shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. **Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon**.

A.R.S. § 12-821.01(A) (emphasis added). "These statutory requirements serve several important functions: They 'allow the public entity to investigate and assess liability, . . . permit the possibility of settlement prior to litigation, and . . . assist the public entity in financial planning and budgeting.'" *Backus v. State*, 220 Ariz. 101, ¶ 10, 203 P.3d 499, 502 (2009), *quoting Deer Valley Unified School District No. 97 v. Houser*, 214 Ariz. 293, 295, ¶ 6, 152 P.3d 490, 492 (App. 2007) (emphasis added). "Actual notice and substantial compliance do not excuse failure to strictly comply with the statutory requirements of A.R.S. § 12-821.01(A)." *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527, ¶ 10, 144 P.3d 1254, 1256 (2006); *Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 62, ¶ 23, 234 P.3d 623, 630 (App. 2010) ("[S]trict compliance with A.R.S. § 12-821.01(A) is required and substantial compliance is insufficient.").

A cause of action accrues for purposes of A.R.S. § 12-821.01, "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B). If a plaintiff fails to comply with any of the requirements of A.R.S. § 12-821.01, his or her claims are barred. A.R.S. § 12-821.01; *Deer Valley*, 214 Ariz. at 295, ¶ 6, 152 P.3d at 492. "Public entities in Arizona are not duty-bound to assist claimants with statutory compliance." *Yahweh v. City of Phoenix*, 243 Ariz. 21, 23, ¶ 12, 400 P.3d 445, 447 (App. 2017), *citing Backus v. State*, 220 Ariz. 101, 107 ¶ 28, 203 P.3d 499, 505 (2009). "Rather, a claimant must strictly comply with § 12–821.01, and '[c]ompliance with this statute is not difficult.'" *Id., quoting Deer Valley*, 214 Ariz. at 296, ¶ 9, 152 P.3d at 493.

Under A.R.S. § 12-821.01, to perfect a claim against an individual public employee, a claimant must **personally serve** a notice of claim on a public employee before filing a lawsuit based on that claim. *See Stulce v. Salt River Project Agr. Imp. & Power Dist.*, 197 Ariz. 87, 94, 3 P.3d 1007, 1014 (App. 1999). To properly serve an individual public employee with a

7

notice of claim the claimant has to "deliver a notice of claim to the officer personally, an individual of suitable age and discretion residing with the officer, or the officer's appointed agent." *Simon*, 225 Ariz. at 61 ¶ 20, 234 P.2d at 629, *citing* A.R.S. § 12–821.01(A), Ariz. R. Civ. P. 4.1(d). Therefore, in order to bring a lawsuit against Officer Villegas under Arizona law, Plaintiffs needed to comply with these requirements of service pursuant to A.R.S. § 12-821.01.

In this case, Plaintiffs did not properly serve a notice of claim on Officer Villegas. (*See* Declaration of Michael Villegas, dated October 25, 2024, ¶¶ 5-7, attached hereto as Exhibit 1). While Plaintiffs mailed a copy of the Notice of Claim to the City and Officer Villegas eventually saw it (s*ee* Exhibit 1, ¶ 4), this was not sufficient service on Officer Villegas. Arizona courts are clear that an individual cannot be served with a notice of claim pursuant to A.R.S. § 12-821.01 by service on another government employee or office, unless the individual has appointed that employee or office as his agent for service. Officer Villegas has not appointed any other City of Phoenix employee as an agent for service of process. (*See* Exhibit 1, ¶¶ 6-7). Thus, as a matter of law, any and all claims Plaintiffs are attempting to allege against Officer Villegas under Arizona law are barred by A.R.S. § 12-821.01, and should be dismissed.

