**LEWIS BRISBOIS BISGAARD & SMITH LLP**
SEAN P. HEALY, SB #018393
Sean.Healy@lewisbrisbois.com
JAY R. RADEMACHER, SB #024823
Jay.Rademacher@lewisbrisbois.com
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
*Attorneys for Defendants State of Arizona,
Mark Guerra, Yesenia Sambrano, and Allison Slaton*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Edmon Yohannes, et al.,<br><br>    Plaintiffs,<br><br>Arizona, State of, et al.,<br><br>    Defendants. | Case No. 2:24-cv-02087-ROS--CDB<br><br>**DEFENDANTS STATE OF ARIZONA, MARK GUERRA, YESENIA SAMBRANO, AND ALLISON SLATON'S MOTION TO DISMISS** |

Defendants Mark Guerra, Yesenia Sambrano, Allison Slaton, and the State of Arizona (collectively State Defendants) hereby move the Court to dismiss them from Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Motion is made and based upon the following Memorandum of Points and Authorities, FRCP 12(b)(6), the pleadings and papers on file herein, and any oral argument or evidence the Court permits at the hearing on this Motion, if one. The Parties were unable to resolve this matter through their meet and confer.

144376876.1

## I. Introduction

The State Defendants respectfully move this Court to dismiss it from Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This motion is grounded in the absence of any legal duty owed by the State and its employees, named Defendants Mark Guerra, Yesenia Sambrano, and Allison Slaton to the Plaintiff, the lack of factual support for a claim of gross negligence, and the clear immunity afforded to the State Defendants under Arizona law. Plaintiff's Amended Complaint fails to present any plausible allegations that the State Defendants acted with gross negligence or breached any legal duty to the Plaintiff. Since the State's liability is predicated solely on respondeat superior, it must be dismissed because the claims against its employees are factually insufficient.

Plaintiff's Amended Complaint stems from a series of events leading to the death of Parolee Remon Yohannes. However, Plaintiff fails to establish a direct connection between the actions or inactions of Defendants Mark Guerra, Yesenia Sambrano, and Allison Slaton, all employees of the Arizona Department of Corrections ("ADOC"), and the death of Parolee Yohannes. The Amended Complaint seeks to hold State Defendants accountable for events that occurred long after the State Defendants' involvement with Parolee Yohannes had ended—events that were unforeseeable and beyond the control of the State Defendants.

Plaintiff's claims rest on the unfounded allegation that the State Defendants engaged in gross negligence. Yet, Arizona law requires a showing of gross negligence that involves a reckless disregard for the safety of others, far exceeding ordinary negligence or mere omissions. The Amended Complaint does not come close to meeting this demanding standard. There are no allegations that the State Defendants' conduct created a high probability of substantial harm or showed a reckless indifference to Parolee Yohannes's safety. Furthermore, the State and its employees are unequivocally protected by immunity under Arizona law for their discretionary decisions concerning Parolee Yohannes's supervision, including any actions related to arrests, warrants, or custody.

Given Plaintiff's failure to allege any facts that could substantiate a viable claim for relief under any recognized legal theory, and in light of the clear immunity protections available

2

to the State and its employees, State Defendants respectfully requests that this Court grant its motion to dismiss.

## II. Facts

Named Defendants Parole Officer ("PO") Mark Guerra, Corrections Officer II ("COII") Yesenia Sambrano, and Sergeant ("Sgt.") Allison Slaton are employed by the State of Arizona and work for the Arizona Department of Corrections ("ADOC"). (YAC ¶ 37-39)[1]. It is alleged that the State is vicariously liable under the doctrine of respondeat superior for the action or inactions of its employees. (YAC ¶ 44). Parolee Yohannes completed his initial prison term in the ADOC and was released on December 13, 2022. (YAC ¶ 57). He then violated his parole and upon intake at the Maricopa County Sheriff's Office Intake, Transfer, and Release Jail ("ITR") on February 23, 2023, was suffering from Diabetic Ketoacidosis (DKA) and sent to Valleywise Hospital. (YAC ¶ 63-4). Valleywise discharged him on April 11, 2023, and he was sent back to the ADOC. (YAC ¶ 66).

