RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By:    KIM CHAMBERLAIN (031675)
       CHARLES TRULLINGER (018936)
       Deputy County Attorneys
       Kim.Chamberlain@mcao.maricopa.gov
       trullinc@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone: (602) 506-8541
Facsimile: (602) 506-4316
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No.: 00032000

*Attorneys for Defendants Sheriff Russell
Skinner, D.O. Sanders, D.O. Williams, D.O.
Mossman, and D.O. Ball*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| EDMON YOHANNES, as Personal Representative and on behalf of THE ESTATE OF REMON YOHANNES; and, TESFAI HAGGMANA,<br><br>            Plaintiff,<br><br>v.<br><br>STATE OF ARIZONA, et al.,<br><br>            Defendants. | **No.** CV-24-02087-PHX-ROS (CDB)<br><br>**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT BY MARICOPA COUNTY SHERIFF PAUL PENZONE AND DETENTION OFFICERS SANDERS, WILLIAMS, MOSSMAN, AND BALL** |

///

///

///

Defendants Maricopa County Sheriff Paul Penzone,[1] Detention Officer Miranda Sanders, Detention Officer Brent Williams, Detention Officer Jannis Mossman, and Detention Officer Bryant Ball ("MCSO Defendants") hereby answers Plaintiffs' First Amended Complaint ("FAC") filed on November, 8, 2024, by denying every allegation therein except as otherwise admitted or qualified as follows:

## **INTRODUCTION**

MCSO Defendants object to the Introduction as a violation of Fed. R. Civ. P. 8(a) and (d). To the extent an answer is required, MCSO Defendants deny the allegations contained in the Introduction.

## **JURISDICTION AND VENUE**

1.    MCSO Defendants admit this Court has jurisdiction and that Plaintiffs Complaint includes claims brought pursuant to 42 U.S.C. § 1983, A.R.S. § 12-611, and common law torts. MCSO Defendants deny the remaining allegations in Paragraph 1.

2.    MCSO Defendants admit Plaintiffs are seeking damages sufficient to warrant this Court's jurisdiction.

3.    MCSO Defendants admit that Plaintiffs complied with A.R.S. §12-821.01 as to Defendants Paul Penzone, Miranda Sanders, Brent Williams, and Jannis Mossman. Defendant Bryant Ball denies that Plaintiffs complied with A.R.S. §12-821.01. To the extent there are any remaining allegations, they are denied.

4.    MCSO Defendants admit that the Superior Court had jurisdiction before the case was properly removed to this Court and that this Court now has jurisdiction.

---

[1] Although the Complaint refers to the Maricopa County Sheriff as Paul Penzone, Sheriff Penzone left office on January 12, 2024, and Jerry Sheridan was elected on November 5, 2024. He will assume the office of Sheriff on January 1, 2025. It is therefore anticipated that Sheriff Sheridan will be substituted for Sheriff Penzone, either by a joint motion or by virtue of Fed. R. Civ. P. 25(d).

5.     MCSO Defendants admit that venue in this Court is proper.

**PARTIES**

6.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 6, and therefore deny same.

7.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 7, and therefore deny same.

8.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 8, and therefore deny same.

9.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 9, and therefore deny same.

10.     Paragraph 10 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

11.     Paragraph 11 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

12.     Paragraph 12 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

13.     MCSO Defendants admit that the FAC appears to make individual and official capacity claims against the Maricopa County sheriff. County Defendants deny that then-Maricopa County Sheriff Penzone acted in his individual capacity. MCSO Defendants admit that the elected sheriff of Maricopa County has statutorily prescribed powers and duties. MCSO Defendants deny the overly broad characterization of those powers and duties as set forth in Paragraph 13. To the extent there are any remaining allegations, they are denied.

14.     Paragraph 14 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

15.     Paragraph 15 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

16.     Paragraph 16 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

17.     Paragraph 17 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

18.     Paragraph 18 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

19.     Paragraph 19 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

20.     Paragraph 20 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

21.     Paragraph 21 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

22.     Paragraph 22 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny

same for lack of sufficient information.

23.    Paragraph 23 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

24.    Paragraph 24 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

25.    Paragraph 25 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

26.    Paragraph 26 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

27.    Paragraph 27 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

28.    Paragraph 28 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

29.    Paragraph 29 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

30.    Paragraph 30 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

31.    Paragraph 31 is not directed toward MCSO Defendants and therefore no

answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

32.    MCSO Defendants admit that Miranda Sanders was employed with MCSO and acting in the course and scope of her employment at the times indicated in the FAC. The remainder of Paragraph 32 is denied for lack of sufficient information.

