1  Christopher J. Berry, Esq. – #015385
2  **BERRY LAW GROUP, PLLC**
   1850 N. Central Ave., Suite 1025
3  Phoenix, Arizona 85004
   Telephone: (602) 462-1141
4  Facsimile: (602) 462-1151
   cberry@berrylawgroup.com
5  admin@berrylawgroup.com

6  ***Attorneys for Defendant Maricopa County***

7

8              **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE DISTRICT OF ARIZONA**

10 Edmon Yohannes, et al.,                    | Case No.  CV-24-02087-PHX-ROS (CDB)

11                                             |
                        Plaintiffs,            | **MARICOPA COUNTY'S ANSWER**
12          v.                                 | **AND AFFIRMATIVE DEFENSES TO**
                                               | **PLAINTIFFS' FIRST AMENDED**
13 State of Arizona, et al.,                   | **COMPLAINT**
14                                             |
                        Defendants.            |
15

16          Defendants Maricopa County ("County"), by and through undersigned counsel,

17 answers and asserts the following affirmative defenses to Plaintiffs' First Amended

18 Complaint.

                              **JURISDICTION AND VENUE**
19
20      1.      Paragraph 1 states legal authorities and theories upon which Plaintiffs base

21 their claims and which require no admission or denial.  To the extent this paragraph may

22 be interpreted to require an admission or denial, then Maricopa County denies all liability

   under the authorities and theories referred to in this paragraph.
23
24      2.      Paragraph 2 states legal authorities and theories upon which Plaintiffs base

25 their claims which require no admission or denial.  To the extent any component of this

26 paragraph may be interpreted to require an admission or denial, then Maricopa County

   denies all liability under the authorities and theories referred to in this paragraph.

        3.      Maricopa County admits the allegations of Paragraph 3 as they pertain to

                                        -1-

Maricopa County but not as it relates to any other defendants in this lawsuit.

4.      Paragraph 4 states legal authorities and theories upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the authorities and theories referred to in this paragraph.

5.      Admitted.

## PARTIES

6.      Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 6 and denies them on that basis.

7.      Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 7 and denies them on that basis.

8.      Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 8 and denies them on that basis.

9.      Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 9 and denies them on that basis.

10.     Paragraph 10 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

11.     Paragraph 11 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

12.     Admitted.

13.     Paragraph 13 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that

basis.

14.    Paragraph 14 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

15.    Paragraph 15 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

16.    Maricopa County admits the allegations of Paragraph 16 except the allegation or suggestion that Defendant Lisa Struble acted in her individual capacity which is expressly denied.

17.    Maricopa County admits the allegations of Paragraph 17 except the allegation or suggestion that Defendant David Crutchfield acted in his individual capacity which is expressly denied.

18.    Denied.

19.    Maricopa County admits the allegations of Paragraph 19 except the allegation or suggestion that Defendant Victor Gan acted in his individual capacity which is expressly denied.

20.    Maricopa County admits the allegations of Paragraph 20 except the allegation or suggestion that Defendant Michael Chailland acted in his individual capacity which is expressly denied.

21.    Maricopa County admits the allegations of Paragraph 21 except the allegation or suggestion that Defendant Lashon Arrington acted in his individual capacity which is expressly denied.

22.    Maricopa County admits the allegations of Paragraph 22 except the allegation or suggestion that Defendant Michelle Martin acted in her individual capacity which is expressly denied.

BERRY LAW GROUP
PLLC
ATTORNEYS AT LAW

23.    Maricopa County admits the allegations of Paragraph 23 except the allegation or suggestion that Defendant Mary Daugomah acted in her individual capacity which is expressly denied.

24.    Maricopa County admits the allegations of Paragraph 24 except the allegation or suggestion that Defendant Sira Hodge acted in her individual capacity which is expressly denied.

25.    Maricopa County admits the allegations of Paragraph 25 except the allegation or suggestion that Defendant Christi Trevett operated in her individual capacity which is expressly denied.

26.    Maricopa County admits the allegations of Paragraph 26 except the allegation or suggestion that Defendant Cynthia Wright acted in her individual capacity which is expressly denied.

27.    Maricopa County admits the allegations of Paragraph 27 except the allegation or suggestion that Defendant Julie Stevens acted in her individual capacity which is expressly denied.

28.    Maricopa County admits the allegations of Paragraph 28 except the allegation or suggestion that Defendant Robin Avalos acted in her individual capacity which is expressly denied.

29.    Maricopa County admits the allegations of Paragraph 29 except the allegation or suggestion that Defendant Audaine Rintala acted in her individual capacity which is expressly denied.

30.    Maricopa County admits the allegations of Paragraph 30 except the allegation or suggestion that Defendant Andrew Fairfield acted in his individual capacity which is expressly denied.

