Christopher J. Berry, Esq. – #015385
**BERRY LAW GROUP, PLLC**
1850 N. Central Ave., Suite 1025
Phoenix, Arizona 85004
Telephone: (602) 462-1141
Facsimile: (602) 462-1151
cberry@berrylawgroup.com
admin@berrylawgroup.com
***Attorneys for Defendant Maricopa County***

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edmon Yohannes, et al., | Case No.  CV-24-02087-PHX-ROS (CDB) |
| Plaintiffs, | **CONSOLIDATED MOTIONS TO DISMISS OF CHS DEFENDANTS ARRINGTON, FAIRFIELD, MARTIN, TREVETT and WRIGHT** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Defendants LaShon Arrington, Michelle Martin, Christie Trevett, Andrew Fairfield, and Cynthia Wright ("Moving Defendants" or "Movants") move to dismiss Plaintiff's claims against them as stated in Plaintiffs' First Amended Complaint (Doc. 63, referred to in this Motion as "Complaint"). Each Defendant brings his or her motion to dismiss through this consolidated pleading to present the issues efficiently for the Court and because the issues and arguments related to each are similar enough in nature to do so. The allegations of the Complaint related to each movant are identified and addressed independently to the extent necessary to present differences or separate arguments related to each Movant, but the legal arguments for dismissal are largely the same among these Defendants. The commonality among these Defendants is that the Complaint does not have allegations alleging that each person was directly involved with

BERRY LAW GROUP
— PLLC —
ATTORNEYS AT LAW

the care or treatment of Mr. Yohannes in any way, or in a way that could have a causal connection to the injuries alleged in the Complaint.

This Motion is brought pursuant to Fed. R. Civ. P. 12(b)(6) & 8(a)(2). Accepting all of the allegations of the Complaint as true the Moving Defendants were not involved with the care of Mr. Yohannes in October 2023. Plaintiffs have made no discernable allegations against Mr. Fairfield, Ms. Martin, or Ms. Trevett. As for Mr. Arrington and Ms. Wright, Plaintiffs claims are based solely upon entries that they made into Mr. Yohannes medical record that were not relied upon by CHS, and in the case of Ms. Wright, could not have been relied upon because Mr. Yohannes had died by the time they were entered.

This Motion should be granted because Plaintiffs have not alleged legally cognizable claims against these defendants, nor have they plead facts sufficient to support any claims for relief against them. Merely charting information, even if incorrect or done after the fact, cannot be the basis of a claim that these Defendants reasonably knew that they was creating an unreasonable risk of harm to Mr. Yohannes for the purposes of Plaintiffs' gross negligence claim. In addition, the Complaint alleges no facts related to the Moving Defendants that would describe how they violated any right of Mr. Yohannes or how their acts or omissions caused Mr. Yohannes' Fourteenth or Eighth Amendment rights to be violated. Lastly, these Defendants had no contact with Mr. Yohannes so they could not committed common law battery against him.

This Motion is supported by the following Memorandum of Points and Authorities and the Complaint.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

BERRY LAW GROUP
PLLC
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      Background and Allegations Against the Moving Defendants.

### A. The Complaint does not allege that the Moving Defendants had contact with Mr. Yohannes, but it includes them in Plaintiff's definition of "CHS Defendants" and in Plaintiffs' non-specific assertions of liability.

Each of the Moving Defendants is a present or former CHS employee who was working during or in the days after Mr. Yohannes' October 12-14 custody in the MCSO jail system.  As the Complaint alleges, Mr. Yohannes was first received at the MCSO's ITR facility where he was processed for intake.  Doc. 63 ¶115.  After Mr. Yohannes' initial appearance before the magistrate judge he was assigned to housing in the MCSO's Fourth Avenue Jail.  Doc. 63 ¶ 117.  During this time, several CHS employees interviewed, examined, and provided health care to Mr. Yohannes.  Plaintiffs allege that the care and treatment Mr. Yohannes received during this time was grossly negligent and that defendants were deliberately indifferent to Mr. Yohannes' medical needs.  The CHS Defendants disagree entirely and will defend this matter accordingly.  Setting aside the dispute over the nature and quality of care that Mr. Yohannes received, the Complaint alleges that Mr. Yohannes was seen at various times by CHS staff during his October 2023 confinement.  The CHS Defendants who Plaintiffs identify as being personally involved with Mr. Yohannes' care and treatment are not participating in this Motion and will answer the Complaint.  This Motion is brought by the defendants who are not mentioned in the Complaint other than being named as Defendants, and those whose involvement in this matter as alleged was simply through charting information and not providing care to Mr. Yohannes.

