Christopher J. Berry, Esq. – #015385
**BERRY LAW GROUP, PLLC**
1850 N. Central Ave., Suite 1025
Phoenix, Arizona 85004
Telephone: (602) 462-1141
Facsimile: (602) 462-1151
cberry@berrylawgroup.com
admin@berrylawgroup.com

*Attorneys for Defendants Maricopa County*
*CHS Defendants, Struble and Crutchfield*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Edmon Yohannes, et al., <br><br>        Plaintiffs, <br>   v. <br><br> State of Arizona, et al., <br><br>        Defendants. | Case No. CV-24-02087-PHX-ROS (CDB) <br><br> **CONSOLIDATED MOTIONS TO DISMISS OF DEFENDANTS STRUBLE and CRUTCHFIELD** |

Defendants Lisa Struble and David Crutchfield ("Moving Defendants" or "Movants") move to dismiss Plaintiffs' claims against them pursuant to Fed. R. Civ. 12(b)(6). Each Defendant brings his or her motion to dismiss through this consolidated pleading to present the issues efficiently for the Court and because the issues and arguments related to each Defendant are identical or similar enough in nature to present in a consolidated pleading. Ms. Struble is the Director of Maricopa County Correctional Health Services ("CHS"). Dr. Crutchfield is the Medical Director of CHS. Neither Defendant was involved with the events described in Plaintiffs' First Amended Complaint (Doc. 63, referred to in this Motion as the "Complaint") other than by having supervisory and administrative authority over CHS staff.

The claims against the Moving Defendants are difficult to define because the Complaint does not clearly connect its paragraphs that relate to these defendants to the actual counts stated in the Complaint. As addressed in detail below, the only claim Plaintiffs actually allege against these Defendants is common law gross negligence, Count Two of the Complaint. While some of the terms and phrasing of the Complaint imply that *Monell* type policy or supervisory claims are being made against the Movants, these individuals by the plain language of the Complaint are only identified as defendants to Count Two, "Gross Negligence" which is stated to be against "All Defendants."

Plaintiff's claim for gross negligence against the Moving Defendant must be dismissed for failure to state claim for relief under Fed. R. Civ. P. 12(b)(6) Fed. R. Civ. 8(a)(2). The Moving Defendants did not participate in the treatment or care of Mr. Yohannes. The First Amended Complaint does not identify facts or theories sufficient to state a cognizable claim for relief against the Moving Defendants. The only statements in the Complaint that relate to the Moving Defendants are merely conclusory allegations of liability that are not supported by specific factual allegations and therefore do not establish a claim for relief against these Defendants.

This Motion is supported by the following Memorandum of Points and Authorities and its references to the Complaint in this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   The Complaint Allegations Related to The Moving Defendants.**

**A. The Moving Defendants are sued in their individual as well as official capacities, and they are not included in Plaintiffs' defined categories of other Defendants.**

To understand the Complaint, it is important to consider the capacities in which the Movants are sued and the way they are defined in the Complaint. Ms. Struble and

Dr. Crutchfield are sued in their individual as well as official capacities. The Complaint alleges:

> 16. Defendant LISA STRUBLE was at all relevant times in this complaint, upon information and belief the Director of CHS, employed by, and serving as an agent of, Maricopa, and CHS. At all relevant times she was operating in her official and individual capacity in Maricopa County, Arizona.
>
> 17. Defendant DAVID CRUTCHFIELD was at all relevant times in this complaint upon information and belief the Medical Director of CHS, employed by, and serving as an agent of, Maricopa, and CHS. At all relevant times he was operating in his official and individual capacity in Maricopa County, Arizona.

Neither Ms. Struble nor Dr. Crutchfield are included in Plaintiffs' definition of "CHS Defendants" at paragraph 31 of the Complaint. The moving Defendants are also not included in Plaintiffs' summary definition of "Maricopa" for Maricopa County and CHS.

