**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, AZ 85255
Telephone: (480) 659-4233
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ.  #012763
*Attorney for Defendant Robin Avalos*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edmon Yohannes, as Personal Representative and on behalf of The Estate of Remon Yohannes; and Tesfai Haggmana,<br><br>            Plaintiffs,<br><br>     vs.<br><br>State of Arizona, a governmental entity; Maricopa County, a governmental entity; City of Phoenix, a governmental entity; David Crutchfield and Jane Doe Crutchfield, a married couple; Lisa Struble and John Doe Struble, a married couple; Michael Sullivan, Chief of the Phoenix Police Department; Paul Penzone, Maricopa County Sheriff; Pamela Conn and John Doe Conn, a married couple; Victor Gan and Jane Doe Gan, a married couple; Michael Chailland and Jane Doe Chailland, a married couple; Lashon Arrington and John Doe Arrington, a married couple; Miranda Sanders and John Doe Sanders, a married couple; Brent Williams and Jane Doe Williams, a married couple; Jannis Mossman and Jane Doe Mossman, a married couple, Bryant Ball and Jane Doe Ball, a married couple; Robin Avalos and John Doe Avalos, a married couple; Audaine Rintala and John Doe Rintala, a married couple; Andrew Fairfield and Jane Doe | Case No. 2:24-cv-02087-ROS (CDB)<br><br>**DEFENDANT ROBIN AVALOS' MOTION TO DISMISS FIRST AMENDED COMPLAINT (DOC. 63)**<br><br>**(Oral Argument Requested)** |

Fairfield, a married couple; Michelle Martin and John Doe Martin, a married couple; Mary Daugomah and John Doe Daugomah, Mark Guerra and Jane Doe Guerra, a married couple; Yesenia Sambrano and John Doe Sambrano, a married couple; Julie Stevens and John Doe Stevens, a married couple; Sira Hodge and John Doe Hodge, a married couple; Christi Trevett and John Doe Trevett, a married couple; Cynthia Wright and John Doe Wright, a married couple; Deanna Moore and John Doe Moore, a married couple; Allison Slation and John Doe Slation, a married couple; Michael Villegas and Jane Doe Villegas, a married couple; Building Blocks Counseling, LLC d/b/a Axiom Care, an Arizona limited liability company; Sarah Zavala and John Doe Zavala, a married couple; Kellee Zambrano and John Doe Zambrano, a married couple; and John and Jane Does I – X;

Defendants.

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendant Robin Avalos ("Defendant" or "Avalos"), through undersigned counsel, hereby submits her Motion to Dismiss Plaintiffs' First Amended Complaint against her. This Motion is supported by the following Memorandum of Points & Authorities and the attached Statement of Conferral/Consultation at Exhibit A.

**MEMORANDUM OF POINTS & AUTHORITIES**

I. **INTRODUCTION.**

This case arises from the October 14, 2023 in-custody death of Remon Yohannes at the 4th Avenue Jail, located at 201 South 4th Avenue in Phoenix. On June 11, 2024, Plaintiffs filed their Complaint in Maricopa County Superior Court. On August 14, 2024 Defendant

2

Sheriff Paul Penzone removed the matter to district court. (Doc. 1). Defendants State of Arizona, Maricopa County and Avalos consented to the removal. (Docs. 6 & 7). On or about November 8, 2024, Plaintiffs filed their First Amended Complaint. (Doc. 68). The parties have met and conferred pursuant to LRCiv. 12.1 both before and after the filing of the Amended Complaint. Defendant Avalos asserts that all claims against her must be dismissed for the reasons that follow.

## II.    STANDARD OF REVIEW.

The Court must dismiss a complaint under Fed.R.Civ.P 12(b)(6) if it fails to state a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). A complaint must contain sufficient factual matter, which, if accepted as true, states a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Facial plausibility exists if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007)). Although in deciding a motion to dismiss the Court must accept the factual allegations in the complaint as true, *Shwarz v. U.S.*, 234 F.3d 428, 435 (9th Cir. 2000), the Court must not accept as true legal conclusions, or purely conclusory statements, couched as factual allegations. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Johnson v. Brady*, 2015 WL 3774283, at *4 (D.Ariz. 2015) (conclusory allegations with no factual support insufficient to state claim); *J.O. ex rel. Overstreet v. City of Phoenix*, 2013 WL 623601, at *3 (D.Ariz. 2013) (same).

For purposes of Rule 12(b)(6), the "plausible claim" standard also applies to the

pleading of §1983 *Monell* and state law-based claims. *AE ex rel. Hernandez v. County of Tulare,* 666 F.3d 631, 637 (9th Cir. 2012); *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011); *Boisvert v. Lohan*, 617 Fed.Appx. 810 (9th Cir. 2015); *Foster v. Gentry*, 518 Fed.Appx. 594, 595, 2013 WL 2137571, at *1 (9th Cir. 2013); *see also, Cortez v. Hawthorne,* 2010 WL 2232133, p. 1 (D. Ariz. 2010).[1]  When a motion to dismiss raises immunity, the court assesses whether the operative complaint pleads a plausible claim that withstands the asserted immunity. *See, Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018).

