Christopher J. Berry, Esq. – #015385
**BERRY LAW GROUP, PLLC**
1850 N. Central Ave., Suite 1025
Phoenix, Arizona 85004
Telephone: (602) 462-1141
Facsimile: (602) 462-1151
cberry@berrylawgroup.com
admin@berrylawgroup.com

***Attorneys for the CHS Defendants and Maricopa County***

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edmon Yohannes, et al., | Case No.  CV-24-02087-PHX-ROS (CDB) |
| Plaintiffs, | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS CHAILLAND, CONN, DAUGOMAH, HODGE, RINTALA and STEVENS TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Defendants Micheal Chailland, Pamela Conn, Mary Daugomah, Sira Hodge, Audaine Rintala, and Julie Stevens answer and assert the following affirmative defenses to Plaintiffs' First Amended Complaint.  These Defendants are referred to as the "CHS Defendants" in this consolidated Answer.  When the admissions or denials of any Defendant differ from those of other CHS Defendants, then those admissions or denials are stated separately for that Defendant.

## JURISDICTION AND VENUE

1. Paragraph 1 states legal authorities and theories upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the authorities and theories referred to in this paragraph.

2. Paragraph 2 states legal authorities and theories upon which Plaintiffs base

BERRY LAW GROUP
PLLC
ATTORNEYS AT LAW

their claims which require no admission or denial.  To the extent any component of this paragraph may be interpreted to require an admission or denial, then The CHS Defendants deny all liability under the authorities and theories referred to in this paragraph.

3.      Defendants Challand, Daugomah, Hodge, and Stevens deny the allegations of Paragraph 3.

Defendants Conn and Rintala admit the allegations of Paragraph 3.

4.      Paragraph 4 states legal authorities and theories upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the authorities and theories referred to in this paragraph.

5.      Admitted.

## PARTIES

6.      The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 6 and deny them on that basis.

7.      The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 7 and deny them on that basis.

8.      The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 8 and deny them on that basis.

9.      The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 9 and deny them on that basis.

10.     Paragraph 10 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

11.     Paragraph 11 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny

BERRY LAW GROUP
PLLC
ATTORNEYS AT LAW

them on that basis.

12.   Admitted.

13.   Paragraph 13 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

14.   Paragraph 14 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

15.   Paragraph 15 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by The CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

16.   The CHS Defendants admit the allegations of Paragraph 16 except the allegation or suggestion that Defendant Lisa Struble acted in her individual capacity which is expressly denied.

17.   The CHS Defendants admit the allegations of Paragraph 17 except the allegation or suggestion that Defendant David Crutchfield acted in his individual capacity which is expressly denied.

18.   Denied.

19.   The CHS Defendants admit the allegations of Paragraph 19 except the allegation or suggestion that Defendant Victor Gan acted in his individual capacity which is expressly denied.

20.   The CHS Defendants admit the allegations of Paragraph 20 except the allegation or suggestion that Defendant Michael Chailland acted in his individual capacity which is expressly denied.

21.     The CHS Defendants admit the allegations of Paragraph 21 except the allegation or suggestion that Defendant Lashon Arrington acted in his individual capacity which is expressly denied.

22.     The CHD Defendants admit the allegations of Paragraph 22 except the allegation or suggestion that Defendant Michelle Martin acted in her individual capacity which is expressly denied.

23.     The CHS Defendants admit the allegations of Paragraph 23 except the allegation or suggestion that Defendant Mary Daugomah acted in her individual capacity which is expressly denied.

24.     The CHD Defendants admit the allegations of Paragraph 24 except the allegation or suggestion that Defendant Sira Hodge acted in her individual capacity which is expressly denied.

25.     The CHS Defendants admit the allegations of Paragraph 25 except the allegation or suggestion that Defendant Christi Trevett operated in her individual capacity which is expressly denied.

26.     The CHS Defendants admit the allegations of Paragraph 26 except the allegation or suggestion that Defendant Cynthia Wright acted in her individual capacity which is expressly denied.

27.     The CHS Defendants admit the allegations of Paragraph 27 except the allegation or suggestion that Defendant Julie Stevens acted in her individual capacity which is expressly denied.

28.     The CHS Defendants admit the allegations of Paragraph 28 except the allegation or suggestion that Defendant Robin Avalos acted in her individual capacity which is expressly denied.

