Robert T. Mills (Arizona Bar #018853)
Sean A. Woods (Arizona Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Edmon Yohannes, *et al,*<br><br>        Plaintiffs,<br><br>vs.<br><br>State of Arizona, *et al,*<br><br>        Defendants. | No.: CV-24-02087-PHX-ROS (CDB)<br><br>**JOINT REPORT**<br><br>(Assigned to the Honorable Roslyn O. Silver and referred to the Honorable Magistrate Camille D. Bibles for all pretrial proceedings) |

Through undersigned counsel, the parties hereby submit the following Joint Report to the Court, as follows:

**A.  The nature of the case: the factual and legal basis of Plaintiffs' claims and Defendants' defenses**

Plaintiffs filed suit under the Civil Rights Act (42 U.S.C. § 1983, 8th and 14th Amendment violations) and wrongful death, including a survival action, alleging negligence and gross negligence for the death of thirty-year-old, Remon Yohannes ("Remon"). Plaintiffs allege that Remon died from the actions or failure to act of the Defendants in relation to the duties undertaken by Defendants to provide medical treatment and keep Remon secure to prevent him from obtaining drugs – from his time with the Arizona Department of Corrections, his time with Axiom Care and its employees, his time

with the City of Phoenix Police Department and both Maricopa County Sheriff's Office and Maricopa County Correctional Healthcare Services.

**B.   The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions**

The parties believe that with the dismissals of parties already completed, and answers received, that the issues have been narrowed as much as possible. No more amendments are anticipated.

The following claims by Plaintiffs against Defendants remain for determination: Count I, wrongful death and survival action pursuant to A.R.S. § 12-611, *et seq.* and A.R.S. § 14-3110; Count II, gross negligence; Count III, negligence (against Defendant Axiom); Count IV, cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments and 42 U.S.C. § 1983 (against the remaining CHS and MCSO Defendants); Count V, cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments and 42 U.S.C. § 1983 *Monell* claim (against County of Maricopa and Defendant Penzone), and; Count VI, battery and survival action pursuant to A.R.S § 12-542 and 14-3110 (against the remaining CHS Defendants).  One motion to dismiss, filed by Defendant Arrington, remains pending.

**C.   The jurisdictional basis of the case citing specific jurisdictional statutes**

Jurisdiction is based on the Notice of Removal, ECF No. 1, filed by Defendant Maricopa County Sheriff Jerry Sheridan (Previously Paul Penzone, then Russ Skinner), pursuant to 28 U.S.C. § 1331, § 1441(c), § 1446(a) and (b)(3).

///

///

2

D. **The parties, if any, that have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared**

All presently existing defendants in this action have either been served or appeared, and no presently existing defendant has not answered or otherwise responded to Plaintiffs' Complaint.

E. **Whether there are dispositive or partially dispositive issues to be decided by pretrial motions**

Yes, all parties (once involved in the litigation) intend to file dispositive or partially dispositive issues by motion after discovery is conducted.

F. **The status of related cases pending before other judges of this court or before other courts**

None, other than the original State Court action which was removed.

G. **A statement of when initial disclosures were made or will be made, or any proposed changes in the requirements for initial disclosures set forth in Rule 26(a), Federal Rules of Civil Procedure**

Parties will circulate initial disclosures by February 17, 2025.

H. **Proposed deadlines for:**

1. filing motions to amend pleadings and motions to join additional parties;

There are no anticipated motions to amend or join additional parties at this stage.

2. disclosure of expert testimony under Rule 26(a)(2), Federal Rules of Civil Procedure and for completing expert witness depositions;

Expert Disclosures: Plaintiffs – October 31, 2025, Defendants – December 15, 2025, Rebuttal – January 15, 2026

Expert Depositions: February 16, 2026

3. completing written discovery and the deposition of fact witnesses;

3

November 3, 2025

4. <u>disclosure of Electronically Stored Information ("ESI");</u>

The parties plan to share ESI via shared download links. The parties believe that the ESI anticipated in this case does not require a specialized order.

5. <u>filing dispositive motions; and</u>

March 30, 2026

6. <u>conducting good faith settlement negotiations.</u>

All parties and their counsel shall meet in person and engage in good faith settlement talks no later than January 30, 2026. Upon completion of such settlement talks, and in no event later than five (5) working days after the deadline for settlement talks, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks. The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case. The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

**I.   Estimated length of trial**

It is anticipated that the length of trial will be ten (10) days.

**J.   Whether a jury trial has been requested**

Yes, a jury trial has been requested.

**K.   The prospects for settlement and whether any party wishes to have a settlement conference with another Magistrate Judge – *see* LRCiv 83.10**

Because this lawsuit is still in the early stages and a motion to dismiss is pending, the parties do not believe that the prospects of settlement are ready to discuss. If the parties

4

do not agree to private mediation, the parties will timely request a Settlement Conference in the future.

**L.     Any unusual, difficult, or complex problems affecting the conduct of the case**

Because this lawsuit is still in the early stages, the parties are not aware of any such issues at this time.

**M.     Any other matters which will aid the Court and the parties in resolving this case in a just, speedy, and inexpensive manner as required by Rule 1, Federal Rules of Civil Procedure.**

None that the parties are presently aware of.

**RESPECTFULLY SUBMITTED** this 7th day of January 2025.

**MILLS + WOODS LAW, PLLC**

By    */s/ Sean A. Woods*
　　　Robert T. Mills
　　　Sean A. Woods
　　　5055 North 12th Street, Suite 101
　　　Phoenix, AZ 85014
　　　*Attorneys for Plaintiffs*

5

# CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Christopher J. Berry
cberry@berrylawgroup.com
**BERRY LAW GROUP, PLLC**
admin@berrylawgroup.com
1850 N Central Ave., Ste. 1025
Phoenix, AZ 85004
*Attorneys for Defendant Maricopa County and CHS Defendants*

Kim Chamberlain
kim.chamberlain@mcao.maricopa.gov
andrea.moreno@mcao.maricopa.gov
judith.ezeh@mcao.maricopa.gov
Charles Trullinger
trullinc@mcao.maricopa.gov
loucksd@mcao.maricopa.gov
shinabad@mcao.maricopa.gov
**MARICOPA COUNTY ATTORNEY**
Civil Services Division
ca-civilmailbox@mcao.maricopa.gov
225 W Madison St.
Phoenix, AZ 85003
*Attorneys for Defendants Paul Penzone, Sheriff Russell Skinner, D.O. Sanders, D.O. Williams, D.O. Mossman, and D.O. Ball*

Robert Grasso, Jr.
rgrasso@grassolawfirm.com
jgarcia@grassolawfirm.com
Pari K. Scroggin
pscroggin@grassolawfirm.com
dross@grassolawfirm.com
**GRASSO LAW FIRM, P.C.**
minuteentries@grassolawfirm.com
3075 W Ray Rd., Ste. 110
Chandler, AZ 85226
*Attorneys for Defendant Building Blocks Counseling, LLC d/b/a Axiom Care, Sara Zavala, Deanna Moore and Kellee Zambrano*

*/s/ Ben Dangerfield*

7