**GRASSO**
—LAW FIRM—

3075 West Ray Road, Suite 110
Chandler, Arizona 85226
(480) 739-1200

Robert Grasso, Jr., Bar No. 015087
Pari K. Scroggin, Bar No. 015288
rgrasso@grassolawfirm.com
pscroggin@grassolawfirm.com
minuteentries@grassolawfirm.com
 *Attorneys for Defendant Building Blocks
 Counseling, LLC d/b/a Axiom Care*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Edmon Yohannes, as Personal Representative and on behalf of The Estate of Remon Yohannes; and, Tesfai Haggmana,<br><br>            Plaintiffs,<br>    vs.<br><br>State of Arizona, a governmental entity; Maricopa County, a governmental entity; City of Phoenix, a governmental entity; David Crutchfield and Jane Doe Crutchfield, a married couple; Lisa Struble and John Doe Struble, a married couple; Michael Sullivan, Chief of the Phoenix Police Department; Paul Penzone, Maricopa County Sheriff; Pamela Conn and John Doe Conn, a married couple; Victor Gan and Jane Doe Gan, a married couple; Michael Chailland and Jane Doe Chailland, a married couple; Lashon Arrington and John Doe Arrington, a married couple; Miranda Sanders and John Doe Sanders, a married couple; Brent Williams and Jane Doe Williams, a married couple; Jannis Mossman and John Doe Mossman, a married couple; Bryant Ball and Jane Doe Ball, a married couple; Robin Avalos and John Doe Avalos, a married couple; Audaine Rintala and John Doe Rintala, a married couple; Andrew Fairfield and Jane Doe Fairfield, a married couple; Michelle Martin and John Doe Martin, a married couple; Mary Daugomah and John | Case No. 2:24-cv-02087-ROS-CDB<br><br>**DEFENDANT AXIOM CARE'S OBJECTION TO JOINT MOTION FOR EXTENSION OF DEADLINES [Doc. 124]; AND REQUEST TO VACATE OR ADJUST ORDER [Doc. 125]**<br><br>(Assigned to the Honorable Roslyn O. Silver) |

| | |
|---|---|
| Doe Daugomah, a married couple; Mark Guerra and Jane Doe Guerra, a married couple; Yesenia Sambrano and John Doe Sambrano, a married couple; Julie Stevens and John Doe Stevens, a married couple; Sira Hodge and John Doe Hodge, a married couple; Christi Trevett and John Doe Trevett, a married couple; Cynthia Wright and John Doe Wright, a married couple; Allison Slaton and John Doe Slaton, a married couple; Michael Villegas and Jane Doe Villegas, a married couple; Building Blocks Counseling, LLC d/b/a Axiom Care, an Arizona limited liability company; John and Jane Does I-X, | |
| Defendants. | |

Defendant Building Blocks Counseling, LLC d/b/a Axiom Care (Axiom Care), by and through undersigned counsel, objects to and opposes the Joint Motion for Extension of Deadlines [Doc. 124] and the subsequently issued Order by the Court [Doc. 125] granting that Motion for the following reasons.

Federal Rule of Civil Procedure 16(b)(4) provides that scheduling orders "may be modified only for good cause and with the judge's consent." "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 988 (10th Cir. 2019); *see also, Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08 (9th Cir.1992). As the *Johnson* court stated, "the focus of inquiry is upon the moving party's reasons for seeking the extension." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

"Another relevant consideration is possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002); *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.").

"[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson,* 975 F.2d at 609. "Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation" also "should not be considered good cause." *Dag Enters., Inc. v. Exxon Mobil Corp.,* 226 F.R.D. 95, 105 (D.D.C. 2005) (quotations omitted).

Plaintiffs have not made the "good cause" showing required by Rule 16(b)(4). Plaintiffs have failed to "show that scheduling deadlines could not be met despite [their] diligent efforts." *Tesone*, 942 F.3d at 989. Plaintiffs' Complaint was filed June 11, 2024, **more than <u>eighteen months ago</u>**. The case was removed to federal court on August 14, 2024 [Doc. 1] and the initial Scheduling Order has been in place for almost a year. The Scheduling Order was already amended once on October 6, 2025 [Doc. 112] to accommodate some additional time for making expert witness disclosures. Axiom Care has disclosed its intent to move for summary judgment and extending the deadlines will prejudice its ability to secure that relief under the deadlines Axiom rightfully relied on for months. In *Tesone*, the Court denied a request to extend the expert disclosure deadline – finding there was no "good cause" to modify the scheduling order where the plaintiff did not show diligent efforts to comply with the expert disclosure deadline. *Tesone*, 942 F.3d at 988 to 989. The same is true in this case.

Counsel for Axiom Care conferred with Plaintiffs' counsel on December 22, 2025, to clarify that Axiom Care did not agree to extending any deadlines, and specifically the deadline to disclose expert witnesses (to support the claims against Axiom Care). In that conference call, Plaintiffs' counsel noted that he had not yet retained an expert to address the claims against Axiom Care.

The claims against Axiom Care have been active since the Complaint was filed, more than eighteen months ago. Plaintiffs knew they needed the support and the opinions of experts to support the claims against Axiom Care from the beginning and have <u>not</u> shown **any effort**

- 3 -

(much less diligence) in retaining an expert during this entire time. Because Plaintiffs have not shown they were diligent, they have not shown the "good cause" required by Rule 16(b)(4) and their request (at least as to Axiom Care) must be denied. Axiom Care respectfully asks the Court to vacate or adjust its prior Order [Doc. 125] for the reasons set forth above.

RESPECTFULLY SUBMITTED this 5th day of January, 2026.

**GRASSO LAW FIRM, P.C.**

By: /s/ Pari K. Scroggin
Robert Grasso, Jr.
Pari K. Scroggin
3075 West Ray Road, Suite 110
Chandler, Arizona 85226
*Attorneys for Defendant Building Blocks
Counseling LLC d/b/a Axiom Care*

ORIGINAL electronically transmitted this 5th day of January, 2026 to the Clerk for the U.S. District Court, District of Arizona, by using CM/ECF for filing and electronic copy to:

Robert T. Mills, Esq.
Sean A. Woods, Esq.
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiffs*

Kim Chamberlain, Esq,
Charles Trulllinger, Esq.
Deputy County Attorneys
**MARICOPA COUNTY ATTORNEY'S OFFICE**
Civil Services Division
225 West Madison Street
Phoenix, Arizona 85003
kim.chamberlain@mcao.maricopa.gov
trullinc@mcao.maricopa.gov
andrea.moreno@mcao.maricopa.gov
judith.ezeh@mcao.maricopa.gov
loucksd@mcao.maricopa.gov
Elizabeth.Kabel@mcao.maricopa.gov
Ca-civilmailbox@mcao.maricopa.gov
*Attorneys for Defendants MCSO, Sheriff Russell Skinner, and D.O. Ball*

Christopher J. Berry, Esq.
**BERRY LAW GROUP, PLLC**
1850 North Central Avenue, Suite 1025
Phoenix, Arizona 85004
cberry@berrylawgroup.com
admin@berrylawgroup.com
 *Attorneys for Defendants Maricopa County,*
 *Correctional Health Services and LaShon Arrington*

By: /s/ T. Elwess