# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Edmon Yohannes, as personal representative and on behalf of the estate of Remon Yohannes; and Tesfai Haggmana,

Plaintiffs,

v.

State of Arizona, et al.,

Defendants.

No. CV 24-02087 PHX ROS (CDB)

**ORDER**

This matter was filed in the Maricopa County Superior Court on June 11, 2024, and removed to federal court on August 14, 2024. The opening of discovery was delayed due to amendment of the Complaint and extensions of the time allowed to respond to the Complaint. Numerous motions to dismiss were filed with regard to the Amended Complaint. Plaintiffs were granted extensions of the time allowed to file responses to the motions to dismiss. All of the motions to dismiss were were denied on December 23, 2024, with the exception of a claim against Defendant Arrington. (ECF Nos. 87 & 100).

On January 7, 2025, the parties agreed as to deadlines for completing discovery and filing dispositive motions (ECF No. 88). Pursuant to the parties' Rule 26 report a case management order was issued January 8, 2025, requiring discovery be completed by November 3, 2025, and requiring dispositive motions be filed no later than March 30, 2026. (ECF No. 90).

On October 6, 2025, the parties stipulated to an extension of the deadlines for completing discovery and filing dispositive motions. (ECF No. 111). The deadline for

completing discovery was extended to January 2, 2026, and dispositive motions were due May 29, 2026. (ECF No. 112).

On December 31, 2025, Plaintiffs and the Maricopa County Defendants stipulated to an extension of the deadlines for completing discovery and filing dispositive motions, which extensions were opposed by Defendant Building Blocks Counseling LLC ("Building Blocks"). (ECF Nos. 124 & 126). Per the Court's order issued January 2, 2026, Plaintiffs were allowed until April 17, 2026, to serve expert witness disclosure; Defendants were allowed until May 29, 2026, to serve expert witness disclosure; expert witness depositions were to be completed no later than August 28, 2026; the deadline for completing fact discovery was extended to April 17, 2026; and the parties were allowed until September 25, 2026, two years after the matter was removed, to file dispositive motions. (ECF No. 125). The parties were warned that "[t]hese deadlines will not be extended regardless of any stipulation of the parties." (*Id.*).

Before the Court is Plaintiffs and the Maricopa County Defendants' joint motion to again extend the remaining deadlines in this matter. (ECF No. 141). Plaintiffs aver in this motion that Defendant Building Blocks and Defendants Zavala, Moore, and Zambrano have "indicated that they are not in support of this extension request." (ECF No. 141 at 2).[1] Defendant Building Blocks has filed an objection to the motion at ECF No. 141, asserting Plaintiffs have not shown good cause for another extension of the deadlines, i.e., Plaintiffs have not been diligent in pursuing discovery. (ECF No. 142).

Plaintiffs' counsel asserts the parties have not been able to complete discovery *inter alia* because depositions have been difficult to schedule due to "scheduling conflicts," notwithstanding that the parties have had a year to schedule these depositions and no notice of deposition was filed until March 27, 2026. (ECF Nos. 139 & 140). Additionally, Plaintiffs' counsel has a trial scheduled for "late April through most of May …" (ECF No. 141 at 3).

---

[1] Zavala, Moore, and Zambrano are no longer parties in this case.

- 2 -

Plaintiffs and the Maricopa County Defendants seek an additional 90 days to provide expert witness disclosure, to complete discovery, to engage in settlement discussions, and to file dispositive motions. The parties agreed more than a year ago that the original deadlines were sufficient to complete discovery and file dispositive motions. Granting the pending motion would allow for an additional eight months from the original deadline to complete discovery and an additional seven months to file dispositive motions, i.e., dispositive motions would be due more than two years after the case was removed to federal court.

The Court has "broad discretion in supervising the pretrial phase of litigation." *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). *See also Southern Union Co. v. Southwest Gas Corp.*, 180 F. Supp. 2d 1021, 1060 (D. Ariz. 2002). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). For purposes of this rule, "good cause" means the established deadlines cannot be met despite the party's diligence. *E.g.*, *Coleman*, 232 F.3d at 1294; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Failure to abide by a scheduling order "undermine[s] the court's ability to control its docket" and "disrupt[s] the agreed-upon course of litigation …." *Johnson*, 975 F.2d at 610.

Finding the Plaintiffs fail to show good cause for a further extension of the deadlines, and noting the parties were previously warned that the deadlines would not be extended, the Court will grant only a **limited** extension of the remaining deadlines in this matter.

**IT IS ORDERED that** the motion at ECF No. 141 is **granted only as provided herein**.

1. Plaintiffs shall have until **June 1, 2026**, to serve expert witness disclosure. Defendants shall have until **July 13, 2026**, to serve expert witness disclosure. The parties shall have until **August 14, 2026**, to serve any rebuttal expert witness disclosure. All expert witness depositions must be **completed** no later than **October 2, 2026**.

2. All fact discovery shall be **completed** no later than **June 1, 2026**.

3. The parties shall engage in settlement discussions no later than **August 14, 2026**.

4. The parties shall have until **November 16, 2026**, to file dispositive motions.

Dated this 31st day of March, 2026.

_____
Camille D. Bibles
United States Magistrate Judge

- 4 -