     **D.**    **To the Extent Plaintiffs Intend to Assert a Federal Claim Against the City Defendants, their Complaint fails to State a Claim upon which Relief can be Granted.**

Plaintiffs do not specifically state that they are bringing claims under federal law against the City Defendants. However, they make the broad, sweeping allegation against all "Defendants" in general that "[t]he individual defendants' actions are a direct result of reckless apathy and the intentional deprivation of rights afforded to Remon by the Arizona and United States Constitution." (Doc. 1-3, p. 12; *see also*, pp. 18-19, ¶¶ 51-53). To the extent that Plaintiffs are intending to bring a claim against any of the City Defendants under 42 U.S.C. §

1983 for violation of Remon Yohannes constitutional rights, the Complaint fails to state a claim upon which relief can be granted.

First, to state a claim against an individual government employee, there must be facts alleged to demonstrate that the employee violated a constitutional right. "A person subjects another to the deprivation of a constitutional right, within the meaning of [42 U.S.C. § 1983], if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007). A police officer cannot be held liable under Section 1983 simply because of the officer's "membership in a group without a showing of individual participation in the unlawful conduct." *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002); *see also Motley v. Parks*, 432 F.3d 1072, 1082 (9th Cir. 2005); *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). In their Complaint, Plaintiffs have failed to allege any actions by Officer Villegas that would constitute a violation of Remon Yohannes constitutional rights.

Further, even if the Complaint did allege facts to show the violation of a constitutional right, Officer Villegas is entitled to qualified immunity. The United States Supreme Court has held that "[q]ualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 580 U.S. 73, 78-79 (2017) (internal quotation marks omitted). A right is clearly established when it is "sufficiently clear that **every** reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (emphasis added and internal quotation marks omitted). Qualified immunity thus protects "all but the plainly incompetent or those who knowingly violate the law." *Rico v, Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020), *quoting Dist. of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). The plaintiff bears the burden of proof to show that a right was clearly established. *Shooter v.*

9

*Arizona*, 4 F.4th 955, 961 (9th Cir. 2021). Thus, unless Plaintiffs can show that Officer Villegas violated clearly established law under these specific circumstances, then qualified immunity applies.

Although "[the United States Supreme] Court's case law 'do[es] not require a case directly on point' for a right to be clearly established, 'existing precedent must have placed the statutory or constitutional question **beyond debate**.'" *White*, 580 U. S. at 79 (emphasis added and internal quotation marks omitted). This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (internal quotation marks omitted). In analyzing whether rights are clearly established, the Court must look to then-existing "cases of controlling authority" or, absent such cases, to a "robust consensus" of persuasive authorities. *City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 617 (2015); *Evans v. Skolnik*, 997 F.3d 1060, 1066 (9th Cir. 2021). The court must consider whether "the violative nature of [the defendant's] **particular** conduct is clearly established . . . in light of the **specific context** of the case.'" *Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020), *quoting Hamby v. Hammond*, 821 F.3d 1085, 1091 (9th Cir. 2016)). The United States Supreme Court has insinuated that constitutional rights can only be clearly established with on-point Supreme Court precedent and that controlling Circuit precedent is not sufficient to demonstrate clearly established law. *See Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5-8 (2021). Plaintiffs bear the burden of demonstrating that a right was clearly established prior to the claimed unlawful conduct by the officer. *See McCrae v. City of Salem*, 2023 WL 2447438, at *5 (D. Or. Mar. 10, 2023). Therefore, to demonstrate that any right of Remon Yohannes' that Plaintiffs claim was violated in this case was clearly established, Plaintiffs must cite on-point Supreme Court precedent, or at a minimum, a "robust consensus" of controlling Circuit precedent, which they cannot do here. Plaintiffs fail to even identify a constitutional right that they claim Officer Villegas alleged violated. Thus, to the

10

extent Plaintiffs are attempting to assert a federal claim against Officer Villegas, he is entitled to qualified immunity because Plaintiffs have not met their burden of demonstrating that Officer Villegas violated Remon Yohannes clearly established constitutional rights.