In July of 2023, Parolee Yohannes agreed to drug rehabilitation and his parole officer, Defendant Guerra, arranged for his admission in Axiom Care Rehabilitation. (YAC ¶ 71). Axiom administratively discharged Parolee Yohannes on August 25, 2023. (YAC ¶ 82). The next day, Parolee Yohannes was sent to the Del Sol detox facility in Apache Junction. (YAC ¶ 83). Following admissions and readmissions at different facilities, Parolee Yohannes met with a Defendant Guerra and was directed to enter the ADOC Re-entry and Rehabilitation Center[2] (MRC) on August 30, 2023. (YAC ¶ 82-90). On September 7, 2023, Defendant Sambrano took Parolee Yohannes to the hospital and dropped him off to refill his medications. (YAC ¶ 93). Parolee Yohannes left the hospital to get food. (YAC ¶ 98). He missed his ride back to MRC and had a nurse contact Defendant Slaton at the ADOC to

---

[1] Yohannes's Amended Complaint (YAC) is Court Doc. 49, exhibit 1.

[2] MRC is an inpatient rehabilitation program that was voluntary for Parolee Yohannes. Parolee Yohannes was not in custody while in MRC referred to by Plaintiff as a "secure" facility and under the "control" of ADOC. No facts are pled to support Plaintiff's conclusions in YAC ¶ 95 and 100.

request a ride back to MRC. *Id*. Sgt. Slaton advised the nurse to tell Parolee Yohannes that he needed to report to Defendant Guerra in the morning. *Id*. Parolee Yohannes did not return to his in-patient non-custodial treatment program at MRC and returned to the streets. (YAC ¶ 97). This same day, a warrant was issued for Parolee Yohannes's arrest. Parolee Yohannes ***had no other contacts or third-party interactions*** with Defendants Guerra, Sambrano, and Slaton after September 7, 2023. (YAC ¶ 106- 344).

Five weeks later, on October 12, 2023, Phoenix Police arrested Parolee Yohannes and took him into custody for drug charges and his parole warrant. (YAC ¶ 110-115). His custody was then transferred to the Maricopa County Sherriff's Office Fourth Avenue Jail. (YAC ¶ 117). Two days later, Phoenix Fire Department was dispatched for a medical emergency regarding Parolee Yohannes. (YAC ¶ 289). He was transported to Banner hospital where subsequently passed away on October 15, 2023. (YAC ¶ 312-13). It is alleged that Parolee Yohannes died from complications related to his diabetes/DKA. (YAC ¶ 296-313).

### III.  Standard of Review

Rule 12(b) of the Federal Rules of Civil Procedure allows for a party to move the Court to dismiss a case on the grounds that the Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b). Dismissal under Rule 12(b)(6) can be based on (1) the lack of a cognizable legal theory or (2) insufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, this standard asks for more than a sheer possibility that the defendant has acted improperly. *Id.* "Where a complaint pleads

facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' *Id.* (quoting *Twombly,* 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer,* 568 F.3d 1063, 1067 (9th Cir. 2009); *see also Balistreri*, 901 F.2d at 699. However, legal conclusions phrased as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir. 1998); *see also Iqbal*, 556 U.S. at 678 (holding that the Court is not bound to accept as true "a legal conclusion couched as a factual allegation" (citing *Twombly*, 550 U.S. at 555)). However, a court should freely grant a party leave to amend a deficient complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Such leave to amend may be denied where an amendment would be futile, or the amended complaint would be subject to dismissal. *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991).

Counts I and II are the only counts alleged against the Defendants and are state law claims. This Court shall use state law in deciding state law claims. *Sibbach v. Wilson & Co.*, 312 U.S. 1, 10 (1941).