33.    MCSO Defendants admit that Brent Williams was employed with MCSO and acting in the course and scope of his employment at the times indicated in the FAC. The remainder of Paragraph 33 is denied for lack of sufficient information.

34.    MCSO Defendants admit that Jannis Mossman was employed with MCSO and acting in the course and scope of her employment at the times indicated in the FAC. The remainder of Paragraph 34 is denied for lack of sufficient information.

35.    MCSO Defendants admit that Bryant Ball was employed with MCSO and acting in the course and scope of his employment at the times indicated in the FAC. The remainder of Paragraph 35 is denied for lack of sufficient information.

36.    MCSO Defendants admit that the FAC refers to Officers Sanders, Williams, Mossman, and Ball collectively as "MCSO Defendants."

37.    Paragraph 37 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

38.    Paragraph 38 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

39.    Paragraph 39 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

40.    Paragraph 40 is not directed toward MCSO Defendants and therefore no

answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

41.     Paragraph 41 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

42.     Paragraph 42 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

43.     Paragraph 43 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

44.     Paragraph 44 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

45.     Defendants Mossman and Williams admit they were married during the relevant times. They deny that they were acting on behalf of their marital communities. Defendant Ball denies he was married and denies he was acting on behalf of the marital community. The remainder of Paragraph 45 is denied for lack of sufficient information.

46.     Paragraph 46 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

47.     MCSO Defendants admit that Officers Sanders, Williams, Mossman, and Ball were acting under color of state law at all times relevant to the FAC. The remainder of Paragraph 47 is denied for lack of sufficient information.

48.     MCSO Defendants deny Paragraph 48.

49.     MCSO Defendants deny Paragraph 49.

50.     MCSO Defendants deny Paragraph 50.

## **BACKGROUND**

51.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 51, and therefore deny same.

52.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 52, and therefore deny same.

53.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 53, and therefore deny same.

54.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 54, and therefore deny same.

55.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 55, and therefore deny same.

56.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 56, and therefore deny same.

57.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 57, and therefore deny same.

58.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 58, and therefore deny same.

59.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 59, and therefore deny same.

60.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 60, and therefore deny same.

61.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 61, and therefore deny same.

62.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 62, and therefore deny same.

63.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 63, and therefore deny same.

64.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 64, and therefore deny same.

65.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 65, and therefore deny same.

66.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 66, and therefore deny same.

67.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 67, and therefore deny same.

68.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 68, and therefore deny same.

69.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 69, and therefore deny same.

70.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 70, and therefore deny same.

71.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 71, and therefore deny same.

72.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 72, and therefore deny same.

73.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 73, and therefore deny same.

74.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 74, and therefore deny same.

75.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 75, and therefore deny same.

76.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 76, and therefore deny same.

77.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 77, and therefore deny same.

78.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 78, and therefore deny same.

79.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 79, and therefore deny same.

80.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 80, and therefore deny same.

81.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 81, and therefore deny same.

82.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 82, and therefore deny same.

83.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 83, and therefore deny same.

84.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 84, and therefore deny same.

85.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 85, and therefore deny same.

86.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 86, and therefore deny same.

87.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 87, and therefore deny same.

88.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 88, and therefore deny same.

89.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 89, and therefore deny same.

90.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 90, and therefore deny same.

91.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 91, and therefore deny same.

92.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 92, and therefore deny same.

93.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 93, and therefore deny same.

94.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 94, and therefore deny same.

95.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 95, and therefore deny same.

96.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 96, and therefore deny same.

97.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 97, and therefore deny same.

98.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 98, and therefore deny same.

99.     MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 99, and therefore deny same.

100.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 100, and therefore deny same.

101.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 101, and therefore deny same.

102.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 102, and therefore deny same.

103.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 103, and therefore deny same.

104.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 104, and therefore deny same.

105.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 105, and therefore deny same.

106.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 106, and therefore deny same.

107.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 107, and therefore deny same.

108.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 108, and therefore deny same.

109.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 109, and therefore deny same.

110.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 110, and therefore deny same.

111.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 111, and therefore deny same.

112.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 112, and therefore deny same.

113.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 113, and therefore deny same.

114.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 114, and therefore deny same.

115.    MCSO defendants admit that the decedent was arrested on or about October 12, 2023. MCSO Defendants affirmatively allege he was booked into jail on October 13, 2023. MCSO Defendants lack sufficient information to either admit or deny the remainder of Paragraph 115, and therefore deny same.

116.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 116, and therefore deny same.

117.    MCSO Defendants admit that the decedent was transferred to the Fourth Avenue Jail sometime after his booking.

118.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 118, and therefore deny same.

119.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 119, and therefore deny same.

120.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 120, and therefore deny same.