31.    Paragraph 31 contains no allegations for which an admission or denial is required.

32.    Paragraph 32 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that

basis.

33.     Paragraph 33 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

34.     Paragraph 34 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

35.     Paragraph 35 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

36.     Paragraph 36 contains no allegations for which an admission or denial is required.

37.     Paragraph 37 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

38.     Paragraph 38 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

39.      Paragraph 39 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent

that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis

40.    Paragraph 40 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

41.    Paragraph 41 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

42.    Paragraph 42 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

43.    Paragraph 43 consists of legal theories and arguments upon which Plaintiffs seek to prevail and are not allegations that require an admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the legal assertions and positions referred to in this paragraph.

44.    Paragraph 44 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

45.    Paragraph 49 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent

that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

46.    Paragraph 46 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

47.    Paragraph 47 consists of legal theories and arguments upon which Plaintiffs seek to prevail and are not allegations that require an admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the legal assertions and positions referred to in this paragraph.

48.    Denied.

49.    Denied.

50.    Maricopa County admits that Mr. Yohannes died at the age of 30 but denies the remaining allegations of Paragraph 50.

## BACKGROUND

51.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 51 and denies them on that basis.

52.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 52 and denies them on that basis.

53.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 53 and denies them on that basis.

54.    Denied.

55.    Maricopa County is without sufficient information to admit or deny whether Mr. Yohannes valued his life but denies the remaining allegations of Paragraph 55.

56.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 56 and denies them on that basis.

57. Admit.

58. Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 58 and denies them on that basis.

59. Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 59 and denies them on that basis.

60. Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 60 and denies them on that basis.

61. Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 61 and denies them on that basis.

62. Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 62 and denies them on that basis.

63. Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 63 and denies them on that basis.

64. Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 64 and denies them on that basis.

65. Maricopa County denies the allegation that it was 'well aware of Remon's type one (1) diabetes and that emergency care had been provided to Mr. Yohannes in the past. Maricopa County is without sufficient information to admit or deny the remaining allegations of Paragraph 65 and denies them on that basis.

66. Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 66 and denies them on that basis.

67. (¶¶ 67-109) Maricopa County is without sufficient information to admit or deny the allegations of Paragraphs 67 through 109 which allege events and occurrences that are not related to Maricopa County, and it denies them on that basis.

110. Admitted.

111. Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 111 and denies them on that basis.

112. Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 112 and denies them on that basis.

113. Maricopa County is without sufficient information to admit or deny the

allegations of Paragraph 113 and denies them on that basis.

114.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 114 and denies them on that basis.

115.    Admitted.

116.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 116 and denies them on that basis

117.    Admitted.

118.    Denied.

119.    Maricopa County is without sufficient information to admit or deny Plaintiffs' impressions of what appears on surveillance footage, but admits that Mr. Yohannes vitals and blood sugar were taken.

120.    Denied.

121.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 121 and denies them on that basis.

122.    Admitted.

123.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 123 and denies them on that basis

124.    Maricopa County is without sufficient information to admit or deny Plaintiffs' impressions of what appears on surveillance footage and denies the allegations of Paragraph 124 on that basis.

125.    Admitted.

126.    Paragraph 126 consists of legal assertions upon which Plaintiffs seek to prevail and are not allegations that require an admission or denial.  To the extent any component of this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the legal assertions and positions referred to in this paragraph.

127.    Paragraph 127 consists of legal assertions upon which Plaintiffs seek to prevail and are not allegations that require an admission or denial.  To the extent any component of this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the legal assertions and positions referred to

in this paragraph.

128.   Paragraph 128 consists of legal and factual arguments upon which Plaintiffs seek to prevail and are not allegations that require an admission or denial.  To the extent any component of this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the legal assertions and positions referred to in this paragraph

129.   Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 129 and denies them on that basis.

## FACTUAL ALLEGATIONS

130.   Maricopa County admits that it kept medical records related to Mr. Yohannes but denies the remaining allegations of Paragraph 130.

131.   Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 131 as they relate to records that are not within its knowledge or control.  With respect to records within Maricopa County's knowledge and control, Maricopa County denies that those records establish that Mr. Yohannes was a Type I diabetic and that he was regularly treated for that condition.

132.   Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 132 that relate to records that are not within its knowledge or control.  With respect to records within Maricopa County's knowledge and control, Maricopa County admits that Mr. Yohannes' records indicate treatment or concerns related to DKA in three prior custodies.

133.   Admitted.

134.   Maricopa County admits that in October 2018, CHS staff attempted to treat Mr. Yohannes for Type II diabetes, which treatment he largely refused, including periodic blood glucose tests with varying results.  Maricopa County denies the allegations of Paragraph 134 that suggest Mr. Yohannes cooperated with the care that was ordered or that he participated in that care on a daily basis.