Plaintiffs assert a broad statement of liability for the CHS Defendants in paragraphs 344-52 of the Complaint.  Fairly summarized, those paragraphs allege that each of the CHS Defendants (including each of the Movants) were "charged with" Mr. Yohannes' care; had the opportunity to provide care; and either saw him personally or

entered information in his chart. Plaintiffs then allege that each defendant acted under color of state law, failed to provide care to Mr. Yohannes, and were recklessly indifferent to his medical needs causing his death. Under this general theory of liability each of the Moving Defendants is sued for gross negligence (Count Two), cruel and unusual punishment under the Eighth and Fourteenth Amendments (Count Four), and common law battery (Count Six).

The statement of liability noted above applies to all CHS Defendants no matter what their alleged conduct or how the Complaint defines their involvement with Mr. Yohannes' October 2023 custody. The same is true of the allegations of the particular counts for relief. In this way, and perhaps intentionally, Plaintiff's make no distinction between or among the acts or omissions of any particular CHS Defendant. Plaintiffs instead lump all of the CHS Defendants into a group and treat their conduct as though it was similar or was one uniform group effort. This means a person who did not see Mr. Yohannes but made entries in his chart is treated the same as someone who was directly involved with Mr. Yohannes' care or lack of care as Plaintiffs allege. This is entirely inappropriate because each of the Moving Defendants is sued personally, and each is entitled under Fed. R. Civ. P. 8(a) to a plain statement of what it is that they are alleged to have done, and how those acts or omissions caused or contributed to Mr. Yohannes' death.

By not differentiating between the CHS Defendants in their counts against them, one must refer back to the factual allegation portion of the Compliant to determine what the Moving Defendants did that allegedly violated Mr. Yohannes' civil rights and caused or contributed to his death. The factual allegations of this 463 paragraph Complaint fail entirely in this regard. Plaintiff's factual allegations are lengthy, detailed, and full of subjective commentary and inflammatory modifiers, yet Plaintiffs fail to give even the most basic description of how the Moving Defendants are alleged to be involved with

this matter in ways that could have violated Mr. Yohannes' rights or caused or contributed to his death.

### B. The specific allegations about each Moving Defendants.

The discernable allegations related to each of the Moving Defendants are as follows:

### 1. LaShon Arrington.

21. LASHON ARRINGTON ("Arrington") was at all relevant times employed with CHS and Maricopa and was acting as an agent of CHS and Maricopa. Arrington is sued in his official and individual capacity.

198. LaShon Arrington wrote that at 7:00:00 A.M. on October 14, 2023, Remon refused his medications.

199. This is false.

200. The video record from October 14, 2023, shows Remon was in his cell on his bunk from 6:54 A.M. until 8:19 A.M.

The Complaint has no further allegations related to Mr. Arrington. Mr. Arrington's entire involvement in this matter is alleged to be that he reported in Mr. Yohannes' chart that Mr. Yohannes refused his opiate withdrawal medications. This allegation then has no causal connection to the Plaintiffs' damages. Plaintiffs allege that CHS staff failed to treat Mr. Yohannes diabetes which caused his death. Plaintiffs have not alleged that a charting error by Mr. Arrington or any CHS staff caused Mr. Yohannes death. Assuming the Complaint's allegations against Mr. Arrington to be true, there is no causal connection between Mr. Yohannes' death and the allegation that Mr. Arrington incorrectly charted that Mr. Yohannes refused his opiate withdrawal medication earlier that day. The Complaint does not allege that Mr. Yohannes' failure to take his opiate withdrawal medication caused or contributed to his death. The Complaint does not suggest that any CHS staff relied upon Mr. Arrington's allegedly incorrect chart entry in terms of how they approached Mr. Yohannes' care. In fact, no allegation of the

BERRY LAW GROUP
PLLC
ATTORNEYS AT LAW

Complaint suggests that CHS staff ever relied upon any information that was noted in Mr. Yohannes chart. To the contrary, the Complaint alleges many times that CHS staff never reviewed Mr. Yohannes chart. *See* Doc. 63, ¶¶ 236, 340 & 396 (all alleging that CHS staff never reviewed Mr. Yohannes' medical records).