> 31. Conn, Gan, Chailland, Arrington, Martin, Daugomah, Trevett, Wright, Stevens, Avalos, Rintala, and Fairfield collectively referred to as "CHS Defendants". They are also not included in Plaintiffs' definition of "Maricopa."
>
> 12. Defendant MARICOPA COUNTY ("Maricopa") is a governmental entity that acts by and through its officials, employees, and agents, including without limitation the Maricopa County Correctional Health Systems ("CHS").

The way that Maricopa is defined includes the acts or omissions of its officials, employees, and agents, and the Moving Defendants are clearly employees and agents of CHS. Thus, their acts or omission can be read as applying to "Maricopa." However, if the Complaint is asserting a claim against the moving Defendants in their individual capacities, then it should state with sufficient particularity the nature of the claim and the conduct of each person that indicates how he or she is individually liable. F.R.Civ.P. 8(a). This Complaint does not do so.

**B. The allegations of the Complaint dealing with the Moving Defendants are identical as between them, and the nature of these claims is difficult to discern from the Complaint.**

The paragraphs of the Complain that refer or pertain to the Moving Defendants are identical as between Ms. Struble and Dr. Crutchfield. Each defendant is accused of the same conduct and the same alleged acts or omissions, although the Complaint does not identify any actual acts or conduct of either. Although the claims against the Moving Defendants are identical in language, the precise nature of those claims is somewhat difficult to discern from the Complaint. Ms. Struble and Dr. Crutchfield are clearly supervisory or policy level defendants within CHS. Most of the Complaint's reference to Dr. Crutchfield are stated in paragraphs 374-377. The allegations against Ms. Struble at paragraphs 378-381 are a "cut and paste" of the allegations against Dr. Crutchfield that immediately precedes. In this 463 paragraph Complaint only, each of the Moving Defendants has a mere five paragraphs that specifically mentions or deals with that person. Those paragraphs are brief enough to reproduce below for the Court's review and consideration of what, exactly, is being alleged against these Defendants and how Plaintiffs' claims against them are phrased.

Plaintiffs' substantive allegations against the Movants are in paragraphs 374-381 in a section entitled "Supervisor Liability." This section is before the counts of the Complaint are enumerated. It does not, therefore, present claims for relief but may be read as presenting theories of liability against these Defendants under a later enumerated claim for relief or "count" as they are referred to in the Complaint.

The Section of the Complaint entitled "Supervisory Liability" has the following allegations. Paragraph 371 is not specific to the Moving Defendants, but it may be considered in that it deals with what Plaintiffs allege to be an actionable policy.

371. Upon information and belief, Maricopa and CHS implemented a blanket policy in 2022 to feed Gatorade to any new detainee that exhibited signs of dehydration –regardless of their medical information.

374. David Crutchfield is the Medical Director of CHS. He failed to ensure that his employees properly and carefully provided medical care to those in their care, custody, and control, resulting in his employees' complacency and reckless indifference towards Remon's life.

375. A sweeping overhaul of the way his employees treat those in their care is necessary.

376. His inaction towards reviewing the medical care provided by his employees led directly to their complacency and reckless indifference.

377. He is at least partially responsible for the promulgation of CHS policies and procedures. MCSO and CHS implemented a policy to feed Gatorade to all incoming detainees if they showed signs of dehydration without a Continuity of Care check.

378. Similarly, Lisa Struble is the Director of CHS. She failed to ensure that her employees properly and carefully provided medical care to those in their care, custody, and control, resulting in her employees' complacency and reckless indifference towards Remon's life.

379. A sweeping overhaul of the way her employees treat those in their care is necessary.

380. Her inaction towards reviewing the medical care provided by her employees led directly to their complacency and reckless indifference.

381. She is at least partially responsible for the promulgation of CHS policies and procedures. MCSO and CHS implemented a policy to feed Gatorade to all incoming detainees if they show signs of dehydration without a continuity of care check.