### III.  STATEMENT OF FACTS MATERIAL TO THIS MOTION.[2]

Plaintiffs' Amended Complaint alleges a history of unmanaged diabetes and drug abuse by decedent Remon Yohannes ("Mr. Yohannes" or "Decedent"). While Plaintiffs' Amended Complaint fails to detail the facts surrounding Decedent's initial incarceration in December 2022, they allege he was paroled and released on December 13, 2022. (Doc. 63, ¶¶ 57-58). Allegedly, Mr. Yohannes became sober and was living an active life when he was in a severe car accident on February 16, 2023. (Doc. 63, ¶¶ 59-60). At some point

---

[1] Avalos is sued in both her official and individual capacities. Avalos asserts the official capacity suit based on any 42 U.S.C. § 1983 claim is not a suit against Avalos at all. *See, Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985).  Accordingly, Avalos will leave the defense of any official capacity § 1983 claim to the appropriate public entity.  Avalos further contends that for state law claims, the "official capacity" label does not have the same effect and meaning as it does for a constitutional claim pursuant to § 1983. Accordingly, to the extent Avalos seeks dismissal of any state law claim, she contends that dismissal applies to her, whether in her official or individual capacity.

[2] Defendant Avalos disputes the truth of Plaintiffs' allegations but accepts the well-pled fact allegations in the Complaint for purposes of this Motion as she must under Rule 12(b)'s standard of review.

after the February 16, 2023 car accident, Mr. Yohannes violated his parole and was returned to the Maricopa County Sheriff's Office jail intake. (Doc. 63, ¶¶ 63). At intake, Remon was diagnosed as suffering from diabetic ketoacidosis and was transferred to a hospital. (Doc. 63, ¶ 64). Once Yohannes was medically cleared, he returned to intake and on April 11, 2023 was sent to the Arizona Department of Correction's Alhambra Unit at the Arizona State Prison Complex. (Doc. 63, ¶ 66). He later attended a rehabilitation program. (Doc. 63, ¶¶ 67-109).

On October 12, 2023, while apparently out of custody, Remon was stopped by police, arrested, and taken to the Maricopa County Sheriff's Office Fourth Street Jail facility. (Doc. 63, ¶¶ 110-117). On October 13, 2023, a health assessment was performed on Remon, during which Robin Avalos is alleged to have noted in his chart that he "had 'Opiate withdrawal' and Diabetes Type 1," a past history of "type 1 diabetes," but that Avalos did not order medications at that time. (Doc. 63, ¶¶ 160-164). For Avalos, that is it. The Amended Complaint does not state what her role was in the health assessment, if she made any contemporaneous health findings that suggested Remon was in immediate need of medication, or any findings that suggested that she, Avalos, had a responsibility to order medications for Remon's noted conditions.

Robin Avalos is named in Count I, a wrongful death and survival action under state law;[3] Count II, state law gross negligence; Count IV, Eighth and Fourteenth Amendment deliberate indifference regarding medical care; and Count VI, state law battery.

---

[3] State law wrongful death and survivorship claims are merely statutory vehicles allowing survivors to maintain claims for underlying "wrongful conduct" recognized "as a matter of substantive law." *See, Diaz v. Magma Copper Co.*, 190 Ariz. 544, 549 (App. 1997). Because Plaintiffs have not plausibly alleged any state law wrongful conduct by Avalos, their statutory claim(s) fail as well.

## IV. **LEGAL ANALYSIS.**

### 1. Avalos is Entitled to Qualified Immunity on Plaintiffs' Federal Claim.

"Section 1983 provides a cause of action against state actors who violate an individual's rights under federal law." *Filarsky v. Delia*, 566 U.S. 377, 380 (2012); *accord Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *see also, Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 723 (1989). That is, however, subject to qualified immunity. Courts engage in a two-pronged analysis to determine whether qualified immunity applies to a § 1983 claim: "officers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *District of Columbia v. Wesby*, ___ U.S. ___, 138 S.Ct. 577, 589, 199 L.Ed.2d 453 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). The second prong requires courts to analyze two discrete sub-elements: "whether the law governing the conduct at issue was clearly established" and "whether the facts as alleged could support a reasonable belief that the conduct in question conformed to the established law." *Green v. City and Cty. of S.F.*, 751 F.3d 1039, 1052 (9th Cir. 2014). "[Q]ualified immunity operates to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). To be "clearly established," the law must be such that "every reasonable official would [have understood] that what he is doing violates that right." *Riechle v. Howards*, 132 S. Ct. 2088, 2093 (2012) (internal citation omitted). "[E]xisting precedent must have placed the statutory or constitutional question" confronted by the official "beyond debate." *Ashcroft v. al-Kidd,* 563 U.S. 731, 741 (2011).