29.     The CHS Defendants admit the allegations of Paragraph 29 except the allegation or suggestion that Defendant Audaine Rintala acted in her individual capacity which is expressly denied.

30.     The CHS Defendants admit the allegations of Paragraph 30 except the allegation or suggestion that Defendant Andrew Fairfield acted in his individual capacity which is expressly denied.

31.     Paragraph 31 contains no allegations for which an admission or denial is required.

32.     Paragraph 32 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by The CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then The CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

33.     Paragraph 33 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by The CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

34.     Paragraph 34 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

35.     Paragraph 35 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

36.     Paragraph 36 contains no allegations for which an admission or denial is required.

37.     Paragraph 37 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

38.     Paragraph 38 asserts allegations that relate solely to other individuals or

entities which do not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

39.    Paragraph 39 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis

40.    Paragraph 40 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

41.    Paragraph 41 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

42.    Paragraph 42 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

43.    Paragraph 43 consists of legal theories and arguments upon which Plaintiffs seek to prevail and are not allegations that require an admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the legal assertions and positions referred to in this paragraph.

44.    Paragraph 44 asserts allegations that relate solely to other individuals or

entities which do not require an admission or denial by the CHS Defendants. To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

45.     Paragraph 49 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by the CHS Defendants. To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

46.     Paragraph 46 asserts allegations that relate solely to other individuals or entities which do not require an admission or denial by the CHS Defendants. To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

47.     Paragraph 47 consists of legal theories and arguments upon which Plaintiffs seek to prevail and are not allegations that require an admission or denial. To the extent this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the legal assertions and positions referred to in this paragraph.

48.     Denied.

49.     Denied.

50.     The CHS Defendants admit that Mr. Yohannes died at the age of 30 but deny the remaining allegations of Paragraph 50.

## **BACKGROUND**

51.     The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 51 and deny them on that basis.

52.     The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 52 and deny them on that basis.

53.     The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 53 and deny them on that basis.

54. Denied.

55. The CHS Defendants are without sufficient information to admit or deny whether Mr. Yohannes valued his life but deny the remaining allegations of Paragraph 55.

56. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 56 and deny them on that basis.

57. Admit.

58. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 58 and deny them on that basis.

59. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 59 and deny them on that basis.

60. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 60 and deny them on that basis.

61. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 61 and deny them on that basis.

62. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 62 and deny them on that basis.

63. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 63 and deny them on that basis.

64. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 64 and deny them on that basis.

65. The CHS Defendants deny the allegation that they were 'well aware of Remon's type one (1) diabetes and that emergency care had been provided to Mr. Yohannes in the past. The CHS Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 65 and deny them on that basis.

66. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 66 and deny them on that basis.

67. (¶¶ 67-109) The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraphs 67 through 109 which allege events and occurrences that are not related to the CHS Defendants, and thy deny them on that basis.

BERRY LAW GROUP
PLLC
ATTORNEYS AT LAW

110.    Admitted.

111.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 111 and deny them on that basis.

112.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 112 and deny them on that basis.

113.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 113 and deny them on that basis.

114.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 114 and deny them on that basis.

115.    Admitted.

116.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 116 and deny them on that basis

117.    Admitted.

118.    Denied.

119.    The CHS Defendants are without sufficient information to admit or deny Plaintiffs' impressions of what appears on surveillance footage and deny them on that basis.  The CHS Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 119 and deny them on that basis.

120.    Denied.

121.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 121 and deny them on that basis.

122.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 122 and deny them on that basis.

123.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 123 and deny them on that basis

124.    The CHS Defendants are without sufficient information to admit or deny Plaintiffs' impressions of what appears on surveillance footage and deny the allegations of Paragraph 124 on that basis.

125.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 125 and deny them on that basis.

126.    Paragraph 126 consists of legal assertions upon which Plaintiffs seek to prevail and are not allegations that require an admission or denial. To the extent any component of this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the legal assertions and positions referred to in this paragraph.

127.    Paragraph 127 consists of legal assertions upon which Plaintiffs seek to prevail and are not allegations that require an admission or denial. To the extent any component of this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the legal assertions and positions referred to in this paragraph.

128.    Paragraph 128 consists of legal and factual arguments upon which Plaintiffs seek to prevail and are not allegations that require an admission or denial. To the extent any component of this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the legal assertions and positions referred to in this paragraph

129.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 129 and deny them on that basis.