To bring a constitutional claim against a municipality under 42 U.S.C. § 1983, as opposed to an individual government employee, a plaintiff must allege that the policy, practice, or custom caused the alleged injury. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694–95 (1978). A claim against an individual government official in his official capacity is the same as a suit against the government entity itself. *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). To assert a claim under *Monell,* a plaintiff must allege that (1) he was deprived of a constitutional right; (2) the municipality had a policy, practice or custom; (3) the policy, practice or custom amounted to deliberate indifference to his constitutional right; and (4) the policy, practice or custom was the moving force behind the constitutional violation. *Lockett v. Cnty. of L.A.*, 977 F.3d 737, 741 (9th Cir. 2020); *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). In this case, Plaintiffs fail to allege any facts in their Complaint to demonstrate that a policy, practice, or custom of the City caused a violation of his constitutional rights.

To the extent Plaintiffs are seeking to assert a claim against Chief Sullivan in his individual capacity, they have likewise failed to state a claim upon which relief can be granted. To assert a claim under 42 U.S.C. § 1983 against a supervisory officer, such as a police chief, a plaintiff must allege facts demonstrating that the supervisory officer was either personally involved in the constitutional deprivation or that a "sufficient causal connection" exists between the supervisor's alleged wrongful conduct and the constitutional violation. *Keates v. Koile*, 883 F.3d 1128, 1242-43 (9th Cir. 2018) (emphasis added and internal quotations

omitted). "At the most basic level of formulation, our law requires an 'affirmative link' between the constitutional violation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010) (collecting cases and analyzing various bases for supervisory liability) (cited in *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). In this case, Plaintiffs have failed to allege any facts in their Complaint demonstrating that Chief Sullivan had any personal participation in the alleged violations of Remon Yohannes constitutional rights or that he took any action to direct any alleged violations of rights.

For these reasons, to the extent Plaintiffs are attempting to assert any claim against the City Defendants under federal law, their Complaint fails to state a claim upon which relief can be granted.

## III.  CONCLUSION

For the reasons set forth above, the City Defendants respectfully request that Plaintiffs' Complaint against them be dismissed in its entirety with prejudice.

## IV.  CERTIFICATION PURSUANT TO LRCIV 12.1(c)

Undersigned counsel for the City Defendants certifies to the Court that before filing this Motion, she met and conferred with counsel for Plaintiffs by e-mail and telephone regarding the bases on which the City Defendants would be seeking to dismiss the Complaint. The parties were unable to agree that the Complaint was curable in any part by a permissible amendment at this time.

RESPECTFULLY SUBMITTED this 28th day of October, 2024.

JULIE M. KRIEGH, City Attorney

By: s/ Jody C. Corbett
    Jody C. Corbett
    Assistant City Attorney
    *Attorneys for Defendants City of Phoenix, Sullivan and Villegas*

# CERTIFICATE OF SERVICE

I hereby certify that on the October 28, 2024, I caused the foregoing document to be electronically transmitted to the Clerk's office, using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Sean A. Woods
Robert T. Mills
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

Kim Chamberlain
Charles Trullinger
**MARICOPA COUNTY ATTORNEY – CIVIL SERVICES DIVISION**
225 West Madison Street
Phoenix, Arizona 85003
Kim.Chamberlain@mcao.maricopa.gov
trullinc@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
*Attorneys for Paul Penzone*

Christopher Berry
**BERRY LAW GROUP, PPLC**
1850 N. Central Avenue, Ste 1025
Phoenix, AZ 85004
cberry@berrylawgroup.com
*Attorneys for Maricopa County*

Sean Healy
Jay Rademacher
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Sean.Healy@lewisbrisbois.com
Jay.Rademacher@lewisbrisbois.com
*Attorneys for State of Arizona*

OFFICE OF THE CITY ATTORNEY
200 W. Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

OFFICE OF THE CITY ATTORNEY
200 W. Washington Street, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

James Jellison
**JELLISON & ROBENS, PLLC**
18801 N. Thompson Peak Parkway, Ste D235
Scottsdale, AZ 85255
jim@jrlawaz.com
*Attorneys for Robin Avalos*

Pari K. Scroggin
**GRASSO LAW FIRM**
2250 East Germann Road, Ste 10
Chandler, AZ 85286
pscroggin@grassolaw.com
*Attorneys for Building Blocks Counseling, LLC*

By:   s/ Jody C. Corbett