**IV.   <u>Law and Argument</u>**

Plaintiff has failed to allege any facts that support a claim of gross negligence against Defendants. The purported harm that Parolee Yohannes experienced weeks after his interactions with these defendants was neither foreseeable nor the result of a conscious disregard of that specific risk by Defendants Guerra, Sambrano, and Slaton. Without facts demonstrating gross negligence, Defendants are immune from liability, as is the State. This is further underscored by the scope of Defendants duty not encompassing Parolee Yohannes subsequent incarceration which allegedly led to his death. Therefore, whether on the grounds of immunity for Defendants Guerra, Sambrano, and Slaton and the State, or due to the absence of a legal duty, Plaintiff's Amended Complaint must be dismissed against

Defendants Guerra, Sambrano, and Slaton and the State.

## A. **Plaintiff's Complaint Has Not Provided Sufficient Facts for Gross Negligence**

Even assuming Plaintiff's Amended Complaint as true, i.e., that State Defendants Guerra, Sambrano, and Slaton had reason to know of potential drug use by Parolee Yohannes, that does not create a high probability that State Defendants Guerra, Sambrano, and Slaton knew other named Defendants would improperly address his diabetic condition resulting in his death. The alleged harm pled by Plaintiff against State Defendants is possible drug use not medical mismanagement of Parolee Yohannes' diabetic condition. This is not gross negligence.

### 1. **State Defendants Actions Do Not Constitute Gross Negligence.**

To establish a claim for gross negligence, a plaintiff must first prove the existence of a duty of care. *See Noriega v. Town of Miami*, 243 Ariz. 320, 326 (Ct. App. 2017). In this case, no such duty existed between Parolee Yohannes and State Defendants Guerra, Sambrano, and Slaton following his incarceration in the Maricopa County Jail, as discussed below. Even assuming, arguendo, that a duty did exist, the standard for gross negligence requires proof of conduct that demonstrates "reckless indifference to the . . . safety of others." *Id.* at 328; *see also Walls v. Ariz. Dep't of Pub. Safety*, 170 Ariz. 591, 595 (Ct. App. 1991) (noting that gross negligence necessitates conduct that "creates an unreasonable risk of bodily harm to others but also involves a high probability that substantial harm will result"). To sustain a gross negligence claim, the conduct must rise to the level of being gross, willful, or wanton. *Armenta v. City of Casa Grande*, 205 Ariz. 367, ¶ 20 (App. 2003), quoting *Williams v. Thude*, 180 Ariz. 531, 539 (App. 1994). Conjecture and conclusory statements are not enough for gross negligence. *Badia v. City of Casa Grande*, 195 Ariz. 349, 356-57 (App. 1999) (upholding summary judgment because defendants had no duty under a § 1983 claim to protect plaintiff once released from custody and the lack of causation for gross negligence when the only evidence was conjecture of a cascading sequences of events).

The actions of State Defendants Guerra, Sambrano, and Slaton do not come close to constituting willful or wanton conduct, nor is there any evidence suggesting that these Defendants could have foreseen that Parolee Yohannes would pass away over a month later allegedly precipitated while in MCSO's custody at the Fourth Avenue Jail. The question for the Court is whether the State Defendants' conduct created a "high probability that harm will result" specifically knowing or having reason to know that Parolee Yohannes would perish over a month later, as alleged in the Plaintiff's Amended Complaint. Without the ability to predict the future or a "crystal ball", it is unreasonable to suggest that State Defendants Guerra, Sambrano, and Slaton should have known or could have anticipated that Parolee Yohannes would be arrested and then receive allegedly substandard care while incarcerated with another entity, potentially leading to his death.  This would lead to endless exposure with no temporal limitation once a parolee absconds.

Plaintiff's Amended Complaint narrates a series of events leading up to Parolee Yohannes's arrest on October 12, 2023, including the State Defendants' alleged failure to arrest or violate Parolee Yohannes's parole on September 7, 2023.  Setting aside the absurdity of these allegations, i.e., that the State is liable for failing to arrest Parolee Yohannes, there is no factual or legal basis for such alleged inaction. While these allegations might suggest that Parolee Yohannes could have reoffended and faced new charges, there is no evidence, not even a scintilla, to support the claim that any reasonable person would believe there was a high probability that Parolee Yohannes would be arrested *and* then receive inadequate medical care while in jail that could result in his death. In fact, Plaintiff's own Amended Complaint repeatedly acknowledges that the government was aware of the medical care required for Parolee Yohannes while in custody and took steps to provide such care previously. The narrative within the Amended Complaint suggests the opposite of Plaintiff's claim; the history indicates an *expectation of treatment*, not harm.