121.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 121, and therefore deny same.

122.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 122, and therefore deny same.

123.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 123, and therefore deny same.

124.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 124, and therefore deny same.

125.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 125, and therefore deny same.

126.    Paragraph 126 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny

same for lack of sufficient information.

127.    Paragraph 127 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

128.    Paragraph 128 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

129.    Paragraph 129 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

## FACTUAL ALLEGATIONS

130.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 130, and therefore deny same.

131.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 131, and therefore deny same.

132.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 132, and therefore deny same.

133.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 133, and therefore deny same.

134.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 134, and therefore deny same.

135.    Paragraph 135 is denied as to MCSO Defendants. The remainder of Paragraph 135 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

136.    Paragraph 136 is not directed toward MCSO Defendants and therefore no

answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

137. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 137, and therefore deny same.

138. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 138, and therefore deny same.

139. Paragraph 139 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

140. Paragraph 140 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

141. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 141, and therefore deny same.

142. Paragraph 142 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

143. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 143, and therefore deny same.

144. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 144, and therefore deny same.

145. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 145, and therefore deny same.

146. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 146, and therefore deny same.

147. MCSO Defendants lack sufficient information to either admit or deny the

allegations of Paragraph 147, and therefore deny same.

148.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 148, and therefore deny same.

149.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 149, and therefore deny same.

150.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 150, and therefore deny same.

151.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 151, and therefore deny same.

152.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 152, and therefore deny same.

153.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 153, and therefore deny same.

154.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 154, and therefore deny same.

155.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 155, and therefore deny same.

156.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 156, and therefore deny same.

157.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 157, and therefore deny same.

158.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 158, and therefore deny same.

159.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 159, and therefore deny same.

160.    MCSO Defendants lack sufficient information to either admit or deny the

allegations of Paragraph 160, and therefore deny same.

161.   MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 161, and therefore deny same.

162.   Paragraph 162 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

163.   Paragraph 163 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

164.   Paragraph 164 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

165.   Paragraph 165 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

166.   Paragraph 166 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

167.   Paragraph 167 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

168.   Paragraph 168 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

169.   Paragraph 169 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny

same for lack of sufficient information.

170.    Paragraph 170 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

171.    Paragraph 171 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

172.    Paragraph 172 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

173.    Paragraph 173 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

174.    Paragraph 174 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

175.    Paragraph 175 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

176.    Paragraph 176 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

177.    Paragraph 177 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

178.    Paragraph 178 is not directed toward MCSO Defendants and therefore no

answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

179. Paragraph 179 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

180. Paragraph 180 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

181. Paragraph 181 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

182. Paragraph 182 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

183. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 183, and therefore deny same.

184. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 184, and therefore deny same.

185. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 185, and therefore deny same.

186. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 186, and therefore deny same.

187. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 187, and therefore deny same.

188. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 188, and therefore deny same.

189.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 189, and therefore deny same.

190.    MCSO Defendants admit that Office Ball had contact with and tried to assist Remon in his cell. MCSO Defendants lack sufficient information to either admit or deny the remainder of Paragraph 190, and therefore deny same.

191.    MCSO Defendants admit that Office Ball had contact with and tried to assist Remon in his cell. MCSO Defendants lack sufficient information to either admit or deny the remainder of Paragraph 191, and therefore deny same.

192.    MCSO Defendants admit that Office Ball had contact with and tried to assist Remon in his cell. MCSO Defendants lack sufficient information to either admit or deny the remainder of Paragraph 192, and therefore deny same.

193.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 193, and therefore deny same.

194.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 189, and therefore deny same.

195.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 189, and therefore deny same.

196.    Paragraph 196 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

197.    Paragraph 197 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny making any "fraudulent entry in Remon's [detention] records."

**9 AM INCIDENT**

198.    Paragraph 198 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny

20

same for lack of sufficient information.

199.    Paragraph 199 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

200.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 200, and therefore deny same.

201.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 201, and therefore deny same.

202.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 202, and therefore deny same.

203.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 203, and therefore deny same.

204.    Paragraph 204 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

205.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 205, and therefore deny same.

206.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 206, and therefore deny same.

207.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 207, and therefore deny same.

208.    Paragraph 208 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

209.    Paragraph 209 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny

same for lack of sufficient information.

210.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 210, and therefore deny same.

211.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 211, and therefore deny same.

212.    MCSO Defendants deny Paragraph 212.

213.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 213, and therefore deny same.

214.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 214, and therefore deny same.

215.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 215, and therefore deny same.

216.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 216, and therefore deny same.

217.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 217, and therefore deny same.

218.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 218, and therefore deny same.