135.   Denied.

136.   Admitted.

137.   Maricopa County is without sufficient information to admit or deny the

allegations of Paragraph 137 that relate to records that are not within its knowledge or control. With respect to records within Maricopa County's knowledge and control, Maricopa County denies Plaintiffs' characterization of Mr. Yohannes' emergency medical treatment as being solely due to DKA. Maricopa County admits that Mr. Yohannes was three times transferred from MCSO custody to hospital emergency after he denied having any medical conditions at booking and shortly thereafter experienced medical complications related to dehydration, opiate withdrawal, vomiting, stomach pain, and hyperglycemia due to untreated diabetes.

138.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 130 that relate to records that are not within its knowledge or control. With respect to records within Maricopa County's knowledge and control, Maricopa County admits that come of Mr. Yohannes' records contains notions of medications prescribed for him, some of which he took and some of which he refused.

139.    Maricopa County admits the allegation that Dr. Gan prescribed Lantus on June 24, 2019 but denies the remaining allegations of Paragraph 139.

140.    Admitted.

141.    Admitted.

142.    Maricopa County admits that Dr Gan ordered regular insulin sliding scale treatments for Mr. Yohannes but denies Plaintiffs' characterization of Mr. Yohannes' medication as being "type one (1) diabetes medications," as the medications were also treatments for Type II diabetes. Maricopa County further denies that Ms. Yohannes regularly accepted prescribed medications because he frequently and commonly refused to take prescribed medications.

143.    Denied.

144.    Maricopa County admits that Mr. Yohannes was given diabetes related medications when prescribed and when Mr. Yohannes complied with his treatment plan and did not refuse medication. Maricopa County denies the remaining allegations of Paragraph 144.

145.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 145 and denies them on that basis.

BERRY LAW GROUP
PLLC
ATTORNEYS AT LAW

146. Paragraph 146 fails to identify the time period to which it refers. Maricopa County is therefore without sufficient information to admit or deny the allegations of Paragraph 146 and denies them on that basis.

147. Paragraph 147 fails to identify the time period to which it refers. Maricopa County is therefore without sufficient information to admit or deny the allegations of Paragraph 147 and denies them on that basis.

148. Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 148 and denies them on that basis.

149. Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 149 and denies them on that basis

150. Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 150 and denies them on that basis.

151. Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 151 and denies them on that basis.

152. Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 152 and denies them on that basis.

153. Admitted.

154. Paragraph 154 is an assertion of medical information and opinion which Plaintiffs intend to argue at trial and does not require an admission or denial. To the extent that Paragraph 154 requires an admission or denial the paragraph is denied pending development by expert testimony in this lawsuit.

155. Paragraph 155 is an assertion of medical information and opinion which Plaintiffs intend to argue at trial and does not require an admission or denial. To the extent that Paragraph 155 requires an admission or denial the paragraph is denied pending development by expert testimony in this lawsuit.

156. Paragraph 156 is an assertion of medical information and opinion which Plaintiffs intend to argue at trial and does not require an admission or denial. To the extent that Paragraph 156 requires an admission or denial the paragraph is denied pending development by expert testimony in this lawsuit.

157. Maricopa County is without sufficient information to admit or deny the

allegations of Paragraph 157 and denies them on that basis.

158.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 158 and denies them on that basis.

159.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 159 and denies them on that basis.

160.    Admitted.

161.    Maricopa County admits that Mary Daugomah (CH674) attempted to perform a pre-intake health screen of Mr. Yohannes on October 13, 2023 and that Robyn Avalos attempted to assess Mr. Yohannes for addiction related treatment.  Maricopa Conty denies the remining allegations of Paragraph 161.

162.    Admitted.

163.    Admitted

164.    Admitted

165.    Admitted

166.    Denied.

167.    Denied.

168.    Maricopa county admits that an intake record states "Diabetes Type 1 - Blood sugar = 157" but is without sufficient information to admit or deny the remaining allegations of Paragraph 168 and denies them on that basis.

169.    Admitted.

170.    Denied.

171.    Plaintiffs' characterization of the allegations of this paragraph as "interestingly" is denied.    Maricopa /county admits the remaining allegations of Paragraph 171.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Admitted.

176.    Admitted.

177.    Maricopa County admits that Acetaminophen and Ondansetron were

administered to Mr. Yohannes, but denies the implication or allegation that these were the only medications offered to Mr. Yohannes.

178.    Admitted.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Admitted.

184.    Admitted.

185.    Maricopa County is without sufficient information to admit or deny Plaintiffs' impressions of what appears on surveillance footage, but admits that Mr. Yohannes was transferred to another cell.