**2. Andrew Fairfield**.

30. ANDREW FAIRFIELD ("Fairfield") was at all relevant times employed with CHS and Maricopa and was acting as an agent of CHS and Maricopa. Fairfield is sued in his official and individual capacity.

**3. Michelle Martin.**

22. MICHELLE MARTIN ("Martin") was at all relevant times employed with CHS and Maricopa and was acting as an agent of CHS and Maricopa. Hodge is sued in her official and individual capacity.

**4. Christi Trevett.**

25. CHRISTI TREVETT ("Trevett") was at all relevant times employed with CHS and Maricopa and was acting as an agent of CHS and Maricopa. Hodge is sued in his/her official and individual capacity.

Paragraphs 22, 25 & 30 are the only references in the Complaint to Mr. Fairfield, Ms. Martin, and Ms. Trevett. The Complaint provides no information to suggest why these individuals have been sued in this matter. These Defendants can state no better or simpler argument for the dismissal of Plaintiffs' claims against them than the fact that they are not actually mentioned anywhere in the Complaint other than the paragraph identifying them as a defendants who are being sued in their official and personal capacities.

**3. Cynthia Wright.**

26. CYNTHIA WRIGHT ("Wright") was at all relevant times employed with CHS and Maricopa and was acting as an agent of CHS and Maricopa. Wright is sued in her official and individual capacity.

342. Wright created a late entry record on October 16, 2023 at 5:27:52 AM stating:

BERRY LAW GROUP PLLC
ATTORNEYS AT LAW

Late entry: 1356 mandown called 1357: on arrival pt unresponsive with dark brown fluid with coffee ground like emesis near pt. No pulse found this RN initiated chest compressions, request for Phx fire made. Pt had large amounts of coca cola colored fluid with small brown particles with each compression. AED was applied before pt placed on backboard. O2 applied with AMBU back @ 15 L pt remains unresponsive with no pulse. Chest compressions continued with suction. large amounts of fluids continues to come out. approx. 1408: Phx fire took over chest compressions. Per Phx fire pt has heart rhythm provider P. Conn NP was present during man down. CH132 all orders TO RAV unable to complete vitals signs bodily fluids all over area and pt

343. On October 16, 2023 at 9:39:40 A.M., Wright posted to Remon's record that he was admitted to the hospital as a "JOHN DOE" and that the contributing factors to Remon's death was Diabetic ketoacidosis and anoxic brain injury.

The only two allegations of the Complaint that relate Ms. Wright are that she added entries to Mr. Yohaness' medical chart on October 16, 2023. As noted in the Complaint, October 16, 2023 was two days after Mr. Yohannes' was transported from the jail to the hospital (Doc. 63 ¶¶ 290-92) and was the day after he died (Doc. 63 ¶ 311). There can be no conceivable causal connection between Mr. Yohannes' death and Ms. Wright charting information about Mr. Yohannes' the day after his death. These factual allegations, when read with Plaintiffs' theories of individual liability and Counts Two, Four, and Six, give no notice of how Ms. Wright's acts or omissions violated Mr. Yohannes' rights or caused or contributed to his death.

II.    **Plaintiffs' Complaint Fails to State Claims for Relief Against the Moving Defendants under any of the Three Counts Alleged Against the Them**.

Plaintiffs' allege three separate counts against the Moving Defendants: Count Two, gross negligence of public employee; Count Four, cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments brought pursuant to 28 U.S.C §1983;

BERRY LAW GROUP
PLLC
ATTORNEYS AT LAW

1    and Count Six, common law battery.[1]  None of these counts state an actionable claim for

2    relief against the Moving Defendants.  It is obvious that Plaintiffs have not asserted a

3    cognizable claim against Defendants Fairfield, Martin and Trevett because no allegations

4    of the Complaint actually deal with them by name or by inference.  With respect to Mr.

5    Arrington and Ms. Wright, the allegations of charting information, whether or not the

6    information was timely or correct, cannot be the basis of a cause of action against them

7    in the considering the other and main allegations of the Complaint.