No other paragraphs of the Complaint, whether in the factual allegations or the counts for relief, identify the Moving Defendants by name or description.

**C. By its own language and structure, Count Two of the Complaint (gross negligence) is the only claim for relief that might apply to the Moving Defendants.**

That neither Ms. Struble nor Dr. Crutchfield are included in the definitions of "Maricopa" or "CHS Defendants" necessarily means that Plaintiffs have only sued these Moving Defendants under Count Two of the Complaint, which identifies that it is against "All Defendants."[1] Plaintiffs' Count Three states that it is only against Defendant Axiom. Count Four states that it is against "CHS Defendants and MCSO Defendants;" Count Five against "Maricopa and Penzone;" and Count Six against "CHS Defendants." None of the Counts of the Complaint, including Count Two, actually mention Ms. Struble or Dr. Crutchfield by name or description in the text of the claim. Thus, the only Count of the Complaint brought against Ms. Struble and Dr. Crutchfield is Count Two, gross negligence. Reviewing that count requires some cross-referencing and speculation as to what acts or omissions of the Moving Defendants somehow constituted actionable gross negligence. The paragraphs of Count Two that conceivably might apply to the Moving Defendants are as follows, although these do not specifically mention them or treat them separately from any of the other persons or entities that are lumped together and described as "all defendants."

II. **Plaintiffs Have Failed to State a Claim for Gross Negligence Against the moving Defendants**.

At paragraph 417 of the Complaint, Plaintiff's Count Two begins to address issues that relate only to the jail and CHS defendants, but that paragraph does not mention the Moving Defendants. Paragraph 417 states:

> 417. As alleged herein, the CHS Defendants, Maricopa, Penzone, and MCSO Defendants failed Remon in the simplest of tasks – ensuring his safety and

---

[1] Plaintiffs' Count One states that it is for wrongful death under A.R.S. §12-611 and A.R.S. §14-3110. A.R.S §12-611. A.R.S. § 12-611, however, does not create a separate and distinct cause of action. It merely enables the proper plaintiff to bring a wrongful death claim based upon recognized theories of liability.

-6-

ensuring his medical conditions were being properly treated. As alleged herein, Remon was virtually ignored by MCSO staff and his medical concerns were completely ignored by CHS staff, all of which contributed to and caused Remon's wrongful death.

As noted, the Moving Defendants are not included in Plaintiffs' definition of "CHS Defendants" or "Maricopa" so this paragraph does not pertain to them. The next paragraph of Count Two begins by referring to "[t]hese Defendants…..", which implies that it is referring to the defendants identified in the paragraph above, paragraph 417. The term "these Defendants" is thereafter used to describe the MCSO and CHS related defendants that are addressed in this part of Count Two, so it appears that these allegations do not include the Moving Defendants. Paragraph 418-23 of Count Two read as follows:

> 418. These Defendants, while acting as agents and employees for MCSO, Penzone, Maricopa, and CHS, owed a duty to Remon to perform their responsibilities to provide custody, care, and control of Remon.
>
> 419. These Defendants, while acting as agents and employees for MCSO, Penzone, Maricopa, and CHS, owed duties to Remon to act objectively reasonably under the circumstances.
>
> 420. These Defendants' failure to provide security and medical attention to Remon constitutes recklessness and/or gross negligence for which the Defendants are individually liable.
>
> 421. The CHS Defendants' conduct, in providing medical care that grossly fell below the standard of care – failing to check medical record continuity, failing to provide life-saving medication despite having full knowledge of Remon's medical conditions, lying about health checks when the video evidence demonstrably shows that no medical health checks were performed, and actively feeding Remon Gatorade – constitutes negligence and gross negligence for which the Individual Defendants are individually liable.
>
> 422. In taking the actions as described above, these Defendants breached their duty to refrain from such unreasonable and indifferent conduct.
>
> 423. As a direct and proximate result of these Defendants' breaches, Remon sustained severe and permanent injuries, suffered extreme pain and suffering, and died.