***Plaintiffs Have Not Plausibly Alleged Avalos Committed a Constitutional Violation***

Historically, the constitutional guarantee of due process "has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty or

6

property." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). The Supreme Court has held that "liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (emphasis added). Deliberate indifference requires "something more than mere negligence," and it "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Deliberate indifference is "a stringent standard of fault," requiring proof that a defendant "disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Originally, the Supreme Court analyzed § 1983 conditions of confinement claims brought by convicted persons and pretrial detainees under the Eighth and Fourteenth Amendments. The Eighth Amendment forbids "cruel and unusual punishments." U.S. Const. amend. VIII. Until *Castro v. County of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016) (en banc), the Ninth Circuit interpreted the Supreme Court's § 1983 cases to require a singular standard for subjective deliberate indifference claims brought by convicted prisoners and pretrial detainees. *See, e.g.*, *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010); *see also*, *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

The evolving change in the standard began with *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2014), where the Supreme Court addressed the state of mind standard to be applied to a pretrial detainee's excessive force claim against several individual jail officers. In *Kingsley*, the Supreme Court held that "a pretrial detainee must show only that the force purposefully or knowingly used against him was objectively unreasonable." *Id.* at 2473. The high court reasoned that this was consistent with its prior precedent holding that "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Id.*, quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989).

The Supreme Court also recognized that in *Bell v. Wolfish*, 441 U.S. 220 (1979), it stated that excessive force amounting to punishment could consist of actions taken with an "expressed intent to punish." *Id.*, quoting *Bell*, 441 U.S. at 538. The *Kingsley* opinion concluded that *Bell*'s focus on punishment "does not mean that proof of intent (or motive) to punish is required for a pretrial detainee to prevail on a claim that his due process rights were violated." 135 S.Ct. at 2473. Rather, "a pretrial detainee can prevail by providing only objective evidence that the challenged government action is not rationally related to a legitimate government objective, or that it is excessive in relation to that purpose." *Id.* at 2473–74 (citation omitted). The *Kingsley* court found the objective standard was workable, consistent with the pattern jury instructions used in several Circuits, and "adequately protects an officer who acts in good faith." *Id.* at 2474. In *Castro*, 833 F.3d at 1069, the Ninth Circuit found "there are significant reasons to hold that the objective standard applies to failure-to-protect claims."

In *Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018), the Ninth Circuit extended *Castro*'s reasoning to claims of inadequate medical care. *Gordon* held that the proper standard of review for a pretrial detainee's inadequate medical care claim against an individual defendant was "one of objective indifference, not subjective indifference." *Id.* at 1120. To succeed on an inadequate medical care claim against an individual defendant, a pretrial detainee must now show: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. *Id.* at 1125 (adopting *Castro*'s test for failure-

to-protect claims) (citing *Castro*, 833 F.3d at 1071). The third element requires the individual defendant's conduct to be "objectively unreasonable," a test that turns on the facts and circumstances of each case. *Id.*,citing *Kingsley*, 135 S.Ct. at 2473; *Castro*, 833 F.3d at 1071. Because the "mere lack of due care" by a government actor "does not deprive an individual of life, liberty, or property under the Fourteenth Amendment'," a plaintiff must "'prove more than negligence but less than subjective intent—something akin to reckless disregard'." *Id.* (quoting *Castro*, 833 F.3d at 1071).

Plaintiffs' Amended Complaint is unclear how on October 13, 2023 Defendant Avalos' harmed Decedent in her assessment when she noted that Mr. Yohannes was suffering from opiate withdrawal and had diabetes Type 1, but did not order medication. Plaintiffs' threadbare allegations do not support the elements that Avalos made an intentional medical decision that put plaintiff at substantial risk of suffering serious harm, did not take reasonably available measures to abate the risk, and by her actions caused decedent's (or Plaintiffs') alleged injuries. The threadbare factual allegations as to Avalos simply do not state a plausible claim of unreasonable, deliberate medical indifference supporting either an Eighth or Fourteenth Amendment claim.

### *Plaintiffs Cannot Show a Violation of Clearly Established Law*

Even if a plausible constitutional claim had been made against Avalos, the plaintiff still bears the burden of proof to show the alleged conduct violated clearly established law. *See, Keates, supra.; LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000); *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991). Robin Avalos has found no controlling authority that clearly establishes a constitutional violation when a medical professional makes a correct diagnosis, but does not immediately order medications. That, however, is not her burden. Avalos asserts that, without more, her alleged actions as recited in the First Amended Complaint do not violate any clearly established law.