## FACTUAL ALLEGATIONS

130.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 13 and deny them on that basis.

131.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 131 as they relate to records that are not within their knowledge or control and deny the allegations of this paragraph on that basis.

132.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 132 as they relate to records that are not within their knowledge or control and deny the allegations of this paragraph on that basis.

133.    Admitted.

134.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 134 and deny them on that basis.

135.    The CHS Defendants are without sufficient information to admit or deny

the allegations of Paragraph 135 as they might relate to other people, but each CHS Defendant denies the allegations of this paragraph as they relate to themselves.

136.   159 The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraphs 136 through 159 and deny them on that basis.

160.   Admitted.

161.   The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 161 and deny them on that basis.

Defendant Daugomah admits that she perform a pre-intake health screen of Mr. Yohannes on October 13, 2023 but is without sufficient information to admit or deny the remaining allegations of Pagrach 161.

162.   The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 162 and deny them on that basis.

163.   The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 163 and deny them on that basis.

164.   The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 164 and deny them on that basis.

165.   The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 165 and deny them on that basis.

Defendant Daugomah admits the allegation of Paragraph 165.

166.   The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 121 and deny them on that basis.

Defendant Daugomah denies the allegations of Paragraph 166 as they relate to her but is without sufficient information to admit or deny the allegations as they relate to Avalos and denies them on that basis.

167.   The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 167 and deny them on that basis.

Defendant Daugomah denies the allegations of Paragraph 167 as they relate to her but is without sufficient information to admit or deny the allegations as they relate to Avalos and denies them on that basis

168.   The CHS Defendants are without sufficient information to admit or deny

-11-

the allegations of Paragraph 168 and deny them on that basis.

169.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 169 and deny them on that basis.

170.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 170 and deny them on that basis.

171.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 171 and deny them on that basis.

Defendant Hodge admits that among information she entered into Mr. Yohannes records was the statement alleged in Paragraph 171.

172.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 172 and deny them on that basis.

Defendant Hodge denies the allegations of Paragraph 172.

173.    Denied.

174.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 174 and deny them on that basis.

Defendant Hodge denies the allegations of Paragraph 174.

175.    193  The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 175 through 193 and deny them on that basis.

194.    Admitted.

195.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 195 and deny them on that basis.

196.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 196 and deny them on that basis.

197.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 197 and deny them on that basis.

**9 AM INCIDENT**

198.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 198 and deny them on that basis.

199.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 199 and deny them on that basis.

200.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 200 and deny them on that basis.

201.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 206 and deny them on that basis.

202.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 202 and deny them on that basis.

203.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 203 and deny them on that basis.

204.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 204 and deny them on that basis.

205.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 205 and deny them on that basis.

206.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 206 and deny them on that basis.

207.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 207 and deny them on that basis.

Defendant Stevens admits that she attempted to do a COWS assessment of Mr. Yohannes on October 14, 2023, that he refused, and that this refusal was charted at approximately 12:00 p.m.    Defendant Stevens denies the remaining allegations of Paragraph 207.

208.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 208 and deny them on that basis.

Defendant Stevens admits the allegation of Paragraph 208.

209.    Defendants The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 209 and deny them on that basis.

Defendant Stevens denies the allegations of Paragraph 209.

210.    Denied.

211.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 211 and deny them on that basis.

212.    Denied.

213. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 213 and deny them on that basis.

214. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 214 and deny them on that basis.

215. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 215 and deny them on that basis.

216. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 216 and deny them on that basis.

217. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 217 and deny them on that basis.

218. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 218 and deny them on that basis.

219. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 219 and deny them on that basis.

Defendants Rintala and Stevens deny the allegations of Paragraph 219.

220. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 220 and deny them on that basis.

Defendant Rintala admits that a blood sugar test of Mr. Yohannes was done and that it was higher than what is typically considered normal, but denies the remaining allegations of Paragraph 220.

221. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 221 and deny them on that basis.

222. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 222 and deny them on that basis.

Defendant Rintala admits the allegation of Paragraph 222 that no insulin was give to Mr. Yohannes but denies the remaining allegations of Paragraph 222.

223. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 223 and deny them on that basis.

Defendants Rintala and Stevens deny the allegations of Paragraph 223 except that Ms. Stevens gave Mr. Yohannes some Gatorade at his request.

-14-

224.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 224 and deny them on that basis.

225.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 226 and deny them on that basis.