Ultimately, Plaintiff has failed to allege a single fact demonstrating that State Defendants Guerra, Sambrano, and Slaton knew or should have known that Parolee Yohannes would allegedly receive poor medical care while in the custody of the MCSO at

the Fourth Avenue Jail. As such, Plaintiff's gross negligence claim is without merit and should be dismissed. Because there is no factual support for a gross negligence claim, State Defendants and the State are immune from liability for both Counts I and II.

### a. The State's Agents are Immune from Liability

Plaintiff's allegations against Defendants Guerra, Sambrano, and Slaton for failing to arrest or detain Parolee Yohannes are legally unsustainable because their actions fall squarely within the immunity provided to public employees under A.R.S. § 12-820.02(A)(1), which shields them from liability for decisions regarding arrest and detention. Given that the State's liability is entirely derivative of these State Defendants' actions, it too is immune and the claims must be dismissed as a matter of law.

Public entities and employees can be held liable for their negligence in tort. *Greenwood v. State*, 217 Ariz. 438 at ¶ 14 (2008). However, the Arizona legislature has established a qualified immunity for public employees in certain situations. *See* A.R.S. §§ 12-820-823; *Glazer v. State*, 237 Ariz. 160 at ¶ 11 (2015). When enacting the immunity statutes, the legislature "recognized that sovereign immunity is sometimes necessary given the breadth of the government's exercise of power." *Walls v. Ariz. Dep't of Public Safety*, 170 Ariz. 591, 594 (1991). The expressly stated "legislative purpose and intent" of the immunity provisions indicated that the government does "not have the duty to do everything that might be done." *Id.*; 1984 Ariz. Sess. Laws, Ch. 285, § 1 (2nd Reg. Sess.). Specifically, A.R.S. § 12-820.02(A)(1) provides that unless a public employee acting within the scope of their employment "intended to cause injury or was grossly negligent, neither a public entity nor a public employee is liable for:1. [t]he failure to make an arrest or the failure to retain an arrested person in custody." As shown above, Plaintiff has not pled sufficient facts supporting an allegation of gross negligence by State Defendants and the State.

While Plaintiff's Complaint on its face does not explicitly allege a failure to arrest, but rather a failure to protect, the Court must consider the essence or core of the Amended Complaint to determine if A.R.S. § 12-820.02(A)(1) applies. In *Noriega v. Town of Miami*, 243 Ariz. 320 ¶ 18 (2017), the Court concluded that an allegation claiming the police could

1  have conducted an investigation that would have warned and prevented the plaintiff from
2  being shot was essentially a claim for failure to arrest. Similarly, the Court found in
3  *Greenwood v. State*, 217 Ariz. 438, 444 (Ct. App. 2008), that an allegation of poor
4  recordkeeping—failing to maintain a person's criminal record, which would have prevented
5  their release from custody and thus prevented injury—also fell within the scope of the
6  immunity statute for failure to arrest. The Court further clarified that a Complaint does not
7  need to precisely mimic the statute's language but must fundamentally present a failure to
8  arrest claim. *Id.* at 444-45.

9        State Defendants Mark Guerra, Yesenia Sambrano, and Allison Slaton are employed
10 by the State of Arizona and work for the ADOC. (YAC ¶ 37-39). They are public employees.
11 A.R.S. § 12-820(1)(6). Plaintiff's allegation against Defendant Guerra is that he failed to
12 locate and arrest or protect Parolee Yohannes on September 7, 2023 when he did not return
13 to MRC. (YAC ¶ 97-8). This failure to arrest/protect is also attributed in the Amended
14 Complaint to Defendant Sambrano when she left Parolee Yohannes at the hospital and did
15 not come to detain him after he absconded to get food. (YAC ¶ 93-98). Defendant Slaton's
16 failure to arrest/protect stems from her communication with a RN to have Parolee Yohannes
17 return the next day to meet with his parole officer and not having him transported or arrested
18 when he reappeared from absconding. (YAC ¶ 98-8). Or put generally by Plaintiff,
19 Defendant's failure "to maintain custody and control and allow Remon to disappear multiple
20 times led directly to Remon's deteriorating medical condition and ultimate death." (YAC ¶
21 397).