219.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 219, and therefore deny same.

220.    Paragraph 220 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

221.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 221, and therefore deny same.

222.    Paragraph 222 is not directed toward MCSO Defendants and therefore no

answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

223.    Paragraph 223 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

224.    Paragraph 224 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

225.    Paragraph 225 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

226.    Paragraph 226 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

227.    Paragraph 227 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

228.    Paragraph 228 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

229.    Paragraph 229 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

230.    Paragraph 230 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

231.    Paragraph 231 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

232.    MCSO Defendants deny Paragraph 232.

233.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 233, and therefore deny same.

234.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 234, and therefore deny same.

235.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 235, and therefore deny same.

236.    Paragraph 236 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

237.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 237, and therefore deny same.

238.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 238, and therefore deny same.

239.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 239, and therefore deny same.

240.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 240, and therefore deny same.

241.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 241, and therefore deny same.

242.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 242, and therefore deny same.

243.    MCSO Defendants lack sufficient information to either admit or deny the

allegations of Paragraph 243, and therefore deny same.

244.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 244, and therefore deny same.

245.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 245, and therefore deny same.

246.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 246, and therefore deny same.

247.    Paragraph 247 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

248.    Paragraph 248 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

249.    Paragraph 249 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

250.    Paragraph 250 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

251.    Paragraph 251 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

252.    Paragraph 252 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

253.    Paragraph 253 is not directed toward MCSO Defendants and therefore no

answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

254.    Paragraph 254 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

255.    Paragraph 255 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

256.    Paragraph 256 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

257.    Paragraph 257 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

## 2 PM INCIDENT

258.    Paragraph 258 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

259.    Paragraph 259 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

260.    Paragraph 260 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

261.    Paragraph 261 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny

same for lack of sufficient information.

262.    Paragraph 262 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

263.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 263, and therefore deny same.

264.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 264, and therefore deny same.

265.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 265, and therefore deny same.

266.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 266, and therefore deny same.

267.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 267, and therefore deny same.

268.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 268, and therefore deny same.

269.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 269, and therefore deny same.

270.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 245, and therefore deny same.

271.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 271, and therefore deny same.

272.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 272, and therefore deny same.

273.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 273, and therefore deny same.

274. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 274, and therefore deny same.

275. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 275, and therefore deny same.

276. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 276, and therefore deny same.

277. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 277, and therefore deny same.

278. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 278, and therefore deny same.

279. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 279, and therefore deny same.

280. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 280, and therefore deny same.

281. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 281, and therefore deny same.

282. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 282, and therefore deny same.

283. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 283, and therefore deny same.

284. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 284 and therefore deny same.

285. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 285, and therefore deny same.

286. MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 286, and therefore deny same.

287.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 287, and therefore deny same.

288.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 288, and therefore deny same.

289.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 289, and therefore deny same.

290.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 290, and therefore deny same.

291.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 291, and therefore deny same.

292.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 292, and therefore deny same.

293.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 293, and therefore deny same.

294.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 294, and therefore deny same.

295.    Paragraph 295 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

296.    Paragraph 296 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

297.    Paragraph 297 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

298.    MCSO Defendants lack sufficient information to either admit or deny the

allegations of Paragraph 298, and therefore deny same.

299.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 299, and therefore deny same.

300.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 300, and therefore deny same.

301.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 301, and therefore deny same.

302.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 302, and therefore deny same.

303.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 303, and therefore deny same.

304.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 304, and therefore deny same.

305.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 305, and therefore deny same.

306.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 306, and therefore deny same.

307.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 307, and therefore deny same.

308.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 308, and therefore deny same.

309.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 309, and therefore deny same.

310.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 310, and therefore deny same.

311.    MCSO Defendants lack sufficient information to either admit or deny the

allegations of Paragraph 311, and therefore deny same.

312.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 312, and therefore deny same.

313.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 313, and therefore deny same.

314.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 314, and therefore deny same.

315.    Paragraph 315 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

316.    MCSO Defendants deny Paragraph 316.

**AFTER THE FACT ADDITIONS/ADDENDUMS TO REMON'S FILE**

317.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 317, and therefore deny same.

318.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 318, and therefore deny same.

319.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 319, and therefore deny same.

320.    Paragraph 320 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

321.    Paragraph 321 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

322.    Paragraph 322 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny

same for lack of sufficient information.

323.    Paragraph 323 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

324.    Paragraph 324 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

325.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 325, and therefore deny same.

326.    Paragraph 326 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

327.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 327, and therefore deny same.

328.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 328, and therefore deny same.

329.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 329, and therefore deny same.

330.    Paragraph 330 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

331.    Paragraph 331 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

332.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 332, and therefore deny same.