186.    Maricopa County is without sufficient information to admit or deny Plaintiffs' impressions of what appears on surveillance footage and denies the allegations of Paragraph 186 on that basis.

187.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 187 and denies them on that basis.

188.    Paragraph 188 states a belief of the Plaintiffs and requires no admission or denial.

189.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 189 and denies them on that basis.

190.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 190 and denies them on that basis.

191.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 191 and denies them on that basis.

192.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 192 and denies them on that basis.

193.    Maricopa County admits that at a COMS assessment form from 1:14 a.m. on October 13, 2023 indicates that the assessment could not be performed because Mr. Yohannes was not active and unavailable but denies the remaining allegations of

Paragraph 193.

194.   Admitted.

195.   Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 195 and denies them on that basis.

196.   Denied.

197.   Denied.

198.   Admitted.

**9 AM INCIDENT**

199.   Denied.

200.   Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 200 and denies them on that basis.

201.   The first allegation of Paragraph 201 states a belief of the Plaintiffs and requires no admission or denial.  Maricopa County is without sufficient information to admit or deny the remaining allegations of Paragraph 201 and denies them on that basis.

202.   Paragraph 202 contains no allegations that require an admission or denial.

203.   Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 203 and denies them on that basis.

204.   Denied.

205.   Maricopa County is without sufficient information to admit or deny Plaintiffs' impressions of what appears on surveillance footage and denies the allegations of Paragraph 205 on that basis.

206.   Denied.

207.   Maricopa County admits that documents indicate Ms. Stevens attempted to do a COWS assessment of Mr. Yohannes at around 12.02 p.m. on October 14, 2023. Maricopa County is without sufficient information to admit or deny the remining allegations of Paragraph 207 and denies them on that basis.

208.   Admitted.

209.   Denied.

210.   Denied.

211.   Paragraph 210 is unclear at the timeframe to which it refers, but Maricopa

County admits that Mr. Yohannes was not moved to another cell or housing unit after he was housed in Fourth Avenue Jail Unit 2A 1:02.

212.    Denied.

213.    Maricopa County is without sufficient information to admit or deny Plaintiffs' impressions of what appears on surveillance footage.  Maricopa County is also without sufficient information to admit or deny the remaining allegations of Paragraph 213 and denies the m on that basis.

214.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 214 and denies them on that basis.

215.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 215 and denies them on that basis.

216.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 216 and denies them on that basis.

217.    Maricopa County admits that Mr. Yohannes was handcuffed but is without sufficient information to admit or deny the remaining allegations of Paragraph 217 and denies them on that basis.

218.    Maricopa County admits that Mr. Yohannes is dragged out of the cell but is without sufficient information to admit or deny the remaining allegations of Paragraph 218.

219.    Maricopa County denies each allegation of Paragraph 219 except that personnel gathered outside of cell 2A1 which is admitted.

220.    Maricopa County admits that Mr. Yohannes' blood sugar was checked and that it was elevated but denies the remaining allegations of Paragraph 220.

221.    Maricopa County is without sufficient information to admit or deny Plaintiffs' impressions of what appears on surveillance footage.  To the extent that Paragraph 221 alleges that a blood sugar test was not done, then Maricopa County denies that allegation.

222.    Maricopa County admits that insulin was not administered to Mr. Yohannes but denies the remaining allegations of Paragraph 222.

223.    Maricopa County admits that Mr. Yohannes asked for Gatorade and that

BERRY LAW GROUP
—PLLC—
ATTORNEYS AT LAW

Julie Stevens provided him with Gatorade.  Maricopa County denies the remaining allegations of Paragraph 223.

224.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 224 and denies them on that basis.

225.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 225 and denies them on that basis.

226.    Admitted.

227.    Maricopa County admits the allegations of Paragraph 227 except the allegation that Pam Conn was present.

228.    Maricopa County admits that no personnel "stepped in to determine how much insulin to give Remon.  Maricopa County denies the remaining characterizations and allegations of Paragraph 228 that suggest that CHS staff failed to properly assess and treat Mr. Yohannes.

229.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 229 and denies them on that basis.

230.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 230 and denies them on that basis.

231.    Denied.

232.    Denied.

233.    Admitted.

234.    Admitted.

235.    Admitted.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Admitted.

240.    Maricopa County denies that Mr. Yohannes was in "severe" pain but admits that Mr. Yohannes complained of body aches.

241.    Maricopa County admits the allegation of Paragraph 241 except insofar as it describes Mr. Yohannes thirst as "extremely" which is denied.

242.    Maricopa County admits that Mr. Yohannes was vomiting but denies Paragraph 242's characterization of this vomiting as "repeatedly" as that term is not quantitative.