8    **A. Standards for consideration of a motion to dismiss.**

9    As recently stated in *Gerow v. United States DOJ*, No. CV-23-01059-PHX-DGC,

10   2024 U.S. Dist. LEXIS 6585, at 7-8 (D. Ariz. Jan. 12, 2024), a Complaint that sets forth

11   a cognizable legal theory will survive a motion to dismiss under Federal Rule of Civil

12   Procedure 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a

13   claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.

14   Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

15   570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  The complaint's factual allegations are

16   taken as true and construed in the light most favorable to the plaintiff.  *See Cousins v.

17   Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  A Complaint must provide "more than

18   labels and conclusions, and a formulaic recitation of the elements of a cause of action

19   will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  A Complaint may

20   be dismissed "based on either the lack of a cognizable legal theory or the absence of

21   sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts,

22   Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citing *Balistreri v. Pacifica Police Dep't*, 901

23   F.2d 696, 699 (9th Cir. 1990)).

24

25

26   [1] Plaintiffs' Count One states that it is for wrongful death under A.R.S. §12-611 and A.R.S. §14-3110.  A.R.S §12-611.  A.R.S. § 12-611, however, does not create a separate and distinct cause of action.  It merely enables the proper plaintiff to bring a wrongful death claim based upon recognized theories of liability

-8-

1

2

**B. The Complaint fails to state legally cognizable claims against the two Defendants alleged to have improperly charted information because these acts are not connected in any way to Plaintiffs' alleged damages.**

3

4      Plaintiffs are asserting that Mr. Arrington incorrectly charted that Mr. Yohannes

5  had refused his opiate withdrawal medications at 7:00 a.m. on the morning of October

6  14, 2023.  The Complaint alleges that surveillance footage supports Plaintiffs' allegation

7  that no medications were offered to Mr. Yohannes at that time.  Doc. 63 ¶¶200-01.

8  Presumably Plaintiffs note this to suggest some impropriety Mr. Arrington's part with

9  respect to this chart entry, but they do not allege anything further about the matter, nor

10  does the Complaint state what bearing this allegation has on whether Mr. Yohannes'

11  rights were violated or what caused his death.  With respect to Ms. Wright, Plaintiffs

12  allege that she charted information about Mr. Yohannes' treatment on October 16, 2023,

13  the day after his death.  The Complaint does not say how or whether this information was

14  incorrect, or what effect that cheating had related to Plaintiffs' claims.

15      With respect to both Mr. Arrington and Ms. Wright, the Complaint does not allege

16  that the information they charted was passed on to other CHS staff in Mr. Yohannes'

17  medical records and was somehow relied upon by staff in their treatment on Mr.

18  Yohannes on October 13 & 14, 2023.  In the case of Ms. Wright, it would be impossible

19  for the information she charted to affect Mr. Yohannes treatment as he had died in the

20  hospital the day before the chart entries.  As for Mr. Arrington, the Complaint does not

21  allege that the information he charted when Mr. Yohannes was alive had any connection

22  to how Mr. Yohannes was treated or why he died.  Nowhere in the Complaint do Plaintiffs

23  allege that any CHS staff members relied on October 14, 2023 upon the information that

24  Mr. Arrington charted.  In fact, the opposite is alleged.  Throughout their Complaint

25  Plaintiffs allege that CHS staff did not review Mr. Yohannes' past medical records for

26  continuity of care.  *See* Doc. 63 ¶¶ 236, 340 & 396.  Taking these allegations as true for

BERRY LAW GROUP
PLLC
ATTORNEYS AT LAW

the purposes of this Motion, the Court must accept that CHS staff did not review Remon's prior medical records for continuity of care during Mr. Yohannes' custody, because this is what Plaintiffs allege, so CHS staff would not have seen any note that Mr. Arrington made in Mr. Yohannes' chart about his refusing his opiate withdrawal medications. CHS staff therefore could not have relied upon this chart entry in any way.

The Complaint also makes clear throughout that Plaintiffs are alleging that Mr. Yohannes died because he had a diabetic condition that CHS staff did not identify or treat correctly or promptly. The Complaint does not suggest that Mr. Yohannes not taking his withdrawal medications, whether by refusal or by not being provided with them, in any way caused or contributed to his death. Whether Mr. Yohannes took his withdrawal medications and whether this was correctly charted by Mr. Arrington is only addressed in the paragraphs cited above (Doc. 63 ¶¶ 198-200) and presumably in Count Two of the Complaint which states the defendants were grossly negligent in several ways, including "lying about health checks when the video evidence demonstrably shows that no medical health checks were performed." Count Two does not specifically identify that Mr. Arrington's chart entry is considered "lying about health checks." But even presuming that Mr. Arrington's chart entry is included in this claim, there remains no connection between this act of Mr. Arrington as alleged and how it is alleged to cause the damages complained of in the Complaint.