It clearly appears that paragraph 418 is relying on paragraph 417's list of the defendants to which it and its following paragraphs relate. That would mean that none of these paragraphs pertain to the Moving Defendants. It seems unlikely that Plaintiffs would have intended to exclude the Moving Defendants from this count entirely. Conversely, it is conceivable although semantically less likely that Plaintiff intended to shift back to "all defendants" when they transitioned into paragraph 418. If that were the case, then Plaintiffs' intended paragraphs 418-23 to apply to include the Defendant.

The problem here is obvious. It is impossible for the Moving Defendants to discern which allegations or theories expressed in Count Two are intended to pertain to them. These paragraphs present a jumbled and unclear mix of accusatory allegations that do not specify what particular acts, omissions, or conduct pertain to which defendants or groups of defendants. The allegations are impossible to untangle for the Moving Defendants whose allegedly wrongful conduct would have been inherently different in nature from those of the MCSO and CHS Defendants who were involved with Mr. Yohannes' October 2023 treatment and care.

Even assuming that Paragraphs 417-23 are intended to apply to the moving Defendants, County Two still fails to state a claim for gross negligence against them. In this case, the Moving Defendants' acts or omissions have to be policy or supervisory in nature because they did not participate in the underlying incident. Plaintiffs must allege sufficient facts to show that Ms. Struble and Dr. Crutchfield each failed to act when they "had reason to know facts which would lead a reasonable person to realize that his or her conduct not only creates an unreasonable risk of bodily harm to others, but also involved a high probability that substantial harm would result. *Gerow v. United States DOJ*, No. CV-23-01059-PHX-DGC, 2024 U.S. Dist. LEXIS 6585, at *13 (D. Ariz. Jan. 12, 2024) (citing *Walls v. Ariz. Dep't of Pub. Safety*, 170 Ariz. 591, 826 P.2d 1217, 1221 (Ariz. Ct.

App. 1991). Gross negligence is "action or inaction with reckless indifference to the safety of others." *Williams v. Thude*, 180 Ariz. 531, 539, 885 P.2d 1096 (App. 1994). It "is highly potent, and when it is present it fairly proclaims itself in no uncertain terms. It is 'in the air,' so to speak. It is flagrant and evinces a lawless and destructive spirit." *Cullison v. City of Peoria*, 120 Ariz. 165, 169, 584 P.2d 1156 (1978).

As Judge Campbell noted in *Gerow v. United States DOJ*, No. CV-23-01059-PHX-DGC, 2024 U.S. Dist. LEXIS 6585, at *13 (D. Ariz. Jan. 12, 2024), when the plaintiff does not identify what actions of the defendants were grossly negligent, or when plaintiff does not allege facts suggesting that a reasonable person would have known defendant's actions created a high probability of substantial harm, then the plaintiff's claim for gross negligence will be dismissed. *Id*.

Here, Plaintiffs allegations against Ms. Struble or Dr. Crutchfield do not identify what facts would lead them to realize that their conduct created an unreasonable risk of harm to Mr. Yohannes. The Complaint also does not allege that the Moving Defendants knew or had reason to know of any particular facts that created a high probability that substantial harm to Mr. Yohannes could occur. When read most liberally for the Plaintiffs, the Complaint contains only three possible connections between what is alleged of the Moving Defendants and what could be alleged in Count Two: (1) that they failed to ensure that their employees properly and carefully provided medical care resulting in the employees' complacency and reckless indifference towards Mr. Yohannes' life (¶¶ 374 & 378); (2) inaction towards reviewing the medical care provided by their employees led directly to their complacency and reckless indifference (¶¶ 376 & 380); and (3) they implemented a policy to feed Gatorade to all incoming detainees who showed signs of dehydration without a continuity of care check. (¶¶ 377 & 381).