9

### 2. Plaintiffs Have Failed to Plausibly Plead Gross Negligence as to Avalos.

Gross negligence "is highly potent, and when it is present it fairly proclaims itself in no uncertain terms. It is 'in the air,' so to speak. It is flagrant and evinces a lawless and destructive spirit." *Cullison v. City of Peoria*, 120 Ariz. 165, 584 P.2d 1156 (1978); *see also, Williams v. Thude,* 188 Ariz. 257, 934 P.2d 1349 (1997); *Scott v. Scott,* 75 Ariz. 116, 122, 252 P.2d 571, 575 (1953); *Luchanski v. Congrove,* 193 Ariz. 176, 971 P.2d 636 (App. 1998). It has also been described that a party is grossly or wantonly negligent if she acts or fails to act when she knows or has reason to know facts which would lead a reasonable person to realize that her conduct not only creates an unreasonable risk of bodily harm to others but also involves a high probability that substantial harm will result. *Walls v. Ariz. Dept. of Public Safety*, 170 Ariz. 591, 595 (App. 1991); *see also, Badia v. City of Casa Grande*, 195 Ariz. 349, 356–57, 988 P.2d 134, 141–42(App. 1999).

In *Walls,* the court of appeals upheld the grant of summary judgment due to insufficient evidence of gross negligence where a police officer was alleged to have failed to act quickly enough to stop a driver suspected of driving drunk before a collision. The court found that a prolonged period between determining the existence of probable cause, and initiating the stop was not, itself, sufficient to show gross negligence. 170 Ariz. at 595-96. In *Thompson v. State*, 105 Ariz. 400, 401, 466 P.2d 5, 6 (1970), the Arizona Supreme Court determined that gross negligence could not be supported where a patrolman was pursuing a speeding motorist at a high rate of speed for only one-half mile and the patrolman, due to his speed, could not avoid creating an accident; there was no indication the patrolman was using lights or sirens, and the court held that violating the speed limit was insufficient.

Plaintiffs' allegations as to Robin Avalos are threadbare, at best, and do not identify "facts" that would lead her to believe that her conduct created an unreasonable risk of bodily harm to decedent, or a high probability that substantial harm would result. Plaintiffs' Amended Complaint fails to state a gross negligence claim as to Avalos, and she must be dismissed.

### 3.   Plaintiffs Have Failed to Plausibly Plead a Battery as to Avalos.

To establish a battery claim, a plaintiff must prove that the defendant intentionally caused a harmful or offensive contact with the plaintiff to occur. *Johnson v. Pankratz*, 196 Ariz. 621, 623 (App. 2000).   There are no allegations that Avalos acted in a manner to intentionally cause a harmful or offensive contact with decedent.  Plaintiffs' battery claim against Avalos has not been plausibly pled and, therefore, must also be dismissed.

## V.   CONCLUSION.

For all of the foregoing reasons, Plaintiffs' Amended Complaint as to Defendant Robin Avalos must be dismissed.

DATED this 27th day of November, 2024.

                                                  JELLISON LAW OFFICES, PLLC

                                                  By: s/ *James M. Jellison*
                                                  James M. Jellison, Esq.
                                                  *Attorney for Defendant Robin Avalos*

### CERTIFICATE OF FILING AND SERVICE

I hereby certify that on November 27, 2024, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic filing to the following registrants:

11

1
2
3  Sean A. Woods
   Robert T. Mills
4  Mills + Woods Law, PLLC
5  5055 North 12th Street, Suite 101
   Phoenix, AZ 85014
6  swoods@millsandwoods.com
7  rmills@millsandwoods.com
   *Attorneys for Plaintiffs*
8
9  Kim Chamberlain
   Charles Trullinger
10 Maricopa County Attorney – Civil Services Division
   225 West Madison Street
11 Phoenix, AZ 85003
12 Kim.chamberlain@mcao.maricopa.gov
   Trullinc@mcao.maricopa.gov
13 Ca-civilmailbox@mcao.maricopa.gov
14 *Attorneys for Paul Penzone*
15
   Jody C. Corbett
16 Office of the City Attorney
   200 W. Washington Street, Suite 1300
17 Phoenix, AZ 85003-1611
18 Law.civil.minute.entries@phoenix.gov
   *Attorneys for City of Phoenix*
19
20 Pari K. Scroggin
   Grasso Law Firm
21 2250 East Germann Road, Suite 10
   Chandler, AZ 85286
22 pscroggin@grassolaw.com
23 *Attorneys for Building Blocks Counseling, LLC*
24
25
26
27
28

Christopher J. Berry
Berry Law Group, PLLC
1850 N. Central Avenue, Suite 1025
Phoenix, AZ 85004
cberry@berrylawgroup.com
admin@berrylawgroup.com
*Attorneys for Maricopa County CHS Defendants, Struble, and Crutchfield*

By: s/ *James M. Jellison*