226.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 226 and deny them on that basis.

227.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 227 and deny them on that basis.

Defendants Rintala and Stevens admit the allegations of Paragraph 227, except the allegation that Defendant Conn was present.

228.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 228 and deny them on that basis.

Defendants Rintala and Stevens admit that no personnel "stepped in to determine how much insulin to give Remon" but deny the remaining characterizations and allegations of Paragraph 228 that suggest that CHS staff failed to properly assess and treat Mr. Yohannes.

229.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 229 and deny them on that basis.

230.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 230 and deny them on that basis.

231.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 231 and deny them on that basis.

Defendants Rintala and Stevens deny the allegations of Paragraph 231.

232.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 232 and deny them on that basis.

Defendants Rintala and Stevens deny the allegations of Paragraph 232.

233.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 233 and deny them on that basis.

Defendants Rintala and Stevens admit the allegations of Paragraph 233.

234.    The CHS Defendants are without sufficient information to admit or deny

the allegations of Paragraph 234 and deny them on that basis.

Defendants Rintala and Stevens admit the allegations of Paragraph 234.

235.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 235 and deny them on that basis.

Defendants Rantala and Stevens admit the allegations of Paragraph 235.

236.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 236 and deny them on that basis.

Defendants Rintala and Stevens deny the allegations of Paragraph 236.

237.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 237 and deny them on that basis.

Defendants Rintala and Stevens deny the allegations of Paragraph 237.

238.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 238 and deny them on that basis.

Defendants Rintala and Stevens deny the allegations of Paragraph 238.

239.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 239 and deny them on that basis.

Defendants Rintala and Stevens admit the allegation of Paragraph 239.

240.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 240 and deny them on that basis.

Defendants Rintala and Stevens deny that Mr. Yohannes was in "severe" pain but admit that Mr. Yohannes complained of body aches.

241.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 241and deny them on that basis.

Defendants Rintala and Stevens admit the allegation of Paragraph 241 except insofar as it describes Mr. Yohannes thirst as "extremely" which is denied.

242.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 242 and deny them on that basis.

Defendant Rintala admits that Mr. Yohannes complained of vomiting but denes Paragraph 242's characterization of this vomiting as "repeatedly" as that term is not quantitative and was not as reported by Mr. Yohannes.

243.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 243 and deny them on that basis.

Defendants Rintala and Stevens deny the allegations of Paragraph 243.

244.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 244 and deny them on that basis.

Defendants Rintala and Stevens deny the allegations of Paragraph 244.

245.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 245 and deny them on that basis.

Defendants Rintala and Stevens deny the allegations of Paragraph 245.

246.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 245 and deny them on that basis.

Defendant Rintala admits the allegation of Paragraph 246.

247.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 247 and deny them on that basis.

Defendants Rintala and Stevens admit that Mr. Yohannes was given Gatorade but deny the remaining allegations of Paragraph 247.

248.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 248 and deny them on that basis.

Defendants Rintala and Stevens deny the allegations of Paragraph 248.

249.    Paragraph 249 consists of medical legal assertions and arguments upon which Plaintiffs seek to prevail and are not allegations that require an admission or denial. To the extent this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the legal assertions and positions referred to in this paragraph.

250.    Paragraph 425 consists of medical legal assertions and arguments upon which Plaintiffs seek to prevail and are not allegations that require an admission or denial. To the extent this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the legal assertions and positions referred to in this paragraph.

251.    Paragraph 251 consists of medical legal assertions and arguments upon

which Plaintiffs seek to prevail and are not allegations that require an admission or denial. To the extent this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the legal assertions and positions referred to in this paragraph.

252.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 252 and deny them on that basis.

253.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 253 and deny them on that basis.

Defendants Rintala and Stevens admit the allegations of Paragraph 253.

254.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 254 and deny them on that basis.

Defendants Rintala and Stevens admit the allegations of Paragraph 254.

255.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 255 and deny them on that basis.

Defendants Rintala and Stevens deny the allegations of Paragraph 255.

256.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 256 and deny them on that basis.

Defendants Rintala and Stevens deny the allegations of Paragraph 256.

257.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 257 and deny them on that basis.

Defendants Rintala and Stevens admit the allegation of Paragraph 257.

**2 PM INCIDENT**

258.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 258 and deny them on that basis.

Defendant Rintala admit the allegation of Paragraph 258.

259.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 259 and deny them on that basis.