22       Qualified immunity protects public employees from liability for failing to make an
23 arrest or retain an arrested person in custody under A.R.S. § 12-820.02(A)(1). In this case,
24 State Defendants are all public employees, and Plaintiff's allegations against them focus on
25 a failure to arrest Parolee Yohannes on September 7, 2023. Plaintiff claims that this failure
26 to arrest supposedly led to Parolee Yohannes continuing his drug-addicted lifestyle, which
27 ultimately resulted in his arrest and death over a month later. However, the Defendants'
28 actions do not rise to the level of gross negligence. It was not foreseeable that anyone could

have predicted what would occur at the Fourth Avenue Jail over a month later. Therefore, State Defendants are entitled to qualified immunity and are immune from liability—and so is the State.

### B. Arizona Courts Narrowly Define Duty

State Defendants' duty to Parolee Yohannes either ended or was never established at least a month before his injury. Having no duty, individually named Defendants cannot be liable for gross negligence and the death of Parolee Yohannes, counts I and II. And neither can the State.

To establish a claim for gross negligence and wrongful death, a plaintiff must first prove the existence of a duty of care. See *Noriega v. Town of Miami*, 243 Ariz. 320, 326 (Ct. App. 2017). Defendant Guerra's duty to Parolee Yohannes is only to ensure he is complying with all conditions of his parole. *State v. Webb*, 149 Ariz. 158, 162 (Ct. App. 1985); *State v. Turner*, 142 Ariz. 138, 143 (Ct. App. 1984). Defendant Sambrano's duty was limited to exercising the highest degree of care for the safety of her passenger getting Parolee Yohannes to the hospital. *Nunez v. Prof'l Transit Mgmt. of Tucson, Inc.,* 229 Ariz. 117, 119 (2012). Defendant Slaton never assumed any duty.

The court determines the existence and scope of a duty based on the relationship between the parties and the reasonableness of the circumstances. *Dawson v. Withycombe*, 216 Ariz. 84, 107 (App. 2007). Importantly, duty is a threshold legal issue for the court. *See Bellezzo v. State,* 174 Ariz. 548, 550 (App. 1992). Arguments regarding standard industry practices or what a defendant should have done, relate to whether there has been a breach of the duty, not whether the law recognizes the existence of a duty in the first instance. *Diaz v. Phoenix Lubrication Serv.*, 224 Ariz. 335, 341 (App. 2010). Whether a defendant owes a duty to a plaintiff generally presents an issue of law for the trial court and is therefore appropriate for 12(b)(6) motion. *Bellezzo*, 174 Ariz. at 550.

Under Arizona common law, various categories of relationships can give rise to a duty. These categories include, but are not limited to, the landowner-invitee relationship, the tavern owner-patron relationship, and other relationships that create a duty to control the

actions of another. *Wickham v. Hopkins*, 226 Ariz. 468, 472 (App. 2011). A duty is not limitless, and its scope is defined by the expected activities within the relationship and to the risks associated with that relationship. *Boisson v. Ariz. Bd. of Regents*, 236 Ariz. 619, 623 (App. 2015). (A student-school relationship is bounded by geography and time, encompassing the time that the student is under the school's control.)

### 1. Defendant Guerra's Duty Ended on September 7, 2023

Defendant Guerra was Parolee Yohannes' parole officer. That relationship created a duty for Defendant Guerra to ensure Parolee Yohannes was complying with all conditions of his parole. Parolee Yohannes terminated that relationship and Defendant Guerra's duty when he absconded on September 7, 2023.

### 2. Defendant Sambrano's Duty Ended on September 7, 2023

Defendant Sambrano's duty to Parolee Yohannes was merely to transport him to the hospital. The scope of her duty was not of a parole office but of a transport driver which was limited to exercising the highest degree of care for the safety of her passenger getting to the hospital. Her relationship never exceeded that of a transport driver. That duty ended once she dropped Parolee Yohannes safely off at the hospital on September 7, 2023.