333.    Paragraph 333 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

334.    MCSO Defendants deny Paragraph 334.

335.    Paragraph 335 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

336.    Paragraph 336 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

337.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 337, and therefore deny same.

338.    Paragraph 338 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

339.    MCSO Defendants lack sufficient information to either admit or deny the allegations of Paragraph 339, and therefore deny same.

340.    Paragraph 340 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

341.    Paragraph 341 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

342.    Paragraph 342 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

343.    Paragraph 343 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

<u>**INDIVIDUAL LIABILITY**</u>

344.    Paragraph 344 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

345.    Paragraph 345 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

346.    Paragraph 346 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

347.    Paragraph 347 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

348.    Paragraph 348 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

349.    Paragraph 349 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

350.    Paragraph 350 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

351.    Paragraph 351 is not directed toward MCSO Defendants and therefore no

answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

352. Paragraph 352 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

353. MCSO Defendants admit that Officers Miranda Sanders and Bryant Ball were on duty at the time of decedent's incident on or about October 14, 2023, but deny the remainder of Paragraph 353.

354. MCSO Defendants admit that Sergeant Sanders' LinkedIn profile includes a job description for a Detention Officer Sergeant, which includes the language partially quoted in Paragraph 354.

355. MCSO Defendants deny Paragraph 355.

356. MCSO Defendants deny Paragraph 356.

357. MCSO Defendants deny Paragraph 357.

358. MCSO Defendants deny Paragraph 358.

359. MCSO Defendants admit that Officer Ball went to Remon's cell but deny the remainder of Paragraph 359 for lack of sufficient information.

360. Paragraph 360 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

361. Paragraph 361 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

362. Paragraph 362 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

363.    Paragraph 363 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

364.    Paragraph 364 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

365.    Paragraph 365 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

366.    Paragraph 366 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

## SUPERVISOR LIABIILTY

367.    MCSO Defendants admit that the elected sheriff may be vicariously liable for certain actions of his or her employees performed within the course and scope of their employment under the theory of *respondeat superior* for state-law claims. MCSO Defendants deny that the sheriff or his deputies are responsible for inmate medical care. MCSO Defendants further deny that the sheriff or any MCSO employee is liable for any of Plaintiffs' claims. To the extent there are any remaining allegations, they are denied.

368.    MCSO Defendants deny Paragraph 368.

369.    Paragraph 369 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

370.    Paragraph 370 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

371.    Paragraph 371 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

372.    MCSO Defendants deny Paragraph 372.

373.    MCSO Defendants deny Paragraph 373.

374.    Paragraph 374 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

375.    Paragraph 375 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

376.    Paragraph 376 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

377.    Paragraph 377 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

378.    Paragraph 378 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

379.    Paragraph 379 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

380.    Paragraph 380 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

381.    Paragraph 381 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

382.    Paragraph 382 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

383.    Paragraph 383 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

384.    Paragraph 384 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

385.    Paragraph 385 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

386.    Paragraph 386 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

387.    Paragraph 387 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

388.    Paragraph 388 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

389.    Paragraph 389 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny

1    same for lack of sufficient information.

2    390.    Paragraph 390 is not directed toward MCSO Defendants and therefore no

3    answer is required. To the extent an answer may be required, MCSO Defendants deny

4    same for lack of sufficient information.

5                                    **COUNT 1**

6    **WRONGFUL DEATH AND SURVIVAL ACTION PURSUANT TO A.R.S. § 12-611, *et seq*. and A.R.S. § 14-3110**

7                                 (All Defendants)

8    391.    MCSO Defendants incorporate their answers to all previous paragraphs as

9    though fully set forth herein.

10    392.    MCSO Defendants admit that Paragraph 392 sets forth the language of

11    A.R.S. § 12-611 but deny any implication that they are liable to decedent's survivors for

12    decedent's alleged wrongful death.

13    393.    MCSO Defendants admit that Paragraph 393 sets forth the language of

14    A.R.S. § 14-3110 but deny any implication that they are liable to decedent's estate for

15    decedent's death.

16    394.    MCSO Defendants lack sufficient information to either admit or deny the

17    allegations of Paragraph 394, and therefore deny same.

18    395.    MCSO Defendants lack sufficient information to either admit or deny the

19    allegations of Paragraph 395, and therefore deny same.

20    396.    MCSO Defendants deny Paragraph 396.

21    397.    MCSO Defendants deny Paragraph 397.

22    398.    MCSO Defendants deny Paragraph 398.

23    399.    MCSO Defendants deny Paragraph 399.

24    400.    MCSO Defendants deny Paragraph 400.