243.    Denied.

244.    Denied.

245.    Denied.

246.    Admitted.

247.    Maricopa County admits that Mr. Yohannes was given Gatorade but denies the remaining allegations of Paragraph 247.

248.    Denied.

249.    Paragraph 249 consists of medical legal assertions and arguments upon which Plaintiffs seek to prevail and are not allegations that require an admission or denial. To the extent this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the legal assertions and positions referred to in this paragraph.

250.    Paragraph 425 consists of medical legal assertions and arguments upon which Plaintiffs seek to prevail and are not allegations that require an admission or denial. To the extent this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the legal assertions and positions referred to in this paragraph.

251.    Paragraph 251 consists of medical legal assertions and arguments upon which Plaintiffs seek to prevail and are not allegations that require an admission or denial. To the extent this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the legal assertions and positions referred to in this paragraph.

252.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 252 and denies them on that basis.

253.    Admitted.

254.    Admitted.

255.    Denied.

256.   Denied.

257.   Denied.

## 2 PM INCIDENT

258.   Admitted.

259.   Admitted.

260.   Admitted.

261.   Admitted.

262.   Denied.

263.   Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 263 and denies them on that basis.

264.   Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 264 and denies them on that basis.

265.   Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 265 and denies them on that basis.

266.   Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 264 and denies them on that basis.

267.   Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 267 and denies them on that basis.

268.   Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 268 and denies them on that basis.

269.   Admitted.

270.   Admitted.

271.   Admitted.

272.   Maricopa County admits that inmates waived to the cell surveillance camera but denies the allegation that this was frantic.

273.   Maricopa County admits that inmates tried to help Mr. Yohannes and tried to get the attention of jail staff but denies the remaining allegations of Paragraph 273.

274.   Maricopa County admits that inmates were banging on the door but denies the remaining allegations of Paragraph 274.

275.   Admitted.

276.    Maricopa County admits the allegations of Paragraph 276 except the characterization of jail staffs' arrival as 'finally" which is denied.

277.    Admitted.

278.    Admitted.

279.    Admitted.

280.    Maricopa County admits that an individual on surveillance footage has green liquid at the time identified but is without sufficient information to admit or deny the remaining allegations of Paragraph 280.

281.    Maricopa County admits that CHS staff took and monitored Mr. Yohannes vital signs during the emergency treatment offered at and around the time identified in Paragraph 281 and afterwards.

282.    Maricopa County denies that guards became "frantic" but admits that handcuffs were removed from Mr. Yohanes so that CHS staff could more effectively provide emergency care to Mr. Yohannes.

283.    Maricopa County denies Plaintiffs' characterization of events of this medical emergency as "horrific," but admits the remaining allegations of Paragraph 283.

284.    Admitted.

285.    Maricopa County admits that a defibrillator was used to monitor and record heart rhythm.

286.    Maricopa County admits that CPR was initiated around the time identified in Paragraph 286 and was then performed for the remainder of Mr. Yohannes emergency treatment but is without sufficient information to verify the exact moment that CPR began.

287.    Maricopa County admits that a gurney was brought into the cell at around the time indicated in Paragraph 287 but denies that this occurred at the time indicated in this paragraph.

288.    Admitted.

289.    Admitted.

290.    Admitted.

291.    Admitted.

292.    Admitted.

293.    Admitted.

294.    Maricopa County admits the allegation of the first sentence of Paragraph 294. The remaining allegations of Paragraph 294 are assertions of medical information and opinion which do not require an admission or denial. To the extent that Paragraph 294 requires any further admission or denial the allegations of that paragraph are denied pending development by expert testimony in this lawsuit

295.    Paragraph 295 does not identify the person, entity, or defendants(s) to which it refers and is denied on that basis.

296.    Paragraph 296 does not identify the person, entity, or defendants(s) to which it refers and is denied on that basis.

297.    Paragraph 297 does not identify the person, entity, or defendants(s) to which it refers and is denied on that basis. Maricopa County further and specifically denies that any defendant in this matter "signed his death warrant" which is inflammatory and outrageous characterization of the circumstances of this matter as they actually occurred.

298.    Admitted.

299.    Admitted.

300.    Maricopa County is without sufficient information to admit or deny Paragraph 300's characterization of Mr. Yohannes' blood glucose being tested "immediately" but admits that records show blood glucose was serially tested by Banner University Medical and was noted to be 512 at its highest.

301.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 301 and denies them on that basis.

302.    Admitted.

303.    Denied.

304.    Admitted.

305.    Admitted.

306.    Paragraph 306 is an assertion of medical information and opinion which Plaintiffs intend to argue at trial and does not require an admission or denial. To the

extent that Paragraph 306 requires an admission or denial the paragraph is denied pending development by expert testimony in this lawsuit.