**C. Plaintiffs' Count Two for gross negligence fails to state a claim against the Moving Defendants.**

Count Two of Plaintiffs' Complaint is for gross negligence. It is alleged against "All Defendants." The theory of this count is as follows:

417. As alleged herein, the CHS Defendants, Maricopa, Penzone, and MCSO Defendants failed Remon in the simplest of tasks – ensuring his safety and ensuring his medical conditions were being properly treated. As alleged herein, Remon was virtually ignored by MCSO staff and his medical

-10-

concerns were completely ignored by CHS staff, all of which contributed to and caused Remon's wrongful death.

418. These Defendants, while acting as agents and employees for MCSO, Penzone, Maricopa, and CHS owed a duty to Remon to perform their responsibilities to provide custody, care, and control of Remon.

419. These Defendants, while acting as agents and employees for MCSO, Penzone, Maricopa, and CHS, owed duties to Remon to act objectively reasonably under the circumstances.

420. These Defendants' failure to provide security and medical attention to Remon constitutes recklessness and/or gross negligence for which the Defendants are individually liable.

421. The CHS Defendants' conduct, in providing medical care that grossly fell below the standard of care – failing to check medical record continuity, failing to provide life-saving medication despite having full knowledge of Remon's medical conditions, lying about health checks when the video evidence demonstrably shows that no medical health checks were performed, and actively feeding Remon Gatorade – constitutes negligence and gross negligence for which the Individual Defendants are individually liable.

422. In taking the actions as described above, these Defendants breached their duty to refrain from such unreasonable and indifferent conduct.

To state for gross negligence Plaintiffs must allege facts showing the defendant failed to act when he or she had "reason to know facts which would lead a reasonable person to realize that his or her conduct not only creates an unreasonable risk of bodily harm to others but also involves a high probability that substantial harm will result. *Gerow v. United States DOJ*, No. CV-23-01059-PHX-DGC, 2024 U.S. Dist. LEXIS 6585, at *13 (D. Ariz. Jan. 12, 2024) (citing *Walls v. Ariz. Dep't of Pub. Safety*, 170 Ariz. 591, 826 P.2d 1217, 1221 (Ariz. Ct. App. 1991). Gross negligence is "action or inaction with reckless indifference to the safety of others." *Williams v. Thude*, 180 Ariz. 531, 539, 885 P.2d 1096 (App. 1994). It is "is highly potent, and when it is present it fairly proclaims itself in no uncertain terms. It is 'in the air,' so to speak. It is

flagrant and evinces a lawless and destructive spirit." *Cullison v. City of Peoria*, 120 Ariz. 165, 169, 584 P.2d 1156 (1978).

As Judge Campbell recently noted in *Gerow v. United States DOJ*, No. CV-23-01059-PHX-DGC, 2024 U.S. Dist. LEXIS 6585, at 13 (D. Ariz. Jan. 12, 2024), when the plaintiff does not identify what actions of the defendants were grossly negligent, or when plaintiff does not allege facts suggesting that a reasonable person would have known defendant's actions created a high probability of substantial harm, then the plaintiff's claim for gross negligence will be dismissed. *Id*.

Here, Plaintiffs allegations against the Moving Defendants do not identify what facts should have led them to realize that their conduct created an unreasonable risk of harm to Mr. Yohannes. The Complaint does not allege that these Defendants knew or had reason to know any such facts. The Complaint does not connect the alleged conduct of these Defendants to the complained of harm. Accepting for the sake of this Motion that the charting by Mr. Arrington was wrong and improper, and that there was something improper or irregular with Ms. Wright's chart entries, the Complaint specifically alleges that no one reviewed Remon's records. Paragraphs 170-73, 179, 236, 340, 396 & 421 of the Complaint each specifically alleges that CHS staff did not review Mr. Yohannes' medical records during his October 2023 custody. This makes impossible that these charting issues could have created a high probability of substantial harm to Mr. Yohannes. Plaintiffs' Count Two against the Moving Defendants must be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

D. **Plaintiffs' Count Four for violation of Mr. Yohannes' Eighth and Fourteenth Amendments under 28 U.S.C. 1983 fails to state a claim against the Moving Defendants**.