A Complaint that sets forth a cognizable legal theory will survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if it contains "sufficient factual

1  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Gerow v.*
2  *United States DOJ*, No. CV-23-01059-PHX-DGC, 2024 U.S. Dist. LEXIS 6585, at *7
3  (D. Ariz. Jan. 12, 2024) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173
4  L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct.
5  1955, 167 L. Ed. 2d 929 (2007)). The Complaint's factual allegations are taken as true
6  and construed in the light most favorable to the plaintiff. *Id.* (citing *Cousins v. Lockyer*,
7  568 F.3d 1063, 1067 (9th Cir. 2009)). However, a complaint must provide "more than
8  labels and conclusions, and a formulaic recitation of the elements of a cause of action
9  will not do." Id. (citing *Twombly,* 550 U.S. at 559. A complaint may be dismissed "based
10 on either the lack of a cognizable legal theory or the absence of sufficient facts alleged
11 under a cognizable legal theory." *Id.* at 7-8 (citing *Godecke v. Kinetic Concepts*, *Inc.*,
12 937 F.3d 1201, 1208 (9th Cir. 2019); *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696,
13 699 (9th Cir. 1990)). In this case, the Yohannes Plaintiffs' complaint fails in both
14 respects. It does not state a cognizable legal theory of recovery against the Moving
15 Defendants, nor does it allege facts that are sufficient to support the theory that it alleges.

16 A gross negligence claim requires the showing of five elements: (1) a duty
17 requiring the defendant to conform to a certain standard of care; (2) a breach of that duty
18 by the defendant; (3) a causal connection between the defendant's conduct and the
19 resulting injury; (4) actual damages; and (5) the showing of gross, willful, or wonton
20 conduct. *Noriega v. Town of Miami*, 243 Ariz. 320, 407 P.3d 92, 98 (Ariz. Ct. App. 2017).
21 Plaintiffs must allege sufficient facts to set forth and support each of the five elements of
22 their gross negligence claim, and not merely make undirected, cursory allegations of
23 gross and wanton negligence as they have done here. Here, Plaintiffs have not even
24 clearly identified the elements of their claim for gross negligence, much less alleged facts
25 sufficient to show how the Moving Defendants' acts or missions satisfied those elements.
26 This is true even of the Court considers the allegations about these Defendants that are

-10-

1  stated elsewhere in the Complaint--and not just in Plaintiffs' Count Two.  Plaintiffs'
2  claim for gross negligence against the Moving Defendants should, therefore, be
3  dismissed for failure to set forth a cognizable legal theory against them.  *See Peoples v.*
4  *Honeywell Int'l, Inc.*, No. CV-21-00842-PHX-SMB, 2021 U.S. Dist. LEXIS 122454, at
5  8-9 (D. Ariz. June 30, 2021) (dismissing claim for failure to plead facts in support of each
6  element of the gross negligence claim).

7  Plaintiffs also have not alleged sufficient factual allegations against the Moving
8  Defendants to state to state a claim against them.  A complaint that sets forth a cognizable
9  legal theory will survive a motion to dismiss if it contains sufficient factual matter, which,
10 if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal,*
11 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550
12 U.S. at 570).  Facial plausibility exists if the pleader sets forth "factual content that allows
13 the court to draw the reasonable inference that the defendant is liable for the misconduct
14 alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere
15 conclusory statements, do not suffice." *Id*.  In this case. All the Court and parties has been

16 Read liberally and as a whole, the Complaint identifies three areas of liability in
17 connection with the Moving Defendants: the alleged failure to provide adequate medical
18 care to Remon; the alleged failure to review medical records for continuity of care; and
19 the policy of providing Gatorade to inmates.  Presumably the first and second of these
20 would pertain to these Defendants in a supervisory way, such as the failure to train or
21 supervise the CHS staff who actually provided care to Remon in October 2023.
22 However, the Complaint contains no facts to support such identifiable areas of liability
23 within the gross negligence claim.  The Complaint does not allege how these Defendants
24 had reason to know of specific facts that reasonably should have told them their conduct
25 created an unreasonable risk of injury to Remon.  The Complaint does not allege what
26 those facts were, why they were known or should have been known, nor how these