Defendant Rintala admits the allegation of Paragraph 259.

260.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 260 and deny them on that basis.

BERRY LAW GROUP
PLLC
ATTORNEYS AT LAW

1    Defendant Rintala admits the allegation of Paragraph 260.

2    261.    The CHS Defendants are without sufficient information to admit or deny

3    the allegations of Paragraph 261 and deny them on that basis.

    Defendant Rintala admits the allegation of Paragraph 261.

4    262.    The CHS Defendants are without sufficient information to admit or deny

5    the allegations of Paragraph 262 and deny them on that basis.

6    Defendant Rintala denies the allegations of Paragraph 262.

7    263.    276.    The CHS Defendants are without sufficient information to admit or

8    deny the allegations of Paragraph 263 through 276 and deny them on that basis.

9    277.    The CHS Defendants are without sufficient information to admit or deny

    the allegations of Paragraph 277 and deny them on that basis.

10    Defendants Rintala and Stevens admit that Mr. Yohannes was initially

11    handcuffed when they arrived.

12    278.    The CHS Defendants are without sufficient information to admit or deny

13    the allegations of Paragraph 278 and deny them on that basis.

14    Defendants Rintala and Stevens admit that they and other CHS and MCSO

15    staff arrived at various times around the time alleged in Paragraph 278.

16    279.    The CHS Defendants are without sufficient information to admit or deny

    the allegations of Paragraph 279 and deny them on that basis..

17    280.    The CHS Defendants are without sufficient information to admit or deny

18    the allegations of Paragraph 280 and deny them on that basis.

19    Defendants Rintala and Stevens admit the allegations of Paragraph 280

20    except that the person arriving with green liquid is a nurse which is denied.

21    281.    The CHS Defendants are without sufficient information to admit or deny

22    the allegations of Paragraph 281 and deny them on that basis.

23    Defendants Rintala and Stevens admits that Mr. Yohannes' vital signs were

24    taken and monitored during the emergency treatment offered at and around the time

    identified in Paragraph 281 and afterwards.

25    282.    The CHS Defendants are without sufficient information to admit or deny

26    the allegations of Paragraph 282 and deny them on that basis.

BERRY LAW GROUP
PLLC
ATTORNEYS AT LAW

Defendants Rintala and Sevens admit that handcuffs were removed from Mr. Yohanes so that CHS staff could more effectively provide emergency care to Mr. Yohannes.

283.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 283 and deny them on that basis.

Defendants Rintala and Stevens deny Plaintiffs' characterization of events of this medical emergency as "horrific," but admit the remaining allegations of Paragraph 283.

284.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 284 and deny them on that basis.

Defendants Rintala and Stevens admit that Phoenix Fire was called at or around the time alleged in Paragraph 284.

285.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 285 and deny them on that basis.

Defendants Rintala and Stevens admit that a defibrillator was used to monitor and record heart rhythm.

286.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 286 and deny them on that basis.

Defendants Rintala and Stevens admit that CPR was initiated around the time identified in Paragraph 286 and was then performed for the remainder of Mr. Yohannes emergency treatment but are without sufficient information to verify the exact moment that CPR began.

287.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 287 and deny them on that basis.

Defendants Stevens and Rintala admit that a gurney was brought into the cell at around the time indicated in Paragraph 287 but are without sufficient information to verify the exact moment when the gurney arrived.

288.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 288 and deny them on that basis.

289.    The CHS Defendants are without sufficient information to admit or deny

the allegations of Paragraph 289 and deny them on that basis.

290.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 290 and deny them on that basis.

Defendants Rintala and Stevens admit that Phoenix Fire arrived at Mr. Yohannes but are unaware of the exact time of that arrival.

291.    316.  The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 291 through 316 and deny them on that basis.

**AFTER THE FACT ADDITIONS/ADDENDUMS**

317.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 317 and deny them on that basis.

Defendant Rintala denies the allegations of Paragraph 317.

318.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 318 and deny them on that basis.

Defendants Rintala and Stevens admit the allegations of Paragraph 318.

319.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 319 and deny them on that basis.

Defendants Rintala and Stevens admit that Mr. Yohannes was taken from the facility at around the time alleged in Paragraph 319 but are unaware of the exact time.

320.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 320 and deny them on that basis.

321.    A The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 321 and deny them on that basis.

Defendant Rintala admits the allegation of Paragraph 321.

322.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 322 and deny them on that basis.

Defendant Rintala admits the allegation of Paragraph 323.

323.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 323 and deny them on that basis.

Defendants Rintala and Sevens deny the allegations of Paragraph 323.

324.    The CHS Defendants are without sufficient information to admit or deny

the allegations of Paragraph 324 and deny them on that basis.

Defendants Rintala and Stevens admit that no medications were given to Mr. Yohannes during his approximately 9:30 treatment on October 14, 2024. Defendant Rintala notes that investigation and assessment of Mr. Yohannes condition at that time included attempting to determine what if any medications Mr. Yohannes had been taking, what was the nature of his claimed diabetes, and how to treat the condition as appropriate which resulted in orders for appropriate care being obtained.

325.    The CHS Defendants are without information sufficient to admit or deny the allegation of Paragraph 325 and deny the allegation on that basis.

326.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 326 and deny them on that basis.

Defendants Rintala and Stevens deny the allegations of Paragraph 326.

327.    Paragraph 327 contains only medical arguments and opinions upon which Plaintiffs base their claims which require no admission or denial. To the extent any component of this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the theories referred to or suggested in this paragraph.

328.    Paragraph 328 contains only medical arguments and opinions upon which Plaintiffs base their claims which require no admission or denial. To the extent any component of this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the theories referred to or suggested in this paragraph.

329.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 329 and deny them on that basis.

Defendants Rintala admits the allegations of Paragraph 329.

330.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 330 and deny them on that basis.

Defendant Rintala denies the allegations of Paragraph 330.

331.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 331 and deny them on that basis.

Defendants Rintala and Conn admit that at approximately 9:45 a.m. an order was entered for blood sugar checks for Mr. Yohannes. These Defendants deny Plaintiffs' characterization of this event as the "only pseudo-timely entry in Remon's record.

332. Paragraph 332 attests to Plaintiffs' knowledge and is not an allegation of fact that requires an admission or denial.

333. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 333 and deny them on that basis.

Defendant Conn denies the allegations of Paragraph 333.

334. Paragraph 334 does not contain an allegation of fact that requires and admission or denial. To the extent that this paragraph suggests missteps on the part of the CHS Defendants, then this allegation is denied.

335. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 335 which is ambiguous and deny them on that basis.

336. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 336 and deny them on that basis.

Defendant Rintala admits the allegations of Paragraph 336.

337. Admitted.

338. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 338 and deny them on that basis.

339. Paragraph 339 contains only medical-legal arguments and opinions upon which Plaintiffs base their claims which require no admission or denial. To the extent any component of this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the theories referred to or suggested in this paragraph.

340. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 340 and deny them on that basis.

341. The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 341 and deny them on that basis..

Defendant Rintala admits the allegations of Paragraph 341.

-23-

342.   The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 341 and deny them on that basis.

343.   The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 343 and deny them on that basis.

## INDIVIDUAL LIABILITY

344.   The CHS Defendants admit that each of them was involved with Mr. Yohannes by providing care or charting information in his records, but deny the characterization of that involvement as being "charged with the medical care of Remon . Yohannes."

345.   Denied.

346.   Admitted.

347.   The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 347 and deny them on that basis.

Defendant Hodge admits the allegation of Paragraph 347.

348.   Denied.

349.   Denied.

350.   Denied.

351.   Denied.

352.   Denied.

353.   366.  The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 353 through 366, and deny them on that basis.  The CHS Defendants further note that these paragraphs asserts allegations that relate solely to other defendants and does not require an admission or denial by the CHS Defendants.

## SUPERVISORY LIABILITY

367.   Paragraph 367 asserts allegations that relate solely to other defendants and does not require an admission or denial by the CHS Defendans.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

368.   Denied.

369.    Paragraph 369 asserts allegations that relate solely to other defendants and does not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

370.    Paragraph 370 asserts legal theories and conclusions related solely to Maricopa County which do not require an admission or denial by the CHS Defendants.

371.    Denied.

372.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 372 and deny them on that basis.

373.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 373 and deny them on that basis.

374.    The CHS Defendants admit that Dr. David Crutchfield is the medical director of CHS but deny the remaining allegations of Paragraph 374.

375.    Denied.

376.    Denied.

377.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 373 and deny them on that basis.

378.    The CHS Defendants admit that Lisa Struble is the director of CHS but deny the remaining allegations of Paragraph 378.

379.    Denied.

380.    Denied.

381.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 381 and deny them on that basis.

382.    Admitted.

383.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 383 and deny them on that basis.

384.     The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 384 and deny them on that basis.

385.    The CHS Defendants are without sufficient information to admit or deny

the allegations of Paragraph 385 and deny them on that basis.

386.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 386 and deny them on that basis.

387.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 387 and deny them on that basis.

388.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 388 and deny them on that basis.

389.    Paragraph 389 asserts allegations that relate solely to other defendants and does not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

390.    Paragraph 369 asserts allegations that relate solely to non-CHS defendants and does not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

## COUNT 1 WRONGFUL DEATH

391.    Paragraph 391 requires no admission or denial.

392.    Admitted.

393.    Admitted.

394.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 394 and deny them on that basis.

395.    Paragraph 395 consists of legal conclusions that require no admission or denial.

396.    Denied.

397.    Denied.

398.    Denied.

399.    Denied.

400.    The CHS Defendants are without sufficient information to admit or deny

the allegations of Paragraph 400 and deny them on that basis.  The CHS Defendants further and specifically deny that they caused the damages alleged in this paragraph.

401.    Denied.

402.    Denied.

## COUNT 2 / GROSS NEGLIGENCE

403.    Paragraph 403 requires no admission or denial.

404.    Paragraph 404 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the authorities and theories referred to in this paragraph.

405.     Paragraph 405 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the authorities and theories referred to in this paragraph.

406.    Paragraph 406 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the authorities and theories referred to in this paragraph.

407.    Paragraph 407 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the authorities and theories referred to in this paragraph.

408.    Paragraph 408 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the authorities and theories referred to in this paragraph.

409.    Denied.

410.    Paragraph 410 asserts allegations that relate solely to other defendants and does not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are

BERRY LAW GROUP
PLLC
ATTORNEYS AT LAW

without sufficient information to admit or deny the allegations and deny them on that basis.

411.   Paragraph 411 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the authorities and theories referred to in this paragraph.

412.   Paragraph 412 asserts allegations that relate solely to other defendants and does not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

413.   Paragraph 413 asserts allegations that relate solely to other defendants and does not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS Defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

414.   Paragraph 414 asserts allegations that relate solely to other defendants and does not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

415.   Paragraph 415 consists of legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the authorities and theories referred to in this paragraph.

416.   Paragraph 416 asserts allegations that relate solely to other defendants and does not require an admission or denial by the CHS Defendants.  To the extent that an admission or denial might be required for these allegations, then the CHS defendants are without sufficient information to admit or deny the allegations and deny them on that basis.

417.    Denied.

418.    Denied.

419.    Denied.

420.    Denied.

421.    Denied.

422.    Denied.

423.    Denied.

424.    Denied.

**COUNT 3 / NEGLIGENCE / AXIOM**

425.    434.    Paragraphs 425 through 434 assert claims and legal theories and conclusions against only Axiom and not against the CHS Defendants.  Those paragraphs require no admissions or denials by the CHS Defendants.  To the extent this paragraph may be interpreted to require an admission or denial by the CHS Defendants, then they deny all liability under the authorities and theories referred to in this paragraph.

**COUNT 4 / CRUEL AND UNUSUAL (8th and 14th Amendments)**

435.    Paragraph 435 requires no admission or denial.

436.    Paragraph 436 consists of or refers to legal theories and conclusions upon which Plaintiffs base their claims and which require no admission or denial.  To the extent this paragraph may be interpreted to require an admission or denial, then the CHS Defendants deny all liability under the authorities and theories referred to in this paragraph.  The CHS Defendants further specifically deny that defendants violated Mr. Yohannes' constitutional rights.

437.    Denied.

438.    The CHS Defendants are without sufficient information to admit or deny the allegations of Paragraph 437 and deny them on that basis.

Defendant Daugomah admits that Mr. Yohannes blood sugar of 157 was in his chart on October 13, 2024.

439.    Denied.

440.    Denied.

441.    Denied.

442.    Denied.

443.    Denied.

444.    Denied.

### COUNT 5 / CRUEL AND UNUSUAL (8th and 14th Amendments)

445.    454.    Paragraph 445 through 454 assert claims and legal theories and conclusions against only Maricopa County and Penzone and not against the CHS Defendants. Those paragraphs require no admissions or denials by the CHS Defendants. To the extent these paragraphs may be interpreted to require an admission or denial by the CHS Defendants, then they deny all liability under the authorities and theories referred to in these paragraphs.

### COUNT 6 BATTERY

455.    Paragraph 455 requires no admission or denial.

456.    Denied.

457.    Denied.

458.    Denied.

459.    Denied.

460.    Denied.

461.    Denied.

462.    Denied.

### JURY TRIAL DEMAND

463.    Paragraph 463 is a jury demand which requires no admission or denial. The CHS Defendants deny all claims for relief asserted in Plaintiffs' Prayer for Relief and each of its subsections. The CHS Defendants expressly deny any allegation that is stated or inferred in the First Amended Complaint that is not specifically admitted in this Answer.

### AFFIRMATIVE DEFENSES

Each of the CHS Defendants asserts the following affirmative defenses:

Count One of Plaintiffs' First Amended Complaint fails to state a claim for relief. Count One states that it is for wrongful death under A.R.S. §12-611 and A.R.S. §14-

-30-

3110. A.R.S §12-611. A.R.S. § 12-611, however, does not create a separate and distinct cause of action.

Plaintiffs' Count VI for battery fails to state a claims for relief against the CHS Defendants who were not involved with providing Gatorade to Mr. Yohannes.

Comparative Fault: The CHS Defendants assert pursuant to A.R.S. § 12-2501, *et seq.*, that Plaintiff's damages, if any, must be reduced in proportion to Plaintiff's comparative fault and/or the fault of other parties and/or non-parties.

Notice of Claim: Defendants Challand, Daugomah, Hodge, and Stevens assert the affirmative defense of failure to comply with the Arizona Notice of Claim Statute, A.R.S. § 12-821.01.

The CHS Defendants are entitled to immunity under A.R.S. § 12-820.01 - 05 and/or A.R.S. § 12-820.21.

The CHS Defendants affirmatively allege all applicable defenses under A.R.S. §§ 12-711, 12-712, 12-713 & 12-716.

The CHS Defendants are entitled to absolute and/or qualified immunity under federal law. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016); *Wilkins v. City of Oakland*, 350 F.3d 949, 954–55 (9th Cir. 2003).

The CHS Defendants affirmatively allege all applicable defenses and recovery of attorney fees and costs listed under A.R.S. §§ 13-404, 405, 406, 409, 410, 411, 412, 413, 414, and 420.

Plaintiffs are barred from recovering punitive damages against Defendants for any state law cause of action pursuant to A.R.S. § 12-820.04.

The CHS Defendants reserve their rights to assert any further affirmative defenses as listed in Rule 8(c), Federal Rules of Civil Procedure, and/or any other affirmative defenses set forth in statute or under common law should facts become known through the course of discovery that would support any such defenses.

**RESPECTFULLY SUBMITTED** this 27nd day of November, 2024.

**BERRY LAW GROUP, PLLC**


By:  /s/ Christopher J. Berry
Christopher J. Berry, Esq.
*Attorneys for the CHS Defendants and Maricopa County*


## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2024, I caused the foregoing document to be electronically transmitted to the Clerk's Office using CM/ECF System for filing and served on counsel of record via the Court's CM/ECF system

Sean A. Woods
Robert T. Mills
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Ste 101
Phoenix, Arizona 85014
swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiff*

Kim Chamberlain
Charles Trullinger
**MARICOPA COUNTY ATTORNEY – CIVIL SERVICES DIVISION**
225 West Madison Street
Phoenix, Arizona 85003
Kim.Chamberlain@mcao.maricopa.gov
trullinc@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov
*Attorneys for Paul Penzone*

Jody C. Corbett
**OFFICE OF THE CITY ATTORNEY**
200 W. Washington, Suite 1300
Phoenix, Arizona 85003-1611
Law.civil.minute.entries@phoenix.gov
*Attorney for City of Phoenix*

James Jellison
**JELLISON & ROBENS, PLLC**
18801 N. Thompson Peak Parkway, Ste D235
Scottsdale, AZ 85255
jim@jrlawaz.com
*Attorney for Robin Avalos*

Pari K. Scroggin
**GRASSO LAW FIRM**
3075 W. Ray Road, Suite 110
Chandler, AZ 85226
pscroggin@grassolawfirm.com
*Attorneys for Building Blocks Counseling, LLC*

By:   /s/ Maria Elena Garcia