### 3. Defendant Slaton Never Had a Duty

Defendant Slaton simply answered a phone call from a nurse who was communicating with Parolee Yohannes. She was not Parolee Yohannes' parole officer nor his transport driver. Plaintiff's Amended Complaint is clear that Defendant Slaton rejected any duty of care or relationship with Parolee Yohannes when she refused to comply with his demands and only instructed him to return to MRC the next day.

Defendants had no duty to Parolee Yohannes at the time of his injury or death. The duties of State Defendants Guerra, Sambrano, and Slaton were either terminated or never established long before Parolee Yohannes' death. As Arizona law makes clear, without the existence of a duty, there can be no claim for gross negligence or wrongful death. *Noriega v. Town of Miami*, 243 Ariz. 320, 326 (Ct. App. 2017). The State Defendants' actions fell within the scope of their specific duties and did not extend beyond those roles. Any

suggestion otherwise would misapply the principles of duty and negligence under Arizona law. Because no duty existed, Defendants cannot be held liable for gross negligence or wrongful death under Counts I and II. Therefore, this Court should dismiss these claims as Plaintiff has failed to plead a necessary element of their case.

## V.     Conclusion

Plaintiff's Amended Complaint lacks the necessary factual and legal basis to hold State Defendants liable under the doctrines of gross negligence or wrongful death. The actions of State Defendants Guerra, Sambrano, and Slaton, who are public employees of the Arizona Department of Corrections, do not rise to the level of gross negligence, nor did they owe a continuing duty of care to Parolee Yohannes at the time of his death. Arizona law clearly provides immunity to public entities and employees under these circumstances, particularly where no gross negligence has been shown. Plaintiff's failure to plead a viable cause of action under these established legal standards necessitates the dismissal of the Amended Complaint against the State Defendants. Therefore, the State Defendants respectfully requests that this Court grant its motion to dismiss all claims with prejudice.

## VI.    Certification Pursuant to LRCIV 12.1(c)

Counsel for Defendants certifies that before filing this motion, a meet and conferred occurred with Plaintiff's Counsel by e-mail and a phone call regarding the bases that Defendants seek dismissal. The Parties were unable to agree that the Amended Complaint was curable in any part by a permissible amendment at this time.

RESPECTFULLY SUBMITTED this 15th day of November, 2024.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   */s/ Jay R. Rademacher*
       Sean P. Healy
       Jay R. Rademacher
       *Attorneys for State of Arizona*

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of November, 2024, I caused the foregoing document to be electronically transmitted to the Clerk's office, using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Sean A. Woods
Robert T. Mills
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Ste 101
Phoenix, Arizona 85014
swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiff*

Kim Chamberlain
Charles Trullinger
**MARICOPA COUNTY ATTORNEY – CIVIL SERVICES DIVISION**
225 West Madison Street
Phoenix, Arizona 85003
Kim.Chamberlain@mcao.maricopa.gov
trullinc@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
*Attorneys for Paul Penzone*

Jody C. Corbett
**OFFICE OF THE CITY ATTORNEY**
200 W. Washington, Suite 1300
Phoenix, Arizona 85003-1611
Law.civil.minute.entries@phoenix.gov
*Attorney for City of Phoenix*

Christopher Berry
**BERRY LAW GROUP, PPLC**
1850 N. Central Avenue, Ste 1025
Phoenix, AZ 85004
cberry@berrylawgroup.com
*Attorneys for Correctional Health Services*

James Jellison
**JELLISON & ROBENS, PLLC**
18801 N. Thompson Peak Parkway, Ste D235
Scottsdale, AZ 85255
jim@jrlawaz.com
*Attorney for Robin Avalos*

144376876.1

13

Pari K. Scroggin
**GRASSO LAW FIRM**
2250 East Germann Road, Ste 10
Chandler, AZ 85286
pscroggin@grassolaw.com
*Attorneys for Building Blocks Counseling, LLC*

/s/ Mariana Lara