25    401.    MCSO Defendants deny Paragraph 401.

26    402.    MCSO Defendants deny Paragraph 402.

## COUNT II
## GROSS NEGLIGENCE
(All Defendants)

403.    MCSO Defendants incorporate their answers to all previous paragraphs as though full set forth herein.

404.    Paragraph 404 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial. To the extent an answer is required, MCSO Defendants deny that Paragraph 404 accurately summarizes the full scope of A.R.S. § 12-820.02(A), which states that "Unless a public employee acting within the scope of the public employee's employment intended to cause injury or was grossly negligent, neither a public entity nor a public employee is liable for [eleven enumerated claims]." MCSO Defendants deny any implication that they intended to cause injury or were grossly negligent.

405.    Paragraph 405 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial. To the extent an answer is required, MCSO Defendants admit that the cited case sets forth the elements of an *ordinary negligence* claim. MCSO Defendants deny that the case sets forth the elements of a *gross negligence* claim as alleged in Count II. MCSO Defendants denies all liability under the authorities and theories referred to in this paragraph.

406.    Paragraph 406 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial. To the extent an answer is required, MCSO Defendants admit that the cited case sets forth the quoted language. MCSO Defendants deny the remainder of Paragraph 406, including any implication that they breached a duty of care owed to the decedent or that they caused Plaintiffs' damages.

407.    MCSO Defendants deny Paragraph 407.

408.    MCSO Defendants deny Paragraph 408.

409.    MCSO Defendants deny Paragraph 409.

410.    Paragraph 410 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

411.    Assuming this Paragraph is intended to say, "Maricopa County," rather than "Maricopa," Paragraph 411 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information. If this paragraph was intended to say, "Maricopa County Sheriff," Paragraph 411 is denied.

412.    MCSO Defendants admit that the elected sheriff may be vicariously liable for certain actions of his or her employees performed within the course and scope of their employment under the theory of *respondeat superior* for state-law claims. MCSO Defendants deny that the sheriff or his deputies are responsible for inmate medical care. MCSO Defendants further deny that the sheriff or any MCSO employee is liable for any of Plaintiffs' claims. To the extent there are any remaining allegations, they are denied.

413.    Paragraph 413 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

414.    Paragraph 414 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

415.    MCSO Defendants deny Paragraph 415.

416.    Paragraph 416 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

417.    MCSO Defendants deny Paragraph 417.

418.    MCSO Defendants deny Paragraph 418.

419.    MCSO Defendants deny Paragraph 419.

420.    MCSO Defendants deny Paragraph 420.

421.    Paragraph 421 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

422.    MCSO Defendants deny Paragraph 422.

423.    MCSO Defendants deny Paragraph 423.

424.    MCSO Defendants deny Paragraph 424.

## COUNT III
## NEGLIGENCE
(Axiom)

425.    MCSO Defendants incorporate their answers to all previous paragraphs as though full set forth herein.

426.    Paragraph 426 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

427.    Paragraph 427 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

428.    Paragraph 428 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

429.    Paragraph 429 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

430.    Paragraph 430 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny

same for lack of sufficient information.

431.    Paragraph 431 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

432.    Paragraph 432 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

433.    Paragraph 433 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

434.    Paragraph 434 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

**COUNT IV**
**CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983**
(CHS Defendants, MCSO Defendants)

435.    MCSO Defendants incorporate their answers to all previous paragraphs as though full set forth herein.

436.    Paragraph 436 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial. To the extent an answer is required, MCSO Defendants admit that 42 U.S.C. § 1983 provides the statutory framework for raising alleged federal constitutional violations but deny that Paragraph 436 accurately sets forth the cited law. MCSO Defendants deny any implication that they are liable for any alleged constitutional violations.

437.    MCSO Defendants deny Paragraph 437.

438.    MCSO Defendants lack sufficient information to either admit or deny the

allegations of Paragraph 438, and therefore deny same.

439.    MCSO Defendants deny Paragraph 439.

440.    MCSO Defendants deny Paragraph 440.

441.    MCSO Defendants deny Paragraph 441.

442.    MCSO Defendants deny Paragraph 442.

443.    MCSO Defendants deny Paragraph 443.

444.    MCSO Defendants deny Paragraph 444.

**COUNT V**
**CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH**
**AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983 –** *Monell* **–**
**POLICY, CUSTOM AND PRACTICE**
(Maricopa, Penzone)

445.    MCSO Defendants incorporate their answers to all previous paragraphs as though full set forth herein.

446.    Paragraph 446 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial. To the extent an answer is required, MCSO Defendants admit that 42 U.S.C. § 1983 provides the statutory framework for raising alleged federal constitutional violations but deny any implication that they are liable for any alleged constitutional violations.

447.    MCSO Defendants deny Paragraph 447.

448.    MCSO Defendants deny Paragraph 448.

449.    MCSO Defendants deny Paragraph 449.

450.    MCSO Defendants deny Paragraph 450.

451.    MCSO Defendants deny Paragraph 451.

452.    MCSO Defendants deny Paragraph 452.

453.    MCSO Defendants deny Paragraph 453.

454.    MCSO Defendants deny Paragraph 454.

**COUNT VI**

**BATTERY AND SURVIVAL ACTION PURSUANT TO A.R.S. § 12-542, 14-3110**
(CHS Defendants)

455. MCSO Defendants incorporate their answers to all previous paragraphs as though full set forth herein.

456. Paragraph 456 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

457. Paragraph 457 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

458. Paragraph 458 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

459. Paragraph 459 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

460. Paragraph 460 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

461. Paragraph 461 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

462. Paragraph 462 is not directed toward MCSO Defendants and therefore no answer is required. To the extent an answer may be required, MCSO Defendants deny same for lack of sufficient information.

**JURY TRIAL DEMAND**

463. MCSO Defendants admit that Plaintiffs have requested a jury trial. Pursuant

to Rule 38, Fed. R. Civ. P., MCSO Defendants hereby also demand a jury trial on all issues subject thereto.

### AFFIRMATIVE DEFENSES

Having fully answered the FAC, MCSO Defendants assert the following affirmative defenses:

1.    MCSO Defendants allege all affirmative defenses listed in Federal Rule of Civil Procedure 8(c) (and the same or equivalent Arizona rule of civil procedure), as well as any other affirmative defenses that may come to light during discovery, including but not limited to: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter which constitutes an avoidance or affirmative defense.

2.    MCSO Defendants allege all defenses listed in Federal Rule of Civil Procedure 12(b) (and the same or equivalent Arizona rule of civil procedure), as well as any other defenses that may come to light during discovery, including but not limited to: lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to join a party under Rule 19.

3.    MCSO Defendants allege Plaintiffs failed to properly plead special matters pursuant to Federal Rule of Civil Procedure 9.

4.    The FAC alleges that a Personal Representative named Edmon Yohannes is asserting claims on behalf of the Estate of Remon Yohannes. To the extent a court of competent jurisdiction has not entered a lawful order duly appointing Edmon Yohannes as Personal Representative of the Estate of Remon Yohannes, Edmon Yohannes lacks

standing and the claims asserted on behalf of the Estate of Remon Yohannes must be dismissed.

5.     To the extent that any of the Plaintiffs are not statutory plaintiffs and/or statutory beneficiaries as provided by A.R.S. §§ 12-611, *et seq.,* any such Plaintiffs lacks standing, and the statutory wrongful death claim asserted by any such Plaintiffs and/or on behalf of such Plaintiffs must be dismissed.

6.     The Decedent is contributorily or comparatively at fault for any alleged injuries and damages and such fault should bar Plaintiffs from any recovery or should reduce Plaintiffs alleged damages by his percentage of comparative fault.

7.     Plaintiffs and Decedent have failed to mitigate their damages.

8.     Plaintiffs have failed to sufficiently allege Constitutional violations against Defendants.  Neither Defendants' actions nor inactions violated the federal constitutional rights of Plaintiffs or Decedent.

9.     Plaintiffs cannot demonstrate that any deprivation of Decedent' constitutional rights occurred because of any officially adopted policy, practice or custom and, thus, no officially adopted policy, practice or custom can give rise to liability on the part of MCSO Defendant. Further, Plaintiffs cannot establish that any policy, practice or custom proximately caused their/Decedent's alleged damages.

10.     MCSO Defendants are entitled to absolute and/or qualified immunity related to Plaintiffs federal claims, including but not limited to federal officer qualified immunity as described in *Wilkins v. City of Oakland*, 350 F.3d 949, 954–55 (9th Cir. 2003).

11.     MCSO Defendants are entitled to absolute and/or qualified immunity related to Plaintiffs state law claims, including but not limited to common law immunity as described in *Spooner v. City of Phoenix*, 246 Ariz. 119 (Ariz. Ct. App. 2018) and immunities listed in A.R.S. § 12-820 – 12.820.05.

12.     Defendants affirmatively allege all applicable defenses under A.R.S. §§ 12-711, 12-712, 12-713, and 12-716.

13.     Defendants affirmatively allege all applicable defenses and recovery of attorney fees and costs listed under A.R.S. §§ 13-404, 405, 406, 409, 410, 411, 412, 413, 414, and 420.

14.     *Respondeat superior* liability is inapplicable in Section 1983 actions. MCSO Defendants do not have *respondeat superior* liability for Plaintiffs' Section 1983 claims alleged in the FAC.

15.     Plaintiffs and/or Decedent assumed the risk of injury, acted in direct and intentional violation of Arizona laws, and acted voluntarily, intentionally, and knowingly, jeopardizing their safety and well-being, thereby eliminating liability on the part of MCSO Defendants.

16.     The actual and/or proximate cause of the subject incident may have been the fault of a nonparty who is not currently a named defendant. MCSO Defendant will supplement this section if/when the identity of non-parties at fault becomes known in accordance with Ariz. R. Civ. P. 26(b)(5) and A.R.S. § 12-2506. MCSO Defendants reserve the right to name settling parties as nonparties at fault pursuant to A.R.S. § 12-2506(B).

17.     If any damages and/or injuries were sustained or incurred by Plaintiffs and/or Decedent, which MCSO Defendants deny, the same were caused or contributed to by the intervening or superseding acts or omissions of other Defendants, third parties and/or non-parties other than County Defendants, and over whom County Defendants has no control or right to control.

18.     Any recovery or other award made against MCSO Defendants must be reduced by the percentage of fault of Plaintiffs, Decedent, other Defendants, third parties

and/or nonparties at fault, and any recovery or other award made against MCSO Defendants must be limited to the percentage of fault, if any, of MCSO Defendants.

19.     To the extent Plaintiffs allege joint and several liability, any settlement monies Plaintiffs receive from a settling party must be deducted from any jury verdict award entered against MCSO Defendants pursuant to A.R.S. § 12-2504 and *Bishop v. Pecanic*, 193 Ariz. 524, 531, 975 P.2d 114, 121 (Ct. App. 1998).

20.     Plaintiffs are barred from recovering punitive damages against Defendants for any state law cause of action pursuant to A.R.S. § 12-820.04.

A.     MCSO Defendants affirmatively allege that there existed no conduct that was motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiffs and/or decedent, thereby precluding Plaintiffs from recovery of punitive damages on their federal claims.

21.     A.R.S. § 14-3110 bars Plaintiffs' survival claims for Decedent's alleged pain and suffering damages and/or other alleged hedonic damages.

22.     Plaintiffs' injuries, losses or damages, if any, were not caused or contributed to by any failure of Defendants to comply with the applicable standard of care.

23.     MCSO Defendants acted lawfully, with due care and diligence, at all relevant times and did not violate any of Decedent's or Plaintiffs' rights of any nature whatsoever.

24.     Plaintiffs have failed to state a claim against MCSO Defendants in their individual capacities.

25.     A wrongful death claim under A.R.S. § 12-611, *et seq.,* is not a separate cause of action.

26.     A survival claim under A.R.S. § 41-3110 is not a separate cause of action.

27.     Defendants have not knowingly or intentionally waived any applicable defenses or affirmative defense. If it appears that any defense or affirmative defense is or

may be applicable after Defendant has had the opportunity to conduct reasonable discovery in this matter, Defendant will assert such defenses or affirmative defenses in accordance with the Federal Rules of Civil Procedure (and the same or equivalent Arizona rule of civil procedure).

## **PRAYER FOR RELIEF**

**WHEREFORE**, having fully answered the FAC, MCSO Defendants hereby jointly request the following relief:

1.    That this action be dismissed in its entirety, with Plaintiffs taking nothing and with Judgment entered in favor of MCSO Defendants;

2.    That Plaintiffs be ordered to pay MCSO Defendants costs and attorneys' fees; and

3.    Such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 22nd day of November, 2024.

> **RACHEL H. MITCHELL**
> **MARICOPA COUNTY ATTORNEY**
>
> BY: */s/Kim Chamberlain*
>     KIM CHAMBERLAIN
>     CHARLES TRULLINGER
>     Deputy County Attorney
>     *Attorneys for Defendants Sheriff Russell Skinner,*
>     *Williams, Mossman, Sanders, and Ball*

1

## **CERTIFICATE OF SERVICE**

2

3

4

5

Per Article II(D)(3) of the Electronic Case Filing Administrative Policies and Procedures Manual, "No certificate of service is required when a paper is served by filing it with the court's electronic-filing system." If the foregoing document is served on a party not listed in the Court's Case Management/Electronic Case Files (CM/ECF) System, service by paper copy will be indicated below or a certificate of service will be filed separately within a reasonable time after service.

6

7

*/s/ A. Moreno*

8

S:\CIVIL\CIV\Matters\CJ\2024\Yohannes v AZ 2024-1144\Pleadings\Word\Answer to Amended Complaint.docx

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26