307.   Paragraph 307 is an assertion of medical information and opinion which Plaintiffs intend to argue at trial and does not require an admission or denial.  To the extent that Paragraph 307 requires an admission or denial the paragraph is denied pending development by expert testimony in this lawsuit.

308.   Paragraph 308 is an assertion of medical information and opinion which Plaintiffs intend to argue at trial and does not require an admission or denial.  To the extent that Paragraph 308 requires an admission or denial the paragraph is denied pending development by expert testimony in this lawsuit.

309.   Admitted.

310.   Admitted.

311.   Admitted.

312.   Admitted.

313.   Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 313 and denies them on that basis.

314.   Maricopa County admits that Banner University Hospital notes contain the statement quoted in Paragraph 314.

315.   Maricopa county admits the allegations that Mr. Yohannes was not given Lantus or insulin.  All other allegations of Paragraph 315 are legal medical arguments upon which Plaintiffs base their claims which require no admission or denial.  To the extent any component of this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the theories referred to in this paragraph.

316.   Denied.

**AFTER THE FACT ADDITIONS/ADDENDUMS**

317.   Denied.

318.   Admitted.

319.   Admitted.

320.   Admitted.

1    321.    Admitted.

2    322.    Admitted.

3    323.    Denied.

4    324.    Maricopa County admits that no medications were given to Mr. Yohannes during his approximately 9:30 treatment on October 14, 2024, but notes that investigation and assessment of Mr. Yohannes condition at that time included attempting to determine what if any medications Mr. Yohannes had been taking, what was the nature of his claimed diabetes, and how to treat the condition as appropriate which resulted in orders for appropriate care being obtained.

325.    Maricopa County is without information sufficient to admit of deny the allegation of Paragraph 325 and denies the allegation on that basis.

326.    Denied.

327.    Paragraph 327 contains only medical arguments and opinions upon which Plaintiffs base their claims which require no admission or denial.  To the extent any component of this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the theories referred to or suggested in this paragraph.

328.    Paragraph 328 contains only medical arguments and opinions upon which Plaintiffs base their claims which require no admission or denial.  To the extent any component of this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the theories referred to or suggested in this paragraph.

329.    Admitted.

330.    Denied.

331.    Maricopa County admits that at approximately 9:45 a.m. an order was entered for blood sugar checks for Mr. Yohannes.  Maricopa County denies Plaintiffs' characterization of this event as the "only pseudo-timely entry in Remon's record.

332.    Paragraph 332 attests to Plaintiffs' knowledge and is not an allegation of fact that requires an admission or denial.

333.    Denied.

334.    Paragraph 334 does not contain an allegation of fact that requires and admission or denial.  To the extent that this paragraph suggest missteps on the part of Maricopa County or its agent or employees, then this allegation is denied.

335.    Maricopa County assumes that Paragraph 335 refers to late entries made in Mr. Yohannes' chart which is admitted.

336.    Admitted.

337.    Admitted.

338.    Maricopa County admits that Mr. Yohannes had been ordered on regular insulin sliding scale in previous custodies but denies the remaining allegations of this paragraph.

339.    Paragraph 339 contains only medical-legal arguments and opinions upon which Plaintiffs base their claims which require no admission or denial.  To the extent any component of this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the theories referred to or suggested in this paragraph.

340.    Denied.

341.    Admitted.

342.    Admitted.

343.    Admitted.

**INDIVIDUAL LIABILITY**

344.    Denied.

345.    Denied.

346.    Admitted.

347.    Maricopa County admits that one record from Mr. Yohannes' October 2023 custody indicates continuity of care was reviewed.

348.    Denied.

349.    Denied.

350.    Denied.

351.    Denied.

352.    Denied.

-24-

353. Denied.

354. Maricopa Couty is without sufficient information to admit or deny the allegations of Paragraph 354 and denies them on that basis.

355. Paragraph 355 contains only speculative medical-legal arguments and opinions upon which Plaintiffs base their claims which require no admission or denial. To the extent any component of this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the theories referred to or suggested in this paragraph.

356. Denied.

357. Denied.

358. Denied.

359. Maricopa County admits that Officer Ball visited Mr. Yohannes's cell but is without sufficient information to admit or deny the allegations of Paragraph 359 and denies them on that basis.

360. Paragraph 360 asserts allegations that relate solely to other defendants and does not require an admission or denial by Maricopa County. To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

361. Paragraph 361 asserts allegations that relate solely to other defendants and does not require an admission or denial by Maricopa County. To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

362. Paragraph 362 asserts allegations that relate solely to other defendants and does not require an admission or denial by Maricopa County. To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

363. Paragraph 363 asserts allegations that relate solely to other defendants and

does not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

364.    Paragraph 364 asserts allegations that relate solely to other defendants and does not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

365.    Paragraph 365 asserts allegations that relate solely to other defendants and does not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

366.    Paragraph 367 asserts allegations that relate solely to other defendants and does not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

## SUPERVISORY LIABILITY

367.    Paragraph 367 asserts allegations that relate solely to other defendants and does not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

368.    Denied.

369.    Paragraph 369 asserts allegations that relate solely to other defendants and does not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that

basis.

370.    Maricopa County admits that it has oversight responsibilities with respect to its CHS department and employees and that under appropriate legal theories and circumstances it may be liable for the actions of its employees under the doctrine of respondeat superior.  Maricopa County denies the remaining allegations of Paragraph 370.

371.    Denied.

372.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 372 and denies them on that basis.

373.    Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 373 and denies them on that basis.

374.    Maricopa County admits that Dr. David Crutchfield is the medical director of CHS but denies the remaining allegations of Paragraph 374.

375.    Denied.

376.    Denied.

377.    Maricopa County admits that Dr. Crutchfield is involved with the formulation and issuance of CHS policies but denies the remaining allegations of Paragraph 377.

378.    Maricopa County admits that Lisa Struble is the director of CHS but denies the remaining allegations of Paragraph 378.

379.    Denied.

380.    Denied.

381.    Maricopa County admits that Ms. Struble is involved with the issuance of CHS policies but denies the remaining allegations of Paragraph 381.

382.    Admitted.

383.    Paragraph 383 contains only argument and opinions of Plaintiffs regarding the duties allegedly owed by Dr. Gan which require no admission or denial by Maricopa County.  To the extent any component of this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the theories referred to or suggested in this paragraph.

384.   Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 384 and deny them on that basis.

385.   Denied.

386.   Denied.

387.   Maricopa County admits that on June 24, 2019, Dr. Gan charted "This is NOT DKA, px does not have type 1 DM as he would have perished without insulin x 4 months." Maricopa County denies the remaining allegations of Paragraph 387.

388.   Denied.

389.   Paragraph 389 asserts allegations that relate solely to other defendants and does not require an admission or denial by Maricopa County. To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

390.   Paragraph 369 asserts allegations that relate solely to other defendants and does not require an admission or denial by Maricopa County. To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

## COUNT 1 WRONGFUL DEATH

391.   Paragraph 391 requires no admission or denial.

392.   Admitted.

393.   Admitted.

394.   Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 394 and denies them on that basis.

395.   Paragraph 395 consists of legal conclusions that require no admission or denial.

396.   Denied.

397.   Denied.

398.   Denied.

399.   Denied.

400.   Maricopa County is without sufficient information to admit or deny the allegations of Paragraph 400 and denies them on that basis.  Maricopa County further and specifically denies it denies that it caused the damages alleged in this paragraph.

401.   Denied.

402.   Denied.

### COUNT 2 / GROSS NEGLIGENCE

403.   Paragraph 403 requires no admission or denial.

404.   Paragraph 404 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the authorities and theories referred to in this paragraph.

405.    Paragraph 405 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the authorities and theories referred to in this paragraph.

406.   Paragraph 406 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the authorities and theories referred to in this paragraph.

407.   Paragraph 407 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the authorities and theories referred to in this paragraph.

408.   Paragraph 408 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the authorities and theories referred to in this paragraph.

409.   Denied.

410.   Paragraph 410 asserts allegations that relate solely to other defendants and does not require an admission or denial by Maricopa County.  To the extent that an

BERRY LAW GROUP
—— PLLC ——
ATTORNEYS AT LAW

admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

411.    Paragraph 408 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the authorities and theories referred to in this paragraph.

412.    Paragraph 412 asserts allegations that relate solely to other defendants and does not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

413.    Paragraph 413 asserts allegations that relate solely to other defendants and does not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

414.    Paragraph 414 asserts allegations that relate solely to other defendants and does not require an admission or denial by Maricopa County.  To the extent that an admission or denial might be required for these allegations, then Maricopa County is without sufficient information to admit or deny the allegations and denies them on that basis.

415.    Paragraph 415 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the authorities and theories referred to in this paragraph.

416.    Denied.

417.    Denied.

418.    Denied.

419.    Denied.

420.    Denied.

421.    Denied.

422.    Denied.

423.    Denied.

424.    Denied.

### COUNT 3 / NEGLIGENCE / AXIOM

425.    Paragraphs 425 through 434 assert claims and legal theories and conclusions against only Axiom and not against Maricopa County.  Those paragraphs require no admissions or denials by Maricopa County.  To the extent this paragraph may be interpreted to require an admission or denial by Maricopa County, then it denies all liability under the authorities and theories referred to in this paragraph.

### COUNT 4 / CRUEL AND UNUSUAL (8th and 14th Amendments)

426.    Paragraphs 435 through 434 assert claims and legal theories and conclusions against only "CHS Defendants" and MCSO Defendants," neither of which includes Maricopa County.  Those paragraphs require no admissions or denials by Maricopa County.   To the extent this paragraph may be interpreted to require an admission or denial by Maricopa County, then it denies all liability under the authorities and theories referred to in this paragraph.

### COUNT 5 / CRUEL AND UNUSUAL (8th and 14th Amendments)

445.    Paragraph 445 requires no admission or denial.

446.    Paragraph 446 consists of or refers to legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then Maricopa County denies all liability under the authorities and theories referred to in this paragraph.  Maricopa County further specifically denies that defendants violated Mr. Yohannes' constitutional rights.

447.    Denied.

448.    Denied.

449.    Denied.

450.    Denied.

BERRY LAW GROUP
PLLC
ATTORNEYS AT LAW

451.    Denied.

452.    Denied.

453.    Denied.

454.    Denied.

**COUNT VI BATTERY**

455.    Paragraphs 455 through 462 assert claims and legal theories and conclusions against only against the "CHS Defendants" which does include Maricopa County.    Those paragraphs therefore require no admissions or denials by Maricopa County.    To the extent those paragraphs may be interpreted to require an admission or denial by Maricopa County, then it denies all liability under the authorities and theories referred to in this paragraph.

463.    Paragraph 463 is a jury demand which requires no admission or denial.

Defendant Maricopa County denies all claims for relief asserted in Plaintiffs' Prayer for Relief and each of its subsections.    Maricopa Couty expressly denies any allegation that is stated or inferred in the First Amended Complaint that is not specifically admitted in this Answer.

**AFFIRMATIVE DEFENSES**

Maricopa County asserts the following affirmative defenses:

Count One of Plaintiffs' First Amended Complaint fails to state a claim for relief. Count One states that it is for wrongful death under A.R.S. §12-611 and A.R.S. §14-3110. A.R.S §12-611. A.R.S. § 12-611, however, does not create a separate and distinct cause of action.

Comparative Fault: Maricopa County asserts Pursuant to A.R.S. § 12-2501, *et seq.*, that Plaintiff's damages, if any, must be reduced in proportion to Plaintiff's comparative fault and/or the fault of other parties and/or non-parties.

Maricopa County directly or through its agents and employees alleges that it is entitled to immunity under A.R.S. § 12-820.01 and/or A.R.S. § 12-820.21.

Maricopa County directly or through its agent and employees is entitled to qualified immunity under federal law. *Castro v. County of Los Angeles*, 833 F.3d 1060,

1066 (9th Cir. 2016).

The injuries alleged in the First Amended Complaint were not the result of a policy or custom of Maricopa County.

The policy or custom of providing Gatorade to inmates alleged in the First Amended Complaint to be the cause of the injuries described was not the actionable cause of the constitutional violations alleged, nor could this alleged policy or custom cause a violation of civil rights under the circumstances alleged.

Maricopa County reserves its right to assert any further affirmative defenses as listed in Rule 8(c), Federal Rules of Civil Procedure, and/or any other affirmative defenses set forth in statute or under common law should facts become known through the course of discovery that would support any such defenses.

**RESPECTFULLY SUBMITED** this 22nd day of November, 2024.

**BERRY LAW GROUP, PLLC**


By:  /s/ Christopher J. Berry
Christopher J. Berry, Esq.
*Attorneys for Defendant Maricopa County*


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 22, 2024, I caused the foregoing document to be electronically transmitted to the Clerk's Office using CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system

Sean A. Woods
Robert T. Mills
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Ste 101
Phoenix, Arizona 85014
swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiff*

Kim Chamberlain
Charles Trullinger

-33-

**MARICOPA COUNTY ATTORNEY – CIVIL SERVICES DIVISION**
225 West Madison Street
Phoenix, Arizona 85003
Kim.Chamberlain@mcao.maricopa.gov
trullinc@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
*Attorneys for Paul Penzone*

Jody C. Corbett
**OFFICE OF THE CITY ATTORNEY**
200 W. Washington, Suite 1300
Phoenix, Arizona 85003-1611
Law.civil.minute.entries@phoenix.gov
*Attorney for City of Phoenix*

James Jellison
**JELLISON & ROBENS, PLLC**
18801 N. Thompson Peak Parkway, Ste D235
Scottsdale, AZ 85255
jim@jrlawaz.com
*Attorney for Robin Avalos*

Pari K. Scroggin
**GRASSO LAW FIRM**
3075 W. Ray Road, Suite 110
Chandler, AZ 85226
pscroggin@grassolawfirm.com
*Attorneys for Building Blocks Counseling, LLC*

By:   /s/ Maria Elena Garcia