Fairly summarized, Paragraphs 435 through 444 of the Complaint state that the Fourteenth Amendment protected Remon from constitutional violations by state and

local authorities and the Eighth Amendment protected him from cruel and unusual punishment. Doc. 63 ¶ 436. CHS and MCSO staff knew from Remon's medical records and his presentation at the jail that he was a Type 1 diabetic who posed a serious health risk. Doc. 63 ¶¶ 437-38. CHS and MCSO then failed to monitor Remon or provide him with medication when reasonable officers would have done so, ignoring the risk of harm to him and causing his death through neglect and gross negligence. Doc. 63 ¶¶ 439-44.

The factual allegations of what the Moving Defendants did in this matter do not connect them in any way to Plaintiffs' civil rights claim under the Eighth and Fourteenth Amendments. As noted, it is impossible to tell from the Complaint what acts or omissions Defendants Fairfield, Martin, and Trevett are accused of because nothing is written about him other than that they are sued in their official and individual capacities. Mr. Arrington and Ms. Wright are accused of the above discussed charting improprieties. When those facts are assumed true and are factored into the statement of Plaintiffs' Count Four, it is clear that Plaintiffs have not stated a cognizable civil rights cause of action against these Defendants, because nothing in the Complaint links their alleged wrongful conduct to how Plaintiffs allege Mr. Yohannes' rights were violated under the Eighth and Fourteenth Amendments.

In an action for relief under 42 U.S.C. § 1983, the plaintiff must demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Bearchild v. Cobban*, 947 F.3d 1130, 1150 (9th Cir. 2020) (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008)). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Id.* A defendant's conduct is an "actual cause," or "cause-in-fact," of a plaintiff's injury only if the injury would not have occurred but for that conduct. *Chaudhry v. Aragon*, 68 F.4th 1161, 1170 n.11 (9th Cir. 2023). In this case, there are no allegations that would create a causal link

1    between the conduct of the Moving Defendants as alleged and Mr. Yohannes' treatment

2    and death.

3          In a civil rights lawsuit the inquiry into causation must also be individualized and

4    focus on the duties and responsibilities of each individual defendant whose acts or

5    omissions are alleged to have caused a constitutional deprivation.  *Leer v. Murphy*, 844

6    F.2d 628, 633 (9th Cir. 1988).  The Complaint in this matter completely fails to identify

7    how each of the Moving Defendants, taken individually, committed acts or omissions

8    that violated Mr. Yohannes' rights or caused them to be violated.   Instead, these

9    Defendants are tossed into a mix of actors described as the "CHS Defendants" and

10   subjected to the same over-generalized allegations an expressions of how they violated

11   Mr. Yohannes' civil rights as the CHS defendants who actually spoke with and treated

12   Mr. Yohannes during his October 2023 custody.   Consequently, the statement of

13   Plaintiffs' Count Four reads as though it is completely inapplicable to the Moving

14   Defendants--leaving the Court to speculate as to how or whether they might fit into the

15   claim as it is articulated.   The count does fails to state the duties and obligations or

16   responsibilities of these Defendants in a way that is individualized to their role in this

17   lawsuit.  It fails to identify any theory as to how his particular conduct or actions caused

18   the constitutional violation at issue.  There is virtually no way the Court can discern from

19   Count Four how the alleged constitutional violations would not have occurred but for the

20   conduct or actions of the Moving Defendants.  *See Chaudhry v. Aragon*, 68 F.4th 1161,

21   1170 n.11 (9th Cir. 2023).  The claim therefore must be dismissed for failure to state a

22   claim under Rule 12(b)(6)

23

24

25       .

26

E. **Plaintiffs' Count Six for common law battery fails to state a claim against the moving Defendants because they did not have contact with Mr. Yohannes.**

Plaintiffs' Count Six is for common law battery. It alleges simply that the "CHS Defendants" intentionally fed Mr. Yohannes Gatorade causing harmful or offensive contact which resulted in his death. Once again, the Moving Defendants are included in Plaintiffs' grouping of "CHS Defendants", so Count Six is alleged against them. Once again, a review of the Complaint accepting Plaintiffs' allegations as true shows that Count Six does not state a claim for relief against these Defendants because they cannot be liable for common law battery in his matter. Plaintiffs' allegations against the Moving Defendants are non-existent in the case of Defendants Fairfield, Martin, and Trevett and relate to charting only in the cases of Mr. Arrington and Ms. Write. Plaintiffs do not allege that any of the Moving Defendants had any contact with Mr. Yohannes in October 2023. To establish a battery claim, a plaintiff must prove that the defendant intentionally caused a harmful or offensive contact with the plaintiff to occur. *Johnson v. Pankratz,* 196 Ariz. 621, 623, 2 P.3d 1266, 1268 (Ct. App. 2000) (citing Restatement (Second) of Torts § 13 (1965). Plaintiffs have not alleged any act or omission on the part of the Moving Defendants that could amount to an intentional harmful or offensive contact with Mr. Yohannes, nor could such an allegation be made under the facts and circumstances alleged in the Complaint. Nothing in the Complaint suggests that the Moving Defendants were in any way involved with Mr. Yohannes direct care, which means they were never in a position to give Gatorade to Mr. Yohannes. Count Six against the Moving Defendants must therefore be dismissed for failure to state a claim under FED. R. CIV. P. 12(b)(6).

### III.    Conclusion

Each of the Moving Defendants requests that the Court dismiss Plaintff's claims against them for failure to state a claim under Fed. R. Civ. P. 12(b)(6) & 8(a)(2).  Mr. Fairfield, Ms. Martin, and Ms. Trevett are not mentioned anywhere in the Complaint except the paragraphs identifying them as a defendants and including them in the term "CHS Defendants."  Mr. Arrington and Ms. Wright are sued only for making entries in Mr. Yohannes' medical records.  According to the allegations of the Complaint, no CHS staff reviewed or relied upon these entries.  In the case of Ms. Wright, the entries were made after Mr. Yohannes had died.  The Complaint fails to state legally cognizable claims against these Defendants.  It also fails to plead sufficient facts to give them fair notice as to how their acts or omissions are alleged to have caused or contributed to Mr. Yohannes' death, or how these Defendants violated his civil rights.  Lastly, the Complaint fails to allege that these Defendants had any contact with Mr. Yohannes such that they could have fed him Gatorade, so they cannot be liable for battery as it is alleged in the Complaint.

### CERTIFICATION PURSUANT TO L. R. CIV. 12.1(c)

Undersigned counsel for Defendants CHS Defendants Arrington, Fairfield, Martin, Trevett, and Wright certifies to the Court that before filing this Motion, he met and conferred with counsel for Plaintiffs by e-mail and telephone conference regarding the bases on which these Defendants would be seeking to dismiss the Complaint.  The parties were unable to agree that the Complaint was curable in any part by a permissible amendment at this time.

**RESPECTFULLY SUBMITED** this 22nd day of November, 2024.

**BERRY LAW GROUP, PLLC**


By:    /s/ Christopher J. Berry

Christopher J. Berry, Esq.
**Attorneys for Defendant Maricopa County**

BERRY LAW GROUP
PLLC
ATTORNEYS AT LAW

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 22, 2024, I caused the foregoing document to be electronically transmitted to the Clerk's Office using CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system

Sean A. Woods
Robert T. Mills
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Ste 101
Phoenix, Arizona 85014
swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiff*

Kim Chamberlain
Charles Trullinger
**MARICOPA COUNTY ATTORNEY – CIVIL SERVICES DIVISION**
225 West Madison Street
Phoenix, Arizona 85003
Kim.Chamberlain@mcao.maricopa.gov
trullinc@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
*Attorneys for Paul Penzone*

Jody C. Corbett
**OFFICE OF THE CITY ATTORNEY**
200 W. Washington, Suite 1300
Phoenix, Arizona 85003-1611
Law.civil.minute.entries@phoenix.gov
*Attorney for City of Phoenix*

James Jellison
**JELLISON & ROBENS, PLLC**
18801 N. Thompson Peak Parkway, Ste D235
Scottsdale, AZ 85255
jim@jrlawaz.com
*Attorney for Robin Avalos*

-17-

Pari K. Scroggin
**GRASSO LAW FIRM**
3075 W. Ray Road, Suite 110
Chandler, AZ 85226
pscroggin@grassolawfirm.com
*Attorneys for Building Blocks Counseling, LLC*

By:  /s/ Maria Elena Garcia