Defendants acted or failed to act on them. The Complaint fails to state in even basic terms what it is that the Moving Defendants should have done, or how their actions caused the injuries described in the Complaint. At best, the Complaint contains only conclusory allegations of alleged gross misconduct. They provide no actual facts, details, or explanations as to what these Defendants knew, what they did or did not do, and how that caused Mr. Yohannes' death.

It takes a great deal of cross reference and interpretive gymnastics to put together from this Complaint what Plaintiffs' gross negligence claim against the Moving Defendants most likely entails. The Moving Defendant should not be forced to undertake such an exercise just to try and ascertain the nature of the claim being asserted against them. Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). In other words, Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief," as "[w]ithout some factual allegation in the Complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 555 n.3 (citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1202, at 94-95 (3d ed. 2004)). Thus, Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

Plaintiffs' Count Two against Ms. Struble and Dr. Crutchfield must be dismissed for failure to state acclaim pursuant to Rule 12(b)(6). Count Two of Plaintiffs' Complaint does not state a cognizable claim against these Defendants because it fails to articulate the elements of gross negligence nor provide a factual basis for each of those elements.

The claim also fails to plead anything other than blanket assertions of grossly wanton conduct. It does not identify the specific acts or omissions of these Defendants that caused the harm alleged in the Complaint, nor does it provide a link or connection between those acts or how these acts or omissions caused that harm. Even read in the light most favorable to Plaintiffs, and accepting all allegations as true, the Complaint fails to state a cause of action for gross negligence against Ms. Struble or Dr. Crutchfield, and this action against them must be dismissed on that basis.

**CERTIFICATION PURSUANT TO L. R. CIV. 12.1(c)**

Undersigned counsel for CHS Defendants Struble and Crutchfield certifies to the Court that before filing this Motion, he met and conferred with counsel for Plaintiffs by e-mail and telephone regarding the bases on which the CHS Defendants Struble and Crutchfield would be seeking to dismiss the Complaint. The parties were unable to agree that the Complaint was curable in any part by a permissible amended at this time.

**RESPECTFULLY SUBMITTED** this 22nd day of November 2024.

**BERRY LAW GROUP, PLLC**

By: /s/ Christopher J. Berry
Christopher J. Berry, Esq.
***Attorneys for Defendants Maricopa County, CHS Defendants, Struble and Crutchfield***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2024, I caused the foregoing document to be electronically transmitted to the Clerk's Office using CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system

Sean A. Woods
Robert T. Mills
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Ste 101
Phoenix, Arizona 85014

swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiff*

Kim Chamberlain
Charles Trullinger
**MARICOPA COUNTY ATTORNEY – CIVIL SERVICES DIVISION**
225 West Madison Street
Phoenix, Arizona 85003
Kim.Chamberlain@mcao.maricopa.gov
trullinc@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
*Attorneys for Paul Penzone*

Jody C. Corbett
**OFFICE OF THE CITY ATTORNEY**
200 W. Washington, Suite 1300
Phoenix, Arizona 85003-1611
Law.civil.minute.entries@phoenix.gov
*Attorney for City of Phoenix*

James Jellison
**JELLISON & ROBENS, PLLC**
18801 N. Thompson Peak Parkway, Ste D235
Scottsdale, AZ 85255
jim@jrlawaz.com
*Attorney for Robin Avalos*

Pari K. Scroggin
**GRASSO LAW FIRM**
3075 W. Ray Road, Suite 110
Chandler, AZ 85226
pscroggin@grassolawfirm.com
*Attorneys for Building Blocks Counseling, LLC*

By: /s/ Maria Elena